ZBS LAW, LLP
Nichole L. Glowin, Esq. (SBN 262932)
30 Corporate Park, Suite 450
Irvine, CA 92606
Telephone: (714) 848-7920
bankruptcy@zbslaw.com

Attorneys for Secured Creditor, ABUNDANT INVESTMENTS, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JEAN BARANOWSKI aka JEAN BARONESS BARANONSKI,<br><br>Debtor. | Case No.: 6:23-bk-13914-WJ<br><br>Chapter 13<br><br>**DECLARATION IN SUPPORT OF OPPOSITION TO DEBTOR'S MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY**<br><br>**HEARING:**<br>DATE:   September 6, 2023<br>TIME:   2:30 PM<br>PLACE:  3420 Twelfth Street<br>           Riverside, CA 92501<br>           ***Courtroom 304*** |

I, Melissa M. Bolling, declare as follows:

1.     I am, an authorized representative of Allied Servicing Corporation ("ASC") the current loan servicer Secured Creditor, ABUNDANT INVESTMENTS, LLC ("Secured Creditor"). I have been authorized by ASC and Secured Creditor to make this Declaration in support of the Opposition to Debtor's Motion for Order Imposing a Stay or Continuing the Automatic Stay ("Motion to Impose Stay").

2.     I am of sound mind, over 18 years old, and am competent to make this

1

**DECLARATION IN SUPPORT OF OPPOSITION TO DEBTOR'S MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY**

declaration. The following facts are, except where otherwise stated, true of my own personal knowledge or from my review of the business records of ASC and/or public records prior to making this Declaration to obtain that knowledge. If called upon to testify to the truth of the content of this Declaration, I could and would, competently do so.

3. I am, and, at all relevant times herein, have been, a President and Loan Servicing Manager for ASC. I have been employed in that capacity by ASC for the past 12years. As part of the regular and ordinary course of my job responsibilities at ASC, I am intimately familiar with the type of records created, taken and/or maintained by ASC in connection with the servicing of loans and the manner in which those records were created, taken and/or maintained, both as to those records in general and as they relate to the real estate secured loan to Debtor JEAN BARANOWSKI aka JEAN BARONESS BARANONSKI ("Debtor"), that is the subject of this action. I thus have personal knowledge of ASC's procedures for creating, taking and/or maintaining these records and with the loan-related services that ASC offers to its customers in particular. I serve as a custodian for these records.

4. The information in this affidavit is taken from ASC's business records which include data compilations, electronically imaged documents, logs, and notes, among other things ("Business Records"). These business records of ASC were either (a) made or taken at or near the time of the occurrence of the matters referenced in these records by persons employed by ASC who had a business duty to ASC to accurately and completely make and take those records, which were either based on their personal knowledge of the information in the business record, or from information transmitted to them by persons with that personal knowledge; (b) kept and maintained in the regular and ordinary course of ASC's regularly conducted business activities; and/or (c) it was the regular practice of ASC to make, take and/or maintain such records. ASC in fact relies on the accuracy and completeness of these records in conducting its business. I have personally reviewed each of the below referenced business records prior to making this Declaration.

5. ASC began servicing Debtor's junior loan in September 10, 2020.

6. The Business Records reflect that on or about October 10, 2006, Debtor executed

2

**DECLARATION IN SUPPORT OF OPPOSITION TO DEBTOR'S MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY**

a Home Equity Line of Credit Agreement in the principal sum of $129,000.00 (the "HELOC") which was made payable to Indymac Bank, FSB ("Lender"). The HELOC has a variable interest rate and lists a maturity date of November 15, 2026. A true and correct copy of the HELOC is attached hereto as **Exhibit 1**.

7. The Public and Business Records reflect that the performance of the HELOC is secured by a second position Deed of Trust (the "DOT") executed by the Debtor encumbering the real property commonly known as 107 Cachanilla Court, Palm Desert, CA 92260 (the "Property") recorded on October 20, 2006. A true and correct copy of the DOT is attached hereto as **Exhibit 2**. The HELOC and DOT are sometimes hereinafter collectively referred to as the "Loan."

8. The Public and Business Records reflect that on May 6, 2014, a Corporate Assignment of Deed of Trust was recorded providing constructive notice in title that the DOT was assigned to Deutsche Bank National Trust Company as Trustee of the IndyMac Residential Asset-Backed Trust Series 2004-LH1 ("Assignment"). A true and correct copy of the Assignment is attached hereto as **Exhibit 3**.

9. The Public and Business Records reflect that on December 11, 2019, a corrective Assignment of Deed of Trust was recorded providing constructive notice in title that the DOT was assigned to Deutsche Bank National Trust Company as Indenture Trustee of the IndyMac Home Equity Mortgage Loan Asset-Backed Trust Series 2007-H1 ("Deutsche Bank") (the "Corrective Assignment"). A true and correct copy of the Corrective Assignmetn is attached hereto as **Exhibit 4**.

10. The Public and Business Records reflect that on December 11, 2019, an Assignment of Deed of Trust was recorded providing constructive notice in title that the DOT was assigned to Aspen Properties Group, LLC as Trustee of AG3 Recoverable Trust ("Aspen") (the "Aspen Assignment"). A true and correct copy of the Aspen Assignment is attached hereto as **Exhibit 5**.

11. The Public and Business Records reflect that on February 2, 2021, a Corporate

3

**DECLARATION IN SUPPORT OF OPPOSITION TO DEBTOR'S MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY**

Assignment of Deed of Trust was recorded providing constructive notice in title that the DOT was assigned to Secured Creditor (the "Creditor Assignment"). A true and correct copy of the Creditor Assignment is attached hereto as **Exhibit 6**.

12.    From my review of the Business Records, I state that Secured Creditor is the current owner of the Loan and current holder of the HELOC.

13.    The Public and Business Records reflect that on January 9, 2023, when Debtor was at least $177,292.46 in arrears on the subject Loan, a Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded. Because Debtor did not cure the default, a Notice of Trustee's Sale ("NOTS") was recorded on April 11, 2023. True and correct copies of the NOD and NTS are attached hereto as **Exhibits 7 and 8**, respectively.

14.    The Public and Business Records reflect that on April 19, 2023, Debtor filed a Complaint in the Superior Court of California, County of Riverside, as Case No. CVPS2301882, against Secured Creditor and Secured Creditor's foreclosure trustee, ZBS Law, LLP ("ZBS"), alleging several causes of action geared at preventing foreclosure on the Property (the "Civil Action"). Additionally, on May 5, 2023, Debtor filed an Ex Parte Application for a Temporary Restraining Order in the Civil Action to stop Secured Creditor's foreclosure ("TRO"). At the initial hearing on the TRO, the Court continued the matter to give the parties time to discuss the matter and determine if a resolution was possible. Secured Creditor agreed to postpone the May 11, 2023 foreclosure sale to June 13, 2023 to give Debtor time to apply for loss mitigation options. Debtor never returned or completed the loss mitigation application or provided any of the required documents to be considered for potential loss mitigation options. Thereafter, on June 12, 2023, the Court entered an Order denying Debtor's request for a TRO based on a lack of sufficient evidence ("TRO Denial Order"). True and correct copies of the Complaint and the TRO Denial Order are attached hereto as **Exhibits 9 and 10**, respectively.

15.    From my review of the Business Records, I state that ASC nor AIL are currently

4

**DECLARATION IN SUPPORT OF OPPOSITION TO DEBTOR'S MOTION FOR ORDER IMPOSING A
STAY OR CONTINUING THE AUTOMATIC STAY**

in possession of a complete loan modification application submitted by Plaintiff.   Indeed, despite many requests for Plaintiff to submit a loss mitigation for review, Plaintiff refused to do so.

16.     The Public and Business records reflect that, on or about June 12, 2023, Debtor filed a bare bones petition under Chapter 13 of the Bankruptcy Code as Case Number 6:23-bk-12506-WJ ("First Bankruptcy Action").   Said case was dismissed on June 13, 2023, for Debtor's failure to obtain credit counseling prior to filing ("First BK Dismissal Order"). A true and correct copy of the docket for the First Bankruptcy Action and the First BK Dismissal Order are attached hereto as **Exhibit 11**, collectively.

17.     The Public and Business records reflect that due to the filing of the First Bankruptcy Action, Secured Creditor's foreclosure sale was postponed to July 13, 2023. One day prior to the scheduled sale, on July 12, 2023, Debtor filed a second face sheet petition under Chapter 13 of the Bankruptcy Code as Case Number 6:23-bk-13045-WJ ("Second Bankruptcy Action"). A true and correct copy of the docket for the Second Bankruptcy Action is attached hereto as **Exhibit 12**.

18.     The Public and Business records reflect that on July 12, 2023, Debtor filed a second Ex Parte Application for a Temporary Restraining Order in the Civil Action ("2nd TRO"). On July 14, 2023, the Court in the Civil Action entered an order denying the 2nd TRO because 1) Secured Creditor was forced to postpone its foreclosure due to the filing of the Second Bankruptcy Action and 2) the Court indicated that Debtor's arguments had not changed from the initial TRO and that no cause existed to grant the 2nd TRO ("2nd TRO Denial Order"). A true and correct copy of the 2nd TRO and 2nd TRO Denial Order are attached hereto as **Exhibit 13**, collectively.

19.     The Public and Business records reflect that the Second Bankruptcy Action was filed without multiple required and supporting documents. The clerk issued a deficiency notice on July 12, 2023 informing the Debtor that the balance of case initiation documents were due by July 26, 2023 [See **Exhibit 12** at Docket #1-1]. Additionally, the clerk's office also issued a 72-hour deficiency notice because the Debtor failed to file a statement of social security number or

**DECLARATION IN SUPPORT OF OPPOSITION TO DEBTOR'S MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY**

upload the creditors matrix. The clerk of the Court instructed the debtor to cure this deficiency by July 17, 2023 [See **Exhibit 12** at Docket #3]. The Debtor did not file a social security statement with a holographic signature by the deadline. Therefore, on July 24, 2023, the clerk of the Court entered an order dismissing the Second Bankruptcy Action for failure to file documents ("Second BK Dismissal Order"). A true and correct copy of the Second BK Dismissal Order is attached hereto as **Exhibit 14**.

20.    The Public and Business records reflect that Debtor filed a series of pleadings attempting to vacate the dismissal and to reinstate the Second Bankruptcy Action (collectively hereinafter referred to as the "Motion to Vacate") (See **Exhibit 12** at Docket Nos. 24, 25, 29, 30, 32, 33, 35 & 37).  On August 16, 2023, the Court issued a memorandum of decision ("Memo") and order ("Order Denying Motion to Vacate") denying the Motion to Vacate on several grounds. True and correct copies of the Memo and the Order Denying Motion to Vacate are attached hereto as **Exhibit 15**, collectively.

21.    The Public and Business records reflect that while Debtor's Motion to Vacate the dismissal of the Second Bankruptcy Action was pending, on August 14, 2023, Debtor filed a third face-sheet bankruptcy petition as Case Number 6:23-bk-13624-WJ ("Third Bankruptcy Action"). A true and correct copy of the docket for the Third Bankruptcy Action is attached hereto as **Exhibit 16**.

22.    The Public and Business records reflect that the Third Bankruptcy Action was filed without several integral documents and the clerk issued a deficiency notice on August 15, 2023 informing the Debtor that the balance of case initiation documents were due by August 28, 2023 [See **Exhibit 16** at Docket #1 & #9]. Additionally, the clerk's office also issued a 72-hour deficiency notice because the Debtor failed to upload the creditors matrix. The clerk of the Court instructed the debtor to cure this deficiency by August 18, 2023 [See **Exhibit 16** at Docket #10]. The Debtor did not file a correct creditors matrix timely. Therefore, on August 21, 2023, the clerk of the Court entered an order dismissing the Third Bankruptcy Action for failure to file documents ("Third BK Dismissal Order"). A true and correct copy of the Third BK Dismissal Order is attached hereto as **Exhibit 17**.

6

**DECLARATION IN SUPPORT OF OPPOSITION TO DEBTOR'S MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY**

23.     The Public and Business records reflect that following the entry of the Third BK Dismissal Order, Debtor filed a series of pleadings attempting to vacate the dismissal and to reinstate the bankruptcy case (collectively hereinafter referred to as the "2nd Motion to Vacate") (See **Exhibit 16** at Docket Nos. 22, 23, 25 & 26). On September 1, 2023, the Court issued a memorandum of decision ("2nd Memo") and order ("Order Denying 2nd Motion to Vacate") denying the 2nd Motion to Vacate because 1) Debtor had not properly served the various Motion to Vacate pleadings; 2) Debtor had not provided grounds to support the extraordinary remedy to vacate the dismissal and 3) Debtor had already filed a new and third bankruptcy proceeding. True and correct copies of the 2nd Memo and the Order Denying 2nd Motion to Vacate are attached hereto as **Exhibit 18**, collectively.

24.     The Public and Business records reflect that prior to the denial of the 2nd Motion to Vacate, Debtor filed schedules in the Third Bankruptcy Action. The schedules reflected that 1) the Property is valued at $975,000.00 (Schedule A); 2) that she owns a 2001 BMW (Schedule A); 3) that the Property is encumbered by a $570,000.00 first position lien in favor of PHH ("PHH Lien") and Creditor's Deed of Trust (Schedule D); 4) that Debtor owes $35,000.00 to the Franchise Tax Board and $80,250.00 to the IRS (Schedules E/F); 5) that Debtor earns $6,587.00 monthly from her job, social security and rental income generated by the Property (Schedule I) and 6) that Debtor has $1,707.00 in disposable monthly income to fund a Plan (Schedule J). True and correct copies of the Schedules A, D, E/F, I & J filed in the Third Bankruptcy Action are attached hereto as **Exhibit 19**, collectively.

25.     The Public and Business records reflect that while Debtor's 2nd Motion to Vacate the dismissal of the Third Bankruptcy Action was pending, and to further forestall foreclosure, on August 30, 2023, Debtor filed her fourth and instant bankruptcy petition as Case Number 6:23-bk-13914-WJ ("Fourth Bankruptcy Action"). A true and correct copy of the docket for the Fourth Bankruptcy Action is attached hereto as **Exhibit 20**.

26.     The Public and Business records reflect that Debtor's Schedules filed in the Fourth Bankruptcy Action evidence the following 1) that the Property is valued at $975,000.00 (Schedule A); 2) that she owns a 2001 BMW (Schedule A); 3) that the Property is encumbered

**DECLARATION IN SUPPORT OF OPPOSITION TO DEBTOR'S MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY**

EXHIBIT 1

| JEAN BARANOWSKI | INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK |
|---|---|
| *Certified True and Correct Copy* 6/21/2023 | AIRPORT CORP CTR AT CENTRELAKE, 3300 E GUASTI ONTARIO, CA 91764 |
| | **Lender's Name and Address** "We," "us" or "our" means the lender named above. |
| **Address** 107 CACHANILLA COURT PALM DESERT, CA 92260 | No.   Loan No: _____ Date   October 10, 2006 Credit Limit $  129,000.00 Draw Period   120 MONTHS Repayment Period   120 MONTHS Maturity Date: November 15, 2026 |
| **Borrower's Name and Address** "You" or "your" means each borrower above, jointly and severally. | |

## HOME EQUITY LINE OF CREDIT

1. **GENERALLY:** This agreement (the "Agreement") sets out the terms and conditions of your home equity line of credit (the "Line of Credit" or the "Line of Credit Account"). Many of the terms we use in this Agreement have special meanings:
   - The "Line of Credit Account Balance" is the sum of the unpaid principal of loans made under your Line of Credit, plus unpaid but earned finance charges, plus any costs, expenses, and fees that are due.
   - The "Credit Limit" is the maximum amount of principal we ordinarily will allow you to owe us under your Line of Credit at any time.
   - The "Billing Cycle" means the period of time normally covered by monthly periodic statements and includes such period of time even when a statement is not sent because there is no balance on your Line of Credit Account for that period.
   - An "Equity Card" is any credit card we issue to allow you to obtain advances on your Line of Credit.
   - The "Draw Period" is the period during which you may request advances on your Line of Credit.
   - The "Repayment Period" is the period during which you must repay your Line of Credit Account Balance and may not request further advances.

   If any term of this Agreement violates any law or for some other reason is not enforceable, the term will not be part of this Agreement.

2. **PROMISE TO PAY:** You promise to pay to us, or our order, the total principal of all loans made under your Line of Credit, together with all finance charges, costs, expenses, and fees for which you are responsible under this Agreement. If there is more than one of you, each is jointly and severally liable on this Agreement. This means that we can require any one of you to pay all amounts due under this Agreement, including loans made to any of you, even if in excess of the authorized Credit Limit. Each of you authorizes any other Borrower, on his or her request alone, to cancel the Line of Credit, request and receive advances of principal under your Line of Credit, and to do all actions in connection with the terms of this Agreement. We can release any of you from responsibility under this Agreement, and the others will remain fully responsible hereunder.

3. **TAX DEDUCTIBILITY:** You understand that we (including our employees and representatives) do not make any representations or warranties to you about the tax consequences -- including the deductibility of interest or fees -- of you establishing or using this Line of Credit, and we will not be liable if interest or fees are not deductible. You should consult a tax advisor regarding the deductibility of interest and charges under your Line of Credit.

4. **REQUESTING A LOAN:** During the Draw Period, you may request a loan under your Line of Credit by the following methods:
   - You write a special check that we have given you for this purpose (the "Equity Check").
   - You use an Equity Card for purchase transactions or cash advances.
   - You authorize us to pay a designated third person or account.

   You may not obtain advances under the Line of Credit until any rescission period provided by federal law has expired and we are reasonably satisfied that none of the persons entitled to rescind had rescinded this Agreement and the Line of Credit.

Indymac Bank
Multistate HELOC Agreement - I/O Min Pay
8480282  (0603)
Page 1 of 9
VMP Mortgage Solutions, Inc.
1064
03/06

Loan No:

When you request a loan, we will advance exactly the amount you request. The smallest amount we will advance to you when you use an Equity Check is $_____250.00_____ (the "Minimum Advance"). We will make the advance by depositing the amount in your transaction account, by advancing the money directly to you, or by paying a designated third person or account, depending on how we agree to make the advance. We will record the amount as a loan in your Line of Credit Account.

If you request a loan by writing an Equity Check for less than the Minimum Advance, we may, at our option, grant the request. However, granting the request does not mean we will be required to grant requests for less than the Minimum Advance in the future. We always have the option to deny any such request.

By signing below, each of you requests that we issue each of you an Equity Card. Your use of this Equity Card at automated teller machines is subject to our rules relating to automated teller machine transactions.

We will not ordinarily grant any request for a loan that would cause the unpaid principal balance of your Line of Credit Account to be greater than the Credit Limit listed in this Agreement. We may, at our option, grant such a request without obligating ourselves to do so in the future.

Loans under your Line of Credit may be for any lawful purpose, except that you may not use such loans to pay amounts due on your Line of Credit Account. You will notify us immediately in the event any of your Equity Checks or any of your Equity Cards are lost or stolen.

5.       **HOW PERIODIC FINANCE CHARGES ARE COMPUTED:** Finance charges begin to accrue immediately when we make a loan to you. To figure the finance charge for a Billing Cycle, we apply a daily periodic rate of finance charge to the "average daily balance" of your Line of Credit Account for the Billing Cycle. We then multiply that figure by the number of days in the Billing Cycle. The average daily balance is computed as follows. First we take your Line of Credit Account Balance at the beginning of each day and subtract any unpaid finance charges that are due. Next, we subtract the portion of any payments or credits received that day that apply to the repayment of your loans. (A portion of each payment you make is applied to finance charges.) Then we add any new loans made that day. This gives us the daily balance. Then we add up all the daily balances for the Billing Cycle and divide the total by the number of days in the Billing Cycle. This gives us the "average daily balance."

Until the end of the ___1st___ Billing Cycle after the date of this Agreement (the "Initial Rate Period"), the daily periodic rate of **FINANCE CHARGE** is ___0.013671___ % which corresponds to an **ANNUAL PERCENTAGE RATE** of ___4.990___ %. The annual percentage rate corresponding to the periodic rate includes interest and not other costs.

The periodic rate and corresponding annual percentage rate described above are the initial rates assessed under this Line of Credit, and are not based on the formula used for later rate adjustments. Had these rates been based on that formula, the daily periodic rate of **FINANCE CHARGE** would have been ___0.034247___ %, which corresponds to an **ANNUAL PERCENTAGE RATE** of ___12.500___ %. At the end of the Initial Rate Period specified above, the rates will be subject to further adjustments and limitations, as described below under the heading **Variable Rate**.

6.       **VARIABLE RATE:** The "annual percentage rate" referred to in this section is the annual rate that corresponds to the periodic rate applied to the balance as described above. The annual percentage rate may change, and will be ___four and 250/1000ths_____ percentage points ( ___4.250___ ) above the following "base rate:" the highest base rate on corporate loans posted at large U.S. money center commercial banks as published in the Money Rates table of The Wall Street Journal as the Prime Rate. The annual percentage rate may increase if this "base rate" increases. An increase will take effect on the first day of the Billing Cycle. An increase will result in an increase in the finance charge and it may have the effect of increasing your periodic minimum payment. The annual percentage rate will not increase more often than once a month. A decrease will have the opposite effect of an increase described above.

If the base rate changes more frequently than the annual percentage rate, we will always use the base rate in effect on the day we adjust the annual percentage rate to determine the new annual percentage rate. In such a case, we will ignore any changes in the base rate that occur between annual percentage rate adjustments.

This corresponding **ANNUAL PERCENTAGE RATE** will never exceed 18%, and will never exceed the highest allowable rate for this type of Agreement as determined by applicable state or federal law.

**See the Fee Schedule attached hereto and made a part hereof for additional finance charges and other charges on your Line of Credit.**

7.       **MONTHLY PAYMENTS:** We will send you a periodic statement for each Billing Cycle in which there is a balance owing under your Line of Credit, or a credit balance, or a finance charge is imposed. The periodic statement will show, among other things, the amount of the minimum monthly payment (the "Minimum Payment") and the date by which it is due. You must pay us at least the Minimum Payment indicated on the periodic statement by the date indicated on the statement.

During the **Draw Period,** the Minimum Payment is the amount, if any, by which your outstanding principal loan balance exceeds your Credit Limit, plus the greater of: (a) $100.00; or (b) the amount of accrued but unpaid finance charges, late charges, and any other charges authorized by this Agreement, including, without limitation, any expenses or advances incurred by us under the Security Instrument, as described below under the heading **Security.** During the Draw Period the minimum payment may not fully repay the principal that is outstanding on your Line of Credit.

During the **Repayment Period,** the Minimum Payment is the amount, if any, by which your outstanding principal loan balance exceeds your Credit Limit, plus: (a) the amount of accrued but unpaid finance charges, late charges, and any other charges authorized by this Agreement, including, without limitation, any expenses or advances incurred by us under the Security Instrument; and (b) _____.8333_____ % of the principal balance outstanding on the last day of the Draw Period.

If your Minimum Payment includes any other items authorized by this Agreement, we will so advise you, and the periodic statement will include an itemization of such amounts.

You must send all payments to our attention at the address indicated on the periodic statement.

**FINAL PAYMENT:** On the maturity date listed in this Agreement, you must pay the amount of any remaining Line of Credit Account Balance outstanding. The minimum payments may not be sufficient to fully repay the principal that is outstanding on your Line of Credit. If they are not, you will be required to pay the entire outstanding balance in a single balloon payment.

We are not obligated to refinance your loan at that time, but will consider your request to do so. If you refinance this account at maturity, you may have to pay some or all of the closing costs normally associated with a new loan even if you obtain financing from us.

8.       **ADDITIONAL REPAYMENT TERMS:** If your Line of Credit Account Balance on a payment date is less than the amount of the Minimum Payment, your minimum monthly payment will equal the Line of Credit Account Balance.

You can pay off all or part of what you owe at any time. However, so long as you owe any amount you must continue to make your periodic Minimum Payment.

The amounts you pay will be applied first to any fees and charges you owe other than principal and finance charges, then to any finance charges that are due, and finally to principal.

9.       **SECURITY:** We have secured your obligations under this plan by taking a security interest (by way of a separate security agreement, mortgage, deed of trust, or other instrument (the "Security Instrument") dated _October 10, 2006_ , in the following property, described by item or type (the "Property"):
_107 CACHANILLA COURT, PALM DESERT, CA 92260_

Property securing any other loans that you have with us may also secure this Agreement. You may buy property insurance from anyone you want who is acceptable to us.

**Florida:** The state documentary tax due on this Agreement has been paid on the mortgage securing this indebtedness. You agree to pay additional taxes or other changes to the extent such amounts may be imposed by third parties or government authorities in connection with any event of borrowing under this Line of Credit.

You consent to a continuing writ of garnishment effective with respect to any money, salary, or wages as may be owed to us to the fullest extent permitted by law. This consent is given pursuant to Florida Statutes Section 222.11(2).

**Maryland Recordation Tax:**  If the entire principal amount of the Line of Credit is not disbursed by us to you upon the execution of this Agreement, you may, at your option, pay Maryland recordation tax on the entire principal amount of the Line of Credit at the time of closing, or you may pay Maryland recordation tax at the time of making of the initial and each future advance from us to you.  If you pay the Maryland recordation tax on the entire principal amount of the Line of Credit at the time of closing, your total tax liability will be satisfied, regardless of the amount of any future advances that may subsequently be made by us to you.  If, however, you elect to pay the required Maryland recordation tax as advances are made, you have seven (7) days to file with the clerk of the court where the security instrument is recorded a verified statement of the amount of the additional debt incurred as each advance is made, and you must pay the applicable Maryland recordation tax on that additional debt, or you may be penalized by a fine of up to $500.00 or imprisonment of up 6 months for failing to do so as provided in § 14-1012 of the Tax Property Article of the Annotated Code of Maryland.

**North Carolina:**  This is an equity line of credit Agreement as defined in Section 45-81 of the North Carolina General Statutes.  In accordance with the NCGS Section 75-30, you agree to accept all telephone calls made by us through the use of automatic dialing machines.

**Washington:**  If this Agreement is signed by husband or wife, or by two or more unmarried individuals, each irrevocably authorizes us to charge the amount of any Equity Check signed by any one of you against the Line of Credit Account and consents to the use of Property identified in the Security Instrument as security for repayment of all such charges.

10.  **CHANGING TERMS OF THIS AGREEMENT:**  Generally, we may not change the terms of this Agreement. However, we may change the terms in the following circumstances:

- If this is a variable rate plan, we may change the index and margin if the original index described in this agreement becomes unavailable. Any new index will have a historical movement similar to the original, and, together with a new margin, will produce a similar interest rate.
- We may make changes that you have agreed to in writing.
- We may make changes that unequivocally benefit you.
- We may make changes to insignificant terms of this Agreement.
- If we are required to send notice of a change in terms, we will send the notice to your address listed in this Agreement. (You should inform us of any change in address.)

11.  **YOUR RIGHT TO TERMINATE YOUR RIGHT TO OBTAIN LOANS:**

**A.  Termination.**  You may terminate your right to obtain loans by sending us a written notice that will become effective upon receipt by us. If more than one person signs this Agreement as Borrower, your right to obtain loans may be terminated by written notice pursuant to this paragraph signed by any one or more of such persons. We may also suspend your right to obtain loans pursuant to paragraph fourteen (14) below. You must notify the servicer at the following address or at a different address as required by servicer of your intent to terminate.

P.O. Box 3038, Evansville, IN 47730

**B.  Effect of Termination.**  Upon termination of your Line of Credit Account, you must continue to pay the minimum payment due on or before each payment due date until all amounts owed under this Agreement are paid in full. However, you may be required to repay all obligations immediately if we exercise our rights under paragraph thirteen (13) below.  You must return unused Equity Checks upon termination.  You may be required to pay an account termination fee pursuant to the Fee Schedule attached hereto and made a part hereof.

12.  **COSTS OF COLLECTION:**  You agree to pay all our costs, including reasonable attorneys' fees, that we incur in legal proceedings to collect or enforce this debt should you be in default.

**Alabama:**  You agree to pay our reasonable and actual attorneys' fees, incurred as a result of your default if the unpaid balance at the time of default exceeds $300.

**Arkansas:**  You agree to pay our reasonable and actual attorneys' fees, not to exceed 10% of the amount of principal and accrued interest, if you are in default.

**California:**  You agree to pay costs actually incurred for recording, mailing, publishing, and posting legally required notices, costs of postponement, not to exceed $50, litigation or trustee sale fees, and attorneys' fees allowed by law.

**Colorado, Missouri, New York, North Carolina, Oklahoma, South Carolina:** You agree to pay our reasonable attorneys' fees not in excess of 15% of the unpaid debt after default and referral to an attorney who is not our salaried employee, together with any assessed court costs and legal expenses, to the extent permitted by applicable law.

**Louisiana:** You agree to pay our costs of collection and reasonable attorneys' fees not in excess of twenty-five (25) percent of the unpaid debt after default and referral to an attorney for collection.

**Maine:** You will pay all costs, including reasonable attorneys' fees and legal costs, incurred by us in attempting to collect, or collecting, what is owed from any real estate that secures this Agreement. You will pay all costs except attorneys' fees incurred by us in attempting to collect, or collecting, any amounts owed from personal property securing this Agreement.

**New Hampshire:** You agree to pay all our costs, including reasonable attorneys' fees that we incur in legal proceedings to collect or enforce this debt should you be in default. If you successfully assert a partial defense or set off, or recoupment or counterclaim, the court may reduce the amount of attorneys' fees we may recover from you. If you prevail in any action or defense against us, you may recover the amount of reasonable attorneys' fees from us.

**Wisconsin:** If you default, you agree to pay our statutory fees and charges and statutory attorneys' fees when and to the extent authorized by the Wisconsin Consumer Act. Fees and charges include, but are not limited to, the disposition of any Property under Wis. Stat. Ann. §422.413, as amended.

13. **TERMINATION OF LINE FOR CERTAIN DEFAULTS:** We may terminate your Line of Credit Account, require you to pay the entire outstanding balance in one payment, and charge you a termination fee (if provided for in this Agreement) and fees related to the collection of the amount owing, if:

    (1) You engage in fraud or material misrepresentation in connection with your Line of Credit;

    (2) You fail to make a payment as required by this Agreement; or

    (3) Your action or inaction adversely affects the collateral or our rights in the collateral.

In that instance, we may take other action short of termination, such as charging you a fee if you fail to maintain required property insurance and we purchase insurance. In the District of Columbia, the remedy of acceleration is subject to the provisions of D.C. Code Ann. §28-3312(5).

Even if we choose not to use one of our remedies when you default, we do not forfeit our right to do so if you default again. If we do not use a remedy when you default, we can still consider your actions as a default in the future.

In North Dakota, if permitted by applicable law, this obligation may be the basis for a personal action against the promisor or promisors in addition to other remedies allowed by law.

14. **SUSPENSION OF CREDIT AND REDUCTION OF CREDIT LIMIT:** We may prohibit you from obtaining additional extensions of credit, or reduce your Credit Limit if:

    (1) The value of the dwelling securing this home equity Line of Credit declines significantly below its appraised value for purposes of this Line of Credit;

    (2) We reasonably believe you will not be able to meet the repayment requirements due to a change in your financial circumstances;

    (3) Your payment history on this home equity Line of Credit is not satisfactory;

    (4) You are in default of an obligation of this Agreement or any agreement securing this Agreement, which shall include, but is not limited to, your ongoing obligation to supply us with information we feel we need to assess your financial condition;

    (5) A governmental action prevents us from imposing the annual percentage rate provided for in this Agreement;

    (6) The action of a governmental body adversely affects our security interest to the extent that the value of the security interest is less than 120% of the home equity Line of Credit;

    (7) The annual percentage rate corresponding to the periodic rate reaches the maximum rate allowed under this Line of Credit (if provided for in this Agreement); or

    (8) A regulatory agency has notified us that continued advances would constitute an unsafe and unsound practice.

In the event that we suspend your right to additional advances or reduce your Credit Limit, we will send you notice of our decision at the address listed in this Agreement. (You should inform us of any change in your address.) If we have based our decision to suspend or reduce your credit privileges on an assessment of your financial condition or performance under your Line of Credit, and you believe that your situation has changed, you must request that we re-evaluate your situation, and reinstate your credit privileges.

Loan No:

15. **WAIVERS AND CONSENT:** To the extent not prohibited by law and subject to any required notice and opportunity to cure a default for failure to make a required payment, you waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

**Wisconsin:** In addition, subject to Wis. Stat. Ann. § 422.407, as amended, you will not assert any claims or defenses arising out of your Line of Credit against any person to whom we assign our rights under the Line of Credit (the assignee) if the assignee is unrelated to us, acquires the Line of Credit in good faith and for value, gives you a notice of the assignment, and has not received notice from you of your claims or defense within 12 months after the assignee mailed you the notice of assignment.

To the extent permitted by applicable law, you waive your right to the benefit of exemption as to your Property securing, or to secure, this Agreement. If required by law, we will provide you with separate written statement regarding the waiver of your right of exemption. In Indiana, you hereby waive any rights to relief from valuation and appraisement laws.

16. **REPRESENTATIONS AND WARRANTIES:** You represent and warrant to us that the information contained in the loan application, in each material respect, was true at the time the loan application was completed.

You represent and warrant to us that the terms of any existing Security Instrument on the Property permit us to enter into this Agreement and that the loans secured by such existing deed of trust or mortgage are current in all material respects and are not in default.

17. **LOAN CHARGES:** If your Line of Credit Account is subject to a law that sets maximum loan charges, and that law is finally interpreted so that the interest or other charges collected, or to be collected, in connection with your Line of Credit Account exceeds the permitted limits, then: (a) any such charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from you that exceeded permitted limits will be refunded to you. We will refund such excess either by reducing the principal owed under your Line of Credit Account or by making a direct payment to you. If we apply the excess toward reducing the principal balance, such reduction shall be treated as a partial prepayment hereunder.

18. **APPLICABLE LAW:** Federal law applies to certain aspects of this Agreement, including, but not limited to, the interest rate and related charges. The law of the state where you and the Property are located will apply to the extent legally required. If any term of this Agreement violates any law or for some reason is not enforceable, or becomes unenforceable, that term will not be part of this Agreement.

If the Lender listed on page one of this Agreement is not IndyMac Bank, F.S.B., the following provisions apply to this Agreement: This is to inform you that your loan is an alternative mortgage loan within the definition of the Federal Alternative Mortgage Transactions Parity Act of 1982 (the "Parity Act") (12 U.S.C. §§ 3801 et seq.) and the implementing regulations adopted by the Office of Thrift Supervision ("OTS") (12 C.F.R. §§ 560.220, referencing, 560.33, 560.34, 560.35 and 560.210). Your loan will be made by us in accordance with the Parity Act requirements of the OTS rather than the provisions of state law. In this regard, pursuant to the authority granted by the Parity Act and the OTS Parity Act regulations, certain state laws will not apply to this loan.

19. **CREDIT INFORMATION:** You agree to supply us with whatever information we reasonably feel we need to decide whether to continue this Line of Credit. We agree to make requests for this information without undue frequency, and to give you reasonable time in which to supply the information.

You authorize us to make or have made any credit inquiries we feel are necessary. You also authorize the person or agencies to whom we make these inquiries to supply us with the information we request.

As required by California law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Loan No:

## ADDITIONAL TERMS

### YOUR BILLING RIGHTS -- KEEP THIS NOTICE FOR FUTURE USE
This notice contains important information about your rights and our
responsibilities under the Fair Credit Billing Act.

*Notify Us In Case of Errors or Questions About Your Bill*

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at the address listed on your bill. Write to us as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:

- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

If you have authorized us to pay your bill automatically from your savings, checking, share draft or other account, you can stop the payment on any amount you think is wrong. To stop the payment your letter must reach us three business days before the automatic payment is scheduled to occur.

*Your Rights and Our Responsibilities*
*After We Receive Your Written Notice*

We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your credit limit. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charges related to any questioned amount. If we didn't make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within ten days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is.

If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.

*Special Rule for Credit Card Purchases*

If you have a problem with the quality of property or services that you purchased with a credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the property or the services. There are two limitations on this right:

(a) You must have made the purchase in your home state or, if not within your home state, within 100 miles of your current mailing address; and
(b) The purchase price must have been more than $50.

These limitations do not apply if we own or operate the merchant, or if we mailed you the advertisement for the property or services.

Indymac Bank
Multistate HELOC Agreement - I/O Min Pay
8480282  (0603)                              Page 7 of 9                                              I064
                                                                                                      03/06

DEFAULT IN THE PAYMENT OF THIS LOAN AGREEEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE NOTICE SPECIFYING THE CIRCUMSTANCES AND TIME UNDER WHICH YOU CAN EXERCISE THIS RIGHT.

**Utah:** THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS.

**Missouri:** ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER) AND US (LENDER) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

**Iowa:** IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT. YOU ARE ENTITLED TO A COPY OF THIS AGREEMENT. YOU MAY REPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY, AND IF THIS IS A CONSUMER CREDIT TRANSACTION YOU MAY BE ENTITLED TO RECEIVE A REFUND OF UNEARNED CHARGES IN ACCORDANCE WITH LAW.

**Washington:** PLEASE BE ADVISED THAT ORAL AGREEMENTS OR ORAL COMMUNICATIONS TO LOAN MONEY, EXTEND CREDIT, OR FOREBEAR FROM ENFORCING REPAYMENT OF THE DEBT ARE UNENFORCEABLE UNDER WASHINGTON LAW.

NOTICE TO CO-SIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

YOU SHOULD CHECK WITH YOUR LEGAL ADVISOR AND WITH OTHER MORTGAGE LIEN HOLDERS AS TO WHETHER ANY PRIOR LIENS CONTAIN ACCELERATION CLAUSES WHICH WOULD BE ACTIVATED BY A JUNIOR ENCUMBRANCE.

20.     **SIGNATURES:** By signing below, you agree to the terms of this Agreement and you promise to pay any amounts you owe under this Agreement. You also state that you received a completed copy of this Agreement on today's date.

CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

| _*Jean Baranowski*_ (Seal) | _____ (Seal) |
|---|---|
| JEAN BARANOWSKI    -Borrower | -Borrower |
| _____ (Seal) | _____ (Seal) |
| -Borrower | -Borrower |
| _____ (Seal) | _____ (Seal) |
| -Borrower | -Borrower |

Loan No:

## FEE SCHEDULE

You agree to pay the following additional charges in connection with your Line of Credit:

1. **ADDITIONAL FINANCE CHARGES:  You agree to pay the following additional FINANCE CHARGES:**

| | |
|---|---|
| Application Fee | $ 0.00 |
| Broker Fee | $ 0.00 |
| Closing Agent Fee | $ 800.00 |
| Flood Certification Fee | $ 12.00 |
| Lender Fees | $ 125.00 |
| Origination Fee | $ 500.00 |
| Points | $ 0.00 |
| Processing Fee | $ 0.00 |
| Tax Service Fee | $ 0.00 |
| (Other) _____ Other Fees | $ 100.00 |

2. **OTHER CHARGES:  You agree to pay the following additional charges:**

| | |
|---|---|
| • Appraisal Fee | $ 350.00 |
| • Check Re-order Fee | $ 5.00 |
| • Credit Report Fee | $ 0.00 |
| • Documentation Fee | $ 0.00 |
| • Recording/Filing Fee | $ 75.00 |
| • Title Insurance Fee | $ 0.00 |
| • Title Search Fee | $ 0.00 |
| • (Misc.) _____ | $ 0.00 |

- An annual charge of $75.00.
- A termination fee of $500.00 if terminated within the first three years (not applicable in NC, NJ, NY or SC, lesser of 2% of the line amount or $500 for NM). The fee will not be charged if the account remained unused (meaning that no funds were ever drawn against the credit line other than for closing costs at the time of origination and/or for other fees outlined on the Fee Schedule included herein) for the entire period from loan closing to the date of payoff.
- A late charge on any payment not paid within 15 days of the payment date of 5% of the payment.
- A charge of $10.00 for any advance made by special check in an amount less than the Minimum Advance (not applicable in New York).
- A charge of $10.00 per credit transaction that is in excess of your Credit Limit.
- A fee of $25.00 for each check, negotiable order of withdrawal or draft you issue in connection with this loan that is returned because it has been dishonored.
- A fee of $10.00 to stop payment.

Other charges will be assessed in accordance with the terms of the Line of Credit Agreement.

This Fee Schedule supplements the Line of Credit Agreement and is incorporated therein. Nothing contained in this Fee Schedule shall be deemed to impair in any way your obligations under the Line of Credit Agreement, the related security agreement, mortgage, or deed of trust, or any other document executed by you concerning the indebtedness evidenced by the Line of Credit Agreement.

| | | | |
|---|---|---|---|
| _Jean Baranowski_ | (Seal) | ~~Pay To The Order Of~~ | (Seal) |
| JEAN BARANOWSKI | -Borrower | Without Recourse | -Borrower |
| | | IndyMac Bank, F.S.B. | |
| _____ | (Seal) | By: | (Seal) |
| | -Borrower | _Kathie Moran_ | -Borrower |
| | | Kathie Moran | |
| _____ | (Seal) | ~~Vice President~~ | (Seal) |
| | -Borrower | | -Borrower |

Indymac Bank
Multistate HELOC Agreement - I/O Min Pay
8480282  (0603)

Page 9 of 9

1064
03/06

## ALLONGE TO THE NOTE

Loan Number:
Document Reference #
Borrower:            JEAN BARANOWSKI
Date of Note:        10/10/2006
Loan Amount:         $129,000.00
Property Address:    107 CACHANILLA COURT, PALM DESERT, CA, 92260

For Value received, I hereby transfer, endorse and assign the within Note.

Pay to the order of:

_____, Without recourse

DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE OF THE INDYMAC HOME
EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2007-H1 by Attorney-In-Fact PNPMS Trust I
by CAM Ventures Holdings LLC as Administrator

By: _____

Name:    IVAN HALPERN
Title:   VICE PRESIDENT

## ALLONGE TO THE NOTE

Loan Number:
Document Reference #:
Borrower:              JEAN BARANOWSKI
Date of Note:          10/10/2006
Loan Amount:           $129,000.00
Property Address:      107 CACHANILLA COURT, PALM DESERT, CA, 92260

For Value received, I hereby transfer, endorse and assign the within Note.

Pay to the order of:

**ABUNDANT INVESTMENTS LLC**, Without recourse

**Aspen Properties Group, LLC as Trustee of AG3 Revocable Trust**

By: _____
Name:      BRITTANY MCCANDLESS
Title:      VICE PRESIDENT

EXHIBIT 2

DOC # 2006-0774014
10/20/2006 08:00A Fee:24.00
Page 1 of 7
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

RECORDING REQUESTED BY:

FIRST AMERICAN TITLE COMPANY

WHEN RECORDED MAIL DOCUMENT TO:
INDYMAC BANK
C/O DOCUMENT MANAGEMENT
901 E. 104TH SUITE 400/500
KANSAS CITY, MO.64131

2551175-12

TRA:
APN624-400-025
DTT:

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|------|------|------|-----|------|
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |

24

T
035

DEED OF TRUST

# THIS AREA
# FOR
# RECORDER'S
# USE ONLY

Loan No:

This document was prepared by SUSAN YOUSSEF

AIRPORT CORP CTR AT CENTRELAKE, 3300 E GUASTI, ONTARIO, CA 91764

Please return this document after recording to:

INDYMAC BANK, F.S.B., C/O DOCUMENT
MANAGEMENT
BLDG B, 901 E 104TH ST, SUITE 400/500

KANSAS CITY, MO 64131

—————— State of California —————— —————— Space Above This Line For Recording Data ——————

## DEED OF TRUST
(With Future Advance Clause)

1. **DATE AND PARTIES.** The date of this Deed of Trust (Security Instrument) is ............ October 10, 2006
and the parties, their addresses and tax identification numbers, if required, are as follows:
TRUSTOR:    JEAN BARANOWSKI A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY


107 CACHANILLA, PALM DESERT, CA 92260

☐ If checked, refer to the attached Addendum incorporated herein, for additional Trustors, their signatures and
acknowledgments.

TRUSTEE: FIRST AMERICAN TITLE INSURANCE CO.
3625 FOURTEENTH STREET, RIVERSIDE, CA 92501


LENDER: INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK

155 NORTH LAKE AVENUE, PASADENA, CA 91101


2. **CONVEYANCE.** For good and valuable consideration, the receipt and sufficiency of which is acknowledged, and to
secure the Secured Debt (defined below) and Trustor's performance under this Security Instrument, Trustor irrevocably
grants, conveys and sells to Trustee, in trust for the benefit of Lender, with power of sale, the following described
property:
LOT 25 OF TRACT 28590-1, IN THE CITY OF PALM DESERT, COUNTY OF RIVERSIDE, STATE
OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 297, PAGES 13 THROUGH 15, INCLUSIVE,
OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

The property is located in .................... RIVERSIDE .................... at 107 CACHANILLA COURT ........

(County)

.................... PALM DESERT .................... , California  92260 ....

(Address)                          (City)                          (ZIP Code)

Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian
rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and replacements that may
now, or at any time in the future, be part of the real estate described above (all referred to as "Property").

3. **MAXIMUM OBLIGATION LIMIT.** The total principal amount secured by this Security Instrument at any one time shall
not exceed $ 129,000.00 . This limitation of amount does not include interest and other fees and charges validly
made pursuant to this Security Instrument. Also, this limitation does not apply to advances made under the terms of this
Security Instrument to protect Lender's security and to perform any of the covenants contained in this Security Instrument.

4. **SECURED DEBT AND FUTURE ADVANCES.** The term "Secured Debt" is defined as follows:
   A.  Debt incurred under the terms of all promissory note(s), contract(s), guaranty(ies) or other evidence of debt
   described below and all their extensions, renewals, modifications or substitutions. *(Include items such as borrowers'*
   *names, note or contract amounts, interest rates (whether variable), maturity dates, etc.)*
   One certain home equity line of credit agreement dated October 10, 2006
   executed by JEAN BARANOWSKI in the amount of $129,000.00 due and payable in
   full on November 15, 2026.


CALIFORNIA - HOME EQUITY LINE OF CREDIT DEED OF TRUST (NOT FOR FNMA, FHLMC, FHA OR VA USE)     (page 1 of 6)
Experè ©1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDT-CA 3/10/2004
VMP-C465(CA) (0403).01    VMP Mortgage Solutions, Inc. (800)521-7291

Loan No:

B. All future advances from Lender to Trustor or other future obligations of Trustor to Lender under any promissory note, contract or guaranty, or other evidence of debt executed by Trustor in favor of Lender after this Security Instrument if this Security Instrument is specifically referenced on the evidence of other debt. If more than one person signs this Security Instrument, each Trustor agrees that this Security Instrument will secure all future advances and future obligations that are given to or incurred by any one or more Trustor, or any one or more Trustor and others. All future advances and other future obligations are secured by this Security Instrument even though all or part may not yet be advanced. All future advances and other future obligations are secured as if made on the date of this Security Instrument.

C. All additional sums advanced and expenses incurred by Lender for insuring, preserving or otherwise protecting the Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this Security Instrument.

D. Performance of every obligation in this Security Instrument (including any subsequent instrument amending this Security Instrument) and any instrument now or later evidencing or securing any indebtedness secured by this Security Instrument.

In the event that Lender fails to provide any necessary notice of the right of rescission with respect to any additional indebtedness secured under paragraph B of this Section, Lender waives any subsequent security interest in the Trustor's principal dwelling that is created by this Security Instrument (but does not waive the security interest for the debts referenced in paragraph A of this Section).

5. **DEED OF TRUST COVENANTS.** Trustor agrees that the covenants in this section are material obligations under the Secured Debt and this Security Instrument. If Trustor breaches any covenant in this section, Lender may refuse to make additional extensions of credit and reduce the credit limit. By not exercising either remedy on Trustor's breach, Lender does not waive Lender's right to later consider the event a breach if it happens again.

**Payments.** Trustor agrees that all payments under the Secured Debt will be paid when due and in accordance with the terms of the Secured Debt and this Security Instrument.

**Prior Security Interests.** With regard to any other mortgage, deed of trust, security agreement or other lien document that created a prior security interest or encumbrance on the Property, Trustor agrees to make all payments when due and to perform or comply with all covenants. Trustor also agrees not to allow any modification or extension of, nor to request any future advances under any note or agreement secured by the lien document without Lender's prior written approval.

**Claims Against Title.** Trustor will pay all taxes, assessments, liens, encumbrances, lease payments, ground rents, utilities, and other charges relating to the Property when due. Lender may require Trustor to provide to Lender copies of all notices that such amounts are due and the receipts evidencing Trustor's payment. Trustor will defend title to the Property against any claims that would impair the lien of this Security Instrument. Trustor agrees to assign to Lender, as requested by Lender, any rights, claims or defenses Trustor may have against parties who supply labor or materials to maintain or improve the Property.

**Property Condition, Alterations and Inspection.** Trustor will keep the Property in good condition and make all repairs that are reasonably necessary. Trustor shall not commit or allow any waste, impairment, or deterioration of the Property. Trustor agrees that the nature of the occupancy and use will not substantially change without Lender's prior written consent. Trustor will not permit any change in any license, restrictive covenant or easement without Lender's prior written consent. Trustor will notify Lender of all demands, proceedings, claims, and actions against Trustor, and of any loss or damage to the Property.

Lender or Lender's agents may, at Lender's option, enter the Property at any reasonable time for the purpose of inspecting the Property. Lender shall give Trustor notice at the time of or before an inspection specifying a reasonable purpose for the inspection. Any inspection of the Property shall be entirely for Lender's benefit and Trustor will in no way rely on Lender's inspection.

**Authority to Perform.** If Trustor fails to perform any duty or any of the covenants contained in this Security Instrument, Lender may, without notice, perform or cause them to be performed. Trustor appoints Lender as attorney in fact to sign Trustor's name or pay any amount necessary for performance. Lender's right to perform for Trustor shall not create an obligation to perform, and Lender's failure to perform will not preclude Lender from exercising any of Lender's other rights under the law or this Security Instrument.

**Leaseholds; Condominiums; Planned Unit Developments.** Trustor agrees to comply with the provisions of any lease if this Security Instrument is on a leasehold. If the Property includes a unit in a condominium or a planned unit development, Trustor will perform all of Trustor's duties under the covenants, by-laws, or regulations of the condominium or planned unit development.

**Condemnation.** Trustor will give Lender prompt notice of any pending or threatened action, by private or public entities to purchase or take any or all of the Property through condemnation, eminent domain, or any other means. Trustor authorizes Lender to intervene in Trustor's name in any of the above described actions or claims. Trustor assigns to Lender the



(page 2 of 6)

Express® © 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDT-CA 3/10/2004
VMP -C465(CA) (0403).01

Loan No:

proceeds of any award or claim for damages connected with a condemnation or other taking of all or any part of the Property. Such proceeds shall be considered payments and will be applied as provided in this Security Instrument. This assignment of proceeds is subject to the terms of any prior mortgage, deed of trust, security agreement or other lien document.

**Insurance.** Trustor shall keep Property insured against loss by fire, flood, theft and other hazards and risks reasonably associated with the Property due to its type and location. This insurance shall be maintained in the amounts and for the periods that Lender requires. What Lender requires pursuant to the preceding two sentences can change during the term of the Secured Debt. The insurance carrier providing the insurance shall be chosen by Trustor subject to Lender's approval, which shall not be unreasonably withheld. If Trustor fails to maintain the coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property according to the terms of this Security Instrument.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard "mortgage clause" and, where applicable, "loss payee clause." Trustor shall immediately notify Lender of cancellation or termination of the insurance. Lender shall have the right to hold the policies and renewals. If Lender requires, Trustor shall immediately give to Lender all receipts of paid premiums and renewal notices. Upon loss, Trustor shall give immediate notice to the insurance carrier and Lender. Lender may make proof of loss if not made immediately by Trustor.

Unless otherwise agreed in writing, all insurance proceeds shall be applied to the restoration or repair of the Property or to the Secured Debt, whether or not then due, at Lender's option. Any application of proceeds to principal shall not extend or postpone the due date of the scheduled payment nor change the amount of any payment. Any excess will be paid to the Trustor. If the Property is acquired by Lender, Trustor's right to any insurance policies and proceeds resulting from damage to the Property before the acquisition shall pass to Lender to the extent of the Secured Debt immediately before the acquisition.

**Financial Reports and Additional Documents.** Trustor will provide to Lender upon request, any financial statement or information Lender may deem reasonably necessary. Trustor agrees to sign, deliver, and file any additional documents or certifications that Lender may consider necessary to perfect, continue, and preserve Trustor's obligations under this Security Instrument and Lender's lien status on the Property.

6. **WARRANTY OF TITLE.** Trustor warrants that Trustor is or will be lawfully seized of the estate conveyed by this Security Instrument and has the right to irrevocably grant, convey and sell the Property to Trustee, in trust, with power of sale. Trustor also warrants that the Property is unencumbered, except for encumbrances of record.

7. **DUE ON SALE.** Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, a transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law (12 C.F.R. 591), as applicable.

8. **DEFAULT.** Trustor will be in default if any of the following occur:

**Fraud.** Any Consumer Borrower engages in fraud or material misrepresentation in connection with the Secured Debt that is an open end home equity plan.

**Payments.** Any Consumer Borrower on any Secured Debt that is an open end home equity plan fails to make a payment when due.

**Property.** Any action or inaction by the Borrower or Trustor occurs that adversely affects the Property or Lender's rights in the Property. This includes, but is not limited to, the following: (a) Trustor fails to maintain required insurance on the Property; (b) Trustor transfers the Property; (c) Trustor commits waste or otherwise destructively uses or fails to maintain the Property such that the action or inaction adversely affects Lender's security; (d) Trustor fails to pay taxes on the Property or otherwise fails to act and thereby causes a lien to be filed against the Property that is senior to the lien of this Security Instrument; (e) a sole Trustor dies; (f) if more than one Trustor, any Trustor dies and Lender's security is adversely affected; (g) the Property is taken through eminent domain; (h) a judgment is filed against Trustor and subjects Trustor and the Property to action that adversely affects Lender's interest; or (i) a prior lienholder forecloses on the Property and as a result, Lender's interest is adversely affected.

**Executive Officers.** Any Borrower is an executive officer of Lender or an affiliate and such Borrower becomes indebted to Lender or another lender in an aggregate amount greater than the amount permitted under federal laws and regulations.

9. **REMEDIES ON DEFAULT.** In addition to any other remedy available under the terms of this Security Instrument, Lender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Trustor is in default. In some instances, federal and state law will require Lender to provide Trustor with notice of the right to cure, or other notices and may establish time schedules for foreclosure actions.

At the option of the Lender, all or any part of the agreed fees and charges, accrued interest and principal shall become immediately due and payable, after giving notice if required by law, upon the occurrence of a default or anytime thereafter. Lender shall be entitled to, without limitation, the power to sell the Property.

*(page 3 of 6)*

Express® © 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDT-CA 3/10/2004
VMP®-C465(CA) (0403).01

Loan No:

If Lender elects to foreclose by exercise of the power of sale, Lender will declare the entire Secured Debts due and payable by delivering to Trustee this Security Instrument and any evidence of the Secured Debts, receipts and evidence of expenditures made and secured, as Trustee requires. When the legally prescribed time passes after Trustee or Lender duly records a notice of default, the Trustee, Lender or other person authorized to take the sale will give a notice of sale as required by law and will cause the Property to be sold at the time and place fixed in the notice of sale. Lender may rescind any notice of default at any time before the Property's sale. Rescission will occur when Lender executes and records a notice of rescission that cancels any prior notice of default and any related acceleration of the Secured Debts. Lender's rescission will not waive any default then existing or subsequently occurring or preclude Lender exercising its remedies, including the power of sale, at another time.

The Property can be sold as a whole or in separate parcels and in any order that Trustee decides. The Property will be sold to the highest bidder for cash in lawful money of the United States, payable at sale time. The Property can be sold to anyone, including Trustor, Trustee or Lender. Trustee may postpone the sale of any part of the Property by public announcement at the time and place of this sale and afterwards at the time fixed by the preceding postponement. Upon any sale of the Property, Trustee will make and deliver a special or limited warranty deed that conveys the property sold to the purchaser or purchasers. Under this special or limited warranty deed, Trustee will covenant that Trustee has not caused or allowed a lien or an encumbrance to burden the Property and that Trustee will specially warrant and defend the Property's title to the purchaser or purchasers at the sale against all lawful claims and demand of all persons claiming by, through or under Trustee. The deed's recital of facts will be conclusive proof of the truthfulness of these facts.

The proceeds from the Property's sale will be applied to the sale expenses, Trustee's expenses, Lender's attorneys' fees due on Trustor's default, sums that Trustee or Lender paid for procuring a title search of the Property's title subsequent to the execution of this Security Instrument, all outstanding amounts due under this Security Instrument and the remainder to anyone legally entitled to the remaining amounts due.

The acceptance by Lender of any sum in payment or partial payment on the Secured Debt after the balance is due or is accelerated or after foreclosure proceedings are filed shall not constitute a waiver of Lender's right to require complete cure of any existing default. By not exercising any remedy on Trustor's default, Lender does not waive Lender's right to later consider the event a default if it happens again.

10. **EXPENSES; ADVANCES ON COVENANTS; ATTORNEYS' FEES; COLLECTION COSTS.** If Trustor breaches any covenant in this Security Instrument, Trustor agrees to pay all expenses Lender incurs in performing such covenants (including but not limited to advances and expenses described in the DEED OF TRUST COVENANTS section) or protecting its security interest in the Property. Such expenses include, but are not limited to, fees incurred for inspecting, preserving, or otherwise protecting the Property and Lender's security interest. These expenses are payable on demand and will bear interest from the date of payment until paid in full at the highest rate of interest in effect as provided in the terms of the Secured Debt. Trustor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses. To the extent permitted by the United States Bankruptcy Code, Trustor agrees to pay the reasonable attorneys' fees Lender incurs to collect the Secured Debt as awarded by any court exercising jurisdiction under the Bankruptcy Code. This Security Instrument shall remain in effect until released. Trustor agrees to pay for any recordation costs of such release.

11. **ENVIRONMENTAL LAWS AND HAZARDOUS SUBSTANCES.** As used in this section, (1) Environmental Law means, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA, 42 U.S.C. 9601 et seq.), and all other federal, state and local laws, regulations, ordinances, court orders, attorney general opinions or interpretive letters concerning the public health, safety, welfare, environment or a hazardous substance; and (2) Hazardous Substance means any toxic, radioactive or hazardous material, waste, pollutant or contaminant which has characteristics which render the substance dangerous or potentially dangerous to the public health, safety, welfare or environment. The term includes, without limitation, any substances defined as "hazardous material," "toxic substances," "hazardous waste" or "hazardous substance" under any Environmental Law.

Trustor represents, warrants and agrees that:

A. Except as previously disclosed and acknowledged in writing to Lender, no Hazardous Substance is or will be located, stored or released on or in the Property. This restriction does not apply to small quantities of Hazardous Substances that are generally recognized to be appropriate for the normal use and maintenance of the Property.

B. Except as previously disclosed and acknowledged in writing to Lender, Trustor and every tenant have been, are, and shall remain in full compliance with any applicable Environmental Law.



(page 4 of 6)

Expere® © 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDT-CA  3/10/2004
VMP® -C465(CA) (0403).01

Loan No:

C. Trustor shall immediately notify Lender if a release or threatened release of a Hazardous Substance occurs on, under or about the Property or there is a violation of any Environmental Law concerning the Property. In such an event, Trustor shall take all necessary remedial action in accordance with any Environmental Law.

D. Trustor shall immediately notify Lender in writing as soon as Trustor has reason to believe there is any pending or threatened investigation, claim, or proceeding relating to the release or threatened release of any Hazardous Substance or the violation of any Environmental Law.

12. **ESCROW FOR TAXES AND INSURANCE.** Unless otherwise provided in a separate agreement, Trustor will not be required to pay to Lender funds for taxes and insurance in escrow.

13. **JOINT AND INDIVIDUAL LIABILITY; CO-SIGNERS; SUCCESSORS AND ASSIGNS BOUND.** All duties under this Security Instrument are joint and individual. If Trustor signs this Security Instrument but does not sign an evidence of debt, Trustor does so only to mortgage Trustor's interest in the Property to secure payment of the Secured Debt and Trustor does not agree to be personally liable on the Secured Debt. The duties and benefits of this Security Instrument shall bind and benefit the successors and assigns of Trustor and Lender.

14. **SEVERABILITY; INTERPRETATION.** This Security Instrument is complete and fully integrated. This Security Instrument may not be amended or modified by oral agreement. Any section in this Security Instrument, attachments, or any agreement related to the Secured Debt that conflicts with applicable law will not be effective, unless that law expressly or impliedly permits the variations by written agreement. If any section of this Security Instrument cannot be enforced according to its terms, that section will be severed and will not affect the enforceability of the remainder of this Security Instrument. Whenever used, the singular shall include the plural and the plural the singular. The captions and headings of the sections of this Security Instrument are for convenience only and are not to be used to interpret or define the terms of this Security Instrument. Time is of the essence in this Security Instrument.

15. **SUCCESSOR TRUSTEE.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee without any other formality than the designation in writing. The successor trustee, without conveyance of the Property, shall succeed to all the title, power and duties conferred upon Trustee by this Security Instrument and applicable law.

16. **NOTICE.** Unless otherwise required by law, any notice shall be given by delivering it or by mailing it by first class mail to the appropriate party's address on page 1 of this Security Instrument, or to any other address designated in writing. Notice to one trustor will be deemed to be notice to all trustors. Lender and Trustor request that copies of any notice of default or notice of sale under a superior security instrument be sent to Lender and Trustor at the addresses listed in the DATE AND PARTIES section.

17. **WAIVERS.** Except to the extent prohibited by law, Trustor waives all appraisement or marshalling of assets relating to the Property.

18. **SPOUSE'S SEPARATE PROPERTY.** Any Trustor who is a married person expressly agrees that recourse may be had against his or her separate property.

19. **LINE OF CREDIT.** The Secured Debt includes a revolving line of credit. Although the Secured Debt may be reduced to a zero balance, this Security Instrument will remain in effect until released.

20. **APPLICABLE LAW.** This Security Instrument is governed by the laws as agreed to in the Secured Debt, except to the extent required by the laws of the jurisdiction where the Property is located, and applicable federal laws and regulations.

21. **RIDERS.** The covenants and agreements of each of the riders checked below are incorporated into and supplement and amend the terms of this Security Instrument. [Check all applicable boxes]

☐ Assignment of Leases and Rents    ☐ Other ......................................................................................

22. ☐ **ADDITIONAL TERMS.**

Expers® © 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDT-CA 3/10/2004
VMP-C465(CA) (0403).01

(page 5 of 6)

Loan No:

23. **REQUEST FOR NOTICE.** In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded ........N/A......... , ........... , in book ....N/A.... page ....N/A...... , records of ........N/A......... County, (or filed for record with recorder's serial number ......N/A...... , ........N/A......... County) California, executed by ...N/A.................................................................... ...............................N/A........................................................ as trustor (or mortgagor) in which ...............................N/A........................................................ , is named as beneficiary (or mortgagee) and ..................................................................... as trustee be mailed to:

Name ............N/A............

Address ............N/A............ at

**NOTICE:** A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.
(Include the requester's name, by the signer, among those acknowledging below, or use a separate acknowledgment form.)

**Signature** on behalf of the requester named above:

Signature .............. N/A ..............

**SIGNATURES:** By signing below, Trustor agrees to the terms and covenants contained in this Security Instrument and in any attachments. Trustor also acknowledges receipt of a copy of this Security Instrument on the date stated on page 1.

(Signature) JEAN BARANOWSKI      10/12/06

(Signature) (Date)            (Signature)            (Date)

**ACKNOWLEDGMENT:**

STATE OF ....California............ , COUNTY OF ....Riverside........... } ss.
On this ..........12...... day of ....Oct...2006.......... before me ...Brandy Nelson...
a notary public, personally appeared
..............Jean...Baranowski.................................................

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

BRANDY NELSON
Commission # 1476955
Notary Public - California
Riverside County
My Comm. Expires Mar 16, 2008

Signature .............. Brandy Nels..............
Name (typed or printed)
My commission expires: ....Mar 16, 2008......

(Seal)

---

**REQUEST FOR FULL RECONVEYANCE**

**To Trustee:** The undersigned is the holder of the note or notes secured by this Deed of Trust, which was recorded in the office of the Recorder of ............................................ County, State of California, in book ..........., page ............ of official records. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.
Dated: ......................................................................................

---

Assessor's Identification Number    624-400-025-9

Express © 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDT-CA 3/10/2004
VMP -C465(CA) (0403).01

(page 6 of 6)

EXHIBIT 3

[RECORDING REQUESTED BY]
NATIONWIDE TITLE CLEARING, INC.

[AND WHEN RECORDED MAIL TO]

Security Connections, Inc.
240 Technology Dr.
Idaho Falls, ID 83401

OWB Loan
Mips Loan Number
New Servicer Loan No

DOC # 2014-0164852
05/06/2014 03:48P Fee:25.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder



M
042

## CORPORATE ASSIGNMENT OF DEED OF TRUST

This assignment is made without recourse, representation or warranty, express or implied, by the FDIC in its corporate capacity or as Receiver.

**FOR GOOD AND VALUABLE CONSIDERATION**, the sufficiency of which is hereby acknowledged, the undersigned, **FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB, AS SUCCESSOR IN INTEREST TO INDYMAC BANK, FSB, WHOSE ADDRESS IS C/O 155 N LAKE AVE, PASADENA, CA, 91101, (ASSIGNOR)**, by these presents does convey, grant, assign, transfer and set over the described Deed of Trust, without recourse, representation or warranty, together with all rights, title and interest secured thereby, all liens, and any rights due or to become due thereon to **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE OF THE INDYMAC RESIDENTIAL ASSET-BACKED TRUST, SERIES 2004-LH1, WHOSE ADDRESS IS 1761 E SAINT ANDREW PL, SANTA ANA, CA 92705, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE)..**

Said Deed of Trust made by **JEAN BARANOWSKI** and recorded on 10/20/2006 as Instrument # 2006-0774014, in Book , Page in the office of the RIVERSIDE County Recorder, CA.

Property is commonly known as: 107 CACHANILLA COURT, PALM DESERT, CA 92260.

Dated on _____FEB 1 2 2014_____/2014 (MM/DD/YYYY)
**FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB, AS SUCCESSOR IN INTEREST TO INDYMAC BANK, FSB**

By: _____
　　　　　　　　　Wendy Traxler
**ATTORNEY-IN-FACT**

### ACKNOWLEDGEMENT

STATE OF TEXAS
COUNTY OF TRAVIS　　　　　　　　　FEB 1 2 2014
Before me, a Wendy Traxler Notary Public, on ____/____/2014 (MM/DD/YYYY), personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument as ATTORNEY-IN-FACT of FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB, AS SUCCESSOR IN INTEREST TO INDYMAC BANK, FSB and acknowledged to me that he/she/they executed the same for the purposes and consideration therein expressed.

_____
　　　　Felicia Terry
Notary Public - State of TEXAS
Commission expires: FEB 2 2 2016

FELICIA E TERRY
My Commission Expires
February 22, 2016

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

EXHIBIT 4

**2019-0509694**

12/11/2019 09:36 AM Fee: $ 102.00

Page 1 of 2

Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

Requested, Prepared by, ~~and
When Recorded Mail to:~~
**IndyMac Bank, F.S.B.**

**When Recorded Return To:**
AG3 Revocable Trust-Jessica Brown
P.O. Box 458
Kimberling City, MO 65686
Ref#:

| | | | | | R | A | Exam: | 41 | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 16 | | | | | | | | | | |
| Page | DA | PCOR | Misc | Long | RFD | 1st Pg | Adtl Pg | Cert | CC |
| 2 | | | | | | | | | | |
| SIZE | NCOR | SMF | NCHG | T: | | | | | |

## Assignment of Deed of Trust/Mortgage

This form is furnished by **IndyMac Bank, F.S.B.**

For valuable consideration, the undersigned hereby grants, assigns, and transfers to: Deutsche Bank National Trust Company as Indenture Trustee of the Indymac Home Equity Mortgage Loan Asset-Backed Trust, Series 2007-H1

All interest under that certain Deed of Trust/Mortgage dated: 10/10/06
Executed by:

Jean Baranowski, a married woman as her sole and seperate property.

*See Attached Exhibit "A" for legal Description*      Recorded on 10-20-2006

and recorded as Instrument No. 2006-0774014, in Book N/A, Page N/A *, of
official records in the office of the County Recorder of Riverside County,
State of California, property described as per said Deed of Trust/Mortgage of
Record, together with the Promissory Note secured by said Deed of Trust/Mortgage and
also all rights accrued or to accrue under said Deed of Trust/Mortgage.

* Re-Recorded 7-31-2007 as
Instrument # 2007-0495552       **IndyMac Bank, F.S.B.**

Dated: 10/10/06
State of: **California**
County of: **San Bernardino**      BY: _Kathie Moran_
                              **Kathie Moran –Vice President, Reg. Ops. Mgr.**

On 10/23/06 before me the undersigned, a Notary Public in and for said state,
personally appeared **Kathie Moran –Vice President, Reg. Ops. Mgr.**, personally known to
me ~~(or proved to me on the basis of satisfactory evidence)~~ to be the person(s) whose name
(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that she/~~he/they~~
executed the same in her/~~his/their~~ authorized capacity(~~ies~~), and that by her/~~his/their~~
signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

*Witness my hand and official seal*

Signature _Shawna Karlberg_

SHAWNA KARLBERG
COMM. #1475647
NOTARY PUBLIC ● CALIFORNIA
SACRAMENTO COUNTY
Comm. Exp. MARCH 9, 2008

Prepared By:

DOC #2019-0508694 Page 2 of 2

## EXHIBIT "A"

LOT 25 OF TRACT 28590-1, IN THE CITY OF PALM DESERT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 297, PAGES 13 THROUGH 15, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDED OF SAID COUNTY.

EXHIBIT 5

**2019-0509695**

12/11/2019 09:36 AM Fee: $ 102.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

PREPARED BY:
C. R. Hall

**When Recorded Return To:** *and Recording Requested by*
AG3 Revocable Trust-Jessica Brown
P.O. Box 458
Kimberling City, MO 65686
Ref#:

411

**Assignment of Deed of Trust**                    Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE OF THE INDYMAC HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2007-H1  C/O 100 Quentin Roosevelt Blvd #204, Garden City NY 11530 (Assignor)** by these presents does assign and set over to, without recourse, **ASPEN PROPERTIES GROUP, LLC AS TRUSTEE OF AG3 REVOCABLE TRUST  2700A Philadelphia Rd, Edgewood MD 21040 (Assignee)** the described deed of trust with all interest, all liens, any rights due or to become due thereon, executed by **JEAN BARANOWSKI, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY to INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK.** Trustee: **FIRST AMERICAN TITLE INSURANCE CO.** Said deed of trust Dated: **10/10/2006** is recorded in the State of CA, County of Riverside on **10/20/2006**, Instrument no. **2006-0774014 AMOUNT: $ 129,000.00** *DEED OF TRUST RE-RECORDED ON 07/31/2007 IN INST#: 2007-0495552 TO ADD THE PLANNED UNIT DEVELOPMENT RIDER* Property Address: **107 CACHANILLA COURT, PALM DESERT, CA 92260**

*See Attached Exhibit "A" for Legal Description.*

IN WITNESS WHEREOF, the undersigned entity has caused this instrument to be executed as a sealed instrument by its proper signatory. Executed on: *9-25-19*
DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE OF THE INDYMAC HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST, SERIES 2007-H1  by PNPMS Trust I as Attorney in Fact by CAM Ventures Holdings LLC as Administrator

By:

    Ivan Halpern, Vice President

State of NY, County of Nassau
        Before me, Robin E Mayer, Notary Public, personally appeared, Ivan Halpern, Vice President known to me to be the person(s) whose name(s) is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.
Given under my hand and seal of office on *9-25-19*.

ROBIN E. MAYER
NOTARY PUBLIC, State of New York
No. 01MA4993422
Qualified in Nassau County
Term Expires March 16, 20__

Notary public, Robin E Mayer
My commission expires: March 16, 2022

CA  Riverside                                    CAMG/ASSURED/AOM/FBC

DOC #2019-0509695 Page 2 of 2

## EXHIBIT "A"

LOT 25 OF TRACT 28590-1, IN THE CITY OF PALM DESERT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 297, PAGES 13 THROUGH 15, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDED OF SAID COUNTY.

EXHIBIT 6

**2021-0067844**

02/02/2021 09:46 AM Fee: $ 99.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

Recording Requested By:
Sheila White

When Recorded Mail To:

Allied Servicing Corporation
3019 N Argonne Rd
Spokane Valley, WA 99212

| Page | DA | CCR | Misc | Long | RFD | 1st Pg | Adtl Pg | Cert | CC |
|------|----|----|------|------|-----|--------|---------|------|----|
| / | / | | | | | | | | |

| SIZE | NCOR | SMF | NCHG | T: | SB2 | 99- |
|------|------|-----|------|----|----|-----|

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Loan #:          / TS Ref #:
CA/RIVERSIDE

Assignment Prepared on: August 25, 2020

For Value Received, **Aspen Properties Group, LLC as Trustee of AG3 Revocable Trust**, whose address is 1221 W 103RD ST., #108, KANSAS CITY, MO, 64114 (herein "Assignor") hereby grant, sell, assign, transfer and convey to **ABUNDANT INVESTMENTS LLC**, whose address is 11575 SW PACIFIC HWY, #1010, TIGARD, OR, 97223 (herein "Assignee") all interest under that certain Deed of Trust Dated: 10/10/2006, in the amount of $129,000.00, executed by JEAN BARANOWSKI A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY to INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK and Recorded: 10/20/2006, Instrument #: 2006-0774014 Re-Recorded: 7/31/2007, Instrument #: 2007-0495552 in RIVERSIDE County, State of California and all rights accrued or to accrue under said Deed of Trust.

Legal Description:
LOT 25 OF TRACT 28590-1, IN THE CITY OF PALM DESERT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 297, PAGES 13 THROUGH 15, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Aspen Properties Group, LLC as Trustee of AG3 Revocable Trust

On: August 25, 2020

By:
Name:    BRITTANY MCCANDLESS
Title:     VICE PRESIDENT

State of MISSOURI
County of STONE

On August 25, 2020, before me, Jessica Brown, a Notary Public in and for STONE County, in the State of MISSOURI, personally appeared BRITTANY MCCANDLESS, VICE PRESIDENT, Aspen Properties Group, LLC as Trustee of AG3 Revocable Trust, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

Jessica Brown
Notary Expires: 3/31/2022 / #: 14599617

JESSICA BROWN
My Commission Expires
March 31, 2022
Stone County
Commission #14599617

CA/RIVERSIDE

EXHIBIT 7

DOC # 2023-0005486
01/09/2023 12:16 PM Fees: $105.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MARIA VICTORIA #411

WFG National-Default Services
RECORDING REQUESTED BY:
**ZBS Law, LLP**

WHEN RECORDED MAIL TO:

**ZBS Law, LLP**
**30 Corporate Park, Suite 450**
**Irvine, CA 92606**

TS No.: 22003361-1 CA
APN: 624-400-025

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

## PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO

TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP

LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$177,292.46** as of **01/05/2023** and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your Note and Deed of Trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the Note and Deed of Trust or mortgage, the Beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the Beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the Beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your Beneficiary or mortgagee may mutually agree in writing prior to the time the Notice of Sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) Provide additional time in which to cure the default by transfer of the property or otherwise; or (2) Establish a schedule of payments in order to cure your default; or, both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. **To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact**

**Abundant Investments LLC**

**C/O Allied Servicing Corporation**

**509-893-0240**

**C/O ZBS Law, LLP**

**30 Corporate Park, Suite 450**

**Irvine, CA 92606**

**PHONE: 714-848-7920**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure. **Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

**NOTICE IS HEREBY GIVEN**: That **ZBS Law, LLP** is either the original Trustee, the duly appointed substituted Trustee, or acting as agent for the Trustee or Beneficiary under a Deed of Trust dated **10/10/2006**, executed by **JEAN BARANOWSKI, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY**, as Trustor, to secure certain obligations in favor of **INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK** as Beneficiary, recorded **10/20/2006**, as Instrument No. **2006-0774014. re-recorded on 07/31/2007, as Instrument No. 2007-0495552**, of Official Records of **Riverside** County, **California**; describing land therein as: As more particularly described on said Deed of Trust.

The subject obligation includes **NOTE(S) FOR THE ORIGINAL** sum of **$129,000.00**. A breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:

**The monthly installment of principal and interest which became due on December 15, 2009, late charges, and all subsequent monthly installments of principal and interest.**

**You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.**

**Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance. Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents.**

That by reason thereof, the present Beneficiary under such Deed of Trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

This office is enforcing a security interest of your creditor. To the extent that your obligation has been discharged by a bankruptcy court or is subject to an automatic stay of bankruptcy, this notice is for informational purposes only and does not constitute a demand for payment or any attempt to collect such obligation.

**The requirements of California Civil Code 2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of Trust on "owner occupied" residential real property as defined by California Civil Code 2924.15.**

**Dated: 01/05/2023**

**ZBS LAW, LLP, as Trustee**

**Rick Mroczek, Trustee Sale Officer**

# EXHIBIT 8

WFG National-Default Services

[RECORDING REQUESTED BY]
**ZBS Law, LLP**

[WHEN RECORDED MAIL TO:]
**ZBS Law, LLP**
**30 Corporate Park, Suite 450**
**Irvine, CA 92606**

DOC # 2023-0102669
04/11/2023 11:51 AM Fees: $105.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: KAREN #277

---

T.S. No. 22003361-1 CA          APN: 624-400-025

## NOTICE OF TRUSTEE'S SALE

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO

TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NANAKALAKIP

LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 10/10/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below.  The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below.  The amount may be greater on the day of sale.

Trustor: **JEAN BARANOWSKI, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY**

Duly Appointed Trustee: **ZBS Law, LLP**

Deed of Trust Recorded on **10/20/2006**, as Instrument No. **2006-0774014** re-recorded on **07/31/2007, as Instrument No. 2007-0495552**, of Official Records of **Riverside** County, **California**;

Date of Sale: **05/11/2023 at 09:30 AM**
Place of Sale:    **The Bottom of the stairway to the building located at 849 W. Sixth Street, Corona,
CA 92882**
Estimated amount of unpaid balance and other charges: **$252,631.60**
Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the
time of the sale the opening bid may be less than the total debt owed.

Street Address or other common designation of    **107 CACHANILLA COURT**
real property:    **PALM DESERT, CA 92260**

Described as follows:
Lot 25 of Tract 28590-1, in the City of Palm Desert, County of Riverside, State of California, as per map recorded
in Book 297, pages 13 through 15, inclusive of Maps, in the office of the county recorder of said county.

A.P.N #.: **624-400-025**
The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common
designation, if any, shown above. If no street address or other common designation is shown, directions to the
location of the property may be obtained by sending a written request to the beneficiary within 10 days of the
date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand
that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property
itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership
of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the
highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being
auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence,
priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or
a title insurance company, either of which may charge you a fee for this information. If you consult either of these
resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the
property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more
times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code.
The law requires that information about trustee sale postponements be made available to you and to the public,
as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed,
and, if applicable, the rescheduled time and date for the sale of this property, you may call **866-266-7512** or visit
this Internet Web site **www.elitepostandpub.com** using the file number assigned to this case **22003361-1 CA**.
Information about postponements that are very short in duration or that occur close in time to the scheduled sale
may not immediately be reflected in the telephone information or on the Internet Web site. The best way to
verify postponement information is to attend the scheduled sale.

NOTICE TO TENANT: You may have a right to purchase this property after the trustee auction pursuant to
Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if
you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able
to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three
steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call **866-266-
7512** or visit this Internet Web site **www.elitepostandpub.com** using the file number assigned to this case
**22003361-1 CA** to find the date on which the trustee's sale was held, the amount of the last and highest bid, and
the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee
receives it no more than 15 days after the trustee's sale. Third, you must submit a bid so that the trustee
receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer"
or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional
immediately for advice regarding this potential right to purchase.

DOC #2023-0102669 Page 3 of 3

Dated: 04/10/2023

ZBS Law, LLP, as Trustee
30 Corporate Park, Suite 450 ,
Irvine, CA 92606
For Non-Automated Sale Information, call: (714) 848-7920
For Sale Information: 866-266-7512 or www.elitepostandpub.com

_____

Rick Mroczek, Trustee Sale Officer

This office is enforcing a security interest of your creditor. To the extent that your obligation has been discharged by a bankruptcy court or is subject to an automatic stay of a bankruptcy, this notice is for informational purposes only and does not constitute a demand for payment or any attempt to collect such obligation.

EXHIBIT 9

Electronically Filed by Superior Court of California, County of Riverside, on
Case Number CVPS2301882 00000526884778 - Maria C. Ford, Interim Executive Officer/Clerk of the Court By Ryan Jimenez, Clerk

JEAN BARANOWSKI
107 CACHNILLA CT
PALM DESERT CA 92260
760-333-7499

PLAINTIFF IN PRO PER

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**IN AND FOR COUNTY OF RIVERSIDE**

| JEAN BARANOWSKI,<br><br>                    Plaintiff,<br><br>V.<br><br>ABUNDANT INVESTMENTS, LLC;,ZBS LAW, LLP;, and DOES 1 through 50 inclusive<br><br>                    Defendants. | CASE NO: CVPS2301882<br><br>**COMPLAINT FOR:**<br>**MONETARY DAMAGES**<br>**STATUTORY DAMAGES, PUNITIVE DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY RELIEF**<br><br>1. **VIOLATION OF *CALIFORNIA CIVIL CODE* §2923.5;**<br>2. **FRAUD;**<br>3. **INTENTIONAL MISREPRESENTATION;**<br>4. **VIOLATION OF *CALIFORNIA CIVIL CODE* §2923.6;**<br>5. **VIOLATION OF *CALIFORNIA CIVIL CODE* §1572;**<br>6. **VIOLATION OF *BUSINESS AND PROFESSIONS CODE* §17200.**<br>7. **FEDERAL TRUTH IN LENDING  ACT;**<br>8. **ELDER ABUSE** |

Plaintiff JEAN BARANOWSKI an (Hereinafter referred as "Plaintiff") alleges herein as follows:

**GENERAL ALLEGATIONS**

1
COMPLAINT

1.    Plaintiff at all times relevant has been a resident of the County of Riverside, State of California and the owner of Real Property, including but not limited to the property at issue herein,

107 CACHANILLA CT, PALM DESERT, CA 92660 ( APN#624-400-025).

2.    Defendant ABUNDANT INVESTMENTS, LLC (hereinafter "LENDER") at all times herein mentioned was doing business in the County of Riverside, State of California and was one of the original Lender for Plaintiff's Deed of Trust Deed and Note.

3.    Defendant ZBS LAW, LLP (hereinafter "TRUSTEE") at all times herein mentioned is doing business in the County of Riverside, State of California and was listed on the Notice of Default and Notice of Trustee Sale for the above-named Real Property.

4.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names and all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on Plaintiff's title thereto. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5.    Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned each of the defendants sued herein was the agent and employee of each of the remaining defendants. Plaintiff alleges that each and every defendant alleged herein ratified the conduct of each and every other defendant. Plaintiff further alleges that at

all times said defendants were was acting within the purpose and scope of such agency and employment.

6.    Plaintiff financed the foregoing Real Property on or about OCTOBER 20, 2006, and financed through LENDER, by virtue of a Trust Deed and Notes securing the Loans. (See Exhibit "A")

7.    Plaintiffs further allege that on or about JANUARY 9, 2023, Defendants allege that Plaintiffs became in default of their loan.  (See Exhibit "B") However the Declaration of Due Diligence that is required to be attached to the Notice of Default is missing pursuant to *California Civil Code* §2923.5, therefore making the Notice of Default void.

8.    Plaintiff further alleges on information and belief that none of these alleged beneficiaries or representatives on the Notice of Default and/or Notice of Trustee's Sale can prove that they have the authority to conduct the foreclosure.  Furthermore, the Defendants listed on the Notice of Default and/or Notice of Trustee's Sale were never assigned the rights under this Deed of Trust to conduct a valid foreclosure sale.

9.    Plaintiff further alleges that the foreclosure sale of the Subject Property due to the failed notices and unauthorized parties was not executed in accordance with the requirements of *California Civil Code* §2924, §2923.5 and §2923.6.

10.    Plaintiff alleges that Defendants, and each of them, are engaged in and continue to engage in violations of California law including but, not limited to: *California Civil Code* §2924, §2923.5 and §2923.6, and unless restrained will continue to engage in such misconduct, and that a public benefit necessitates that Defendants be restrained from such conduct in the future.

I.

## FIRST CAUSE OF ACTION
## VIOLATION OF *CALIFORNIA CIVIL CODE* §2923.5
### (Against all Defendants)

11. Plaintiff repeats and re-alleges Paragraphs 1 through 10 as though fully set forth herein.

12. Defendants cannot prove that the non-judicial foreclosure which has commenced, strictly complied with the tenets of *California Civil Code* §2923.5 and §2924 in order to maintain an action for possession.

13. The California Legislature passed Senate Bill 1137, impacting residential mortgage lenders, foreclosure procedures and eviction procedures. This law is effective immediately. The Statute amends provisions of the non-judicial foreclosure procedures found in California Code of Civil Procedure §2924, by adding requirements for meetings, due diligence, and notification of counseling. The primary purpose for the Statute is foreclosure procedures and imposes an unprecedented duty upon lenders relating to contact with borrowers.

### *California Civil Code §2923.5*

14. As September 6, 2008, *California Civil Code* §2923.5 applies to loans made from January 1, 2003, to December 31, 2007, and loans secured by residential real property that are for owner-occupied residences. For purposes of *California Civil Code* §2923.5, "owner-occupied" means that the residence is the principal residence of the borrower. Prior to filing a Notice of Default, *California Civil Code* §2923.5 provides in pertinent part:

(a) (1) A trustee may not file a notice of default pursuant to Section 2924 until 30 days after contact is made as required by paragraph (2) or 30 days after

4
COMPLAINT

satisfying the due diligence requirements as described in subdivision (g). In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.

(2) An authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days.

**Lender in this case did not provide a toll-free telephone number to Plaintiff. Plaintiff was never contacted to assess their financial situation and was not given any options in order to avoid foreclosure. Plaintiff would have requested a meeting at their home within 14 days if they had been advised of that option.**

(b) A notice of default filed pursuant to Section 2924 shall include a declaration from the mortgagee, beneficiary, or authorized agent that it has contacted the borrower, tried with due diligence to contact the borrower as required by this section, or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent.

**The required declaration is missing/improper. The declaration does not contain a penalty of perjury clause and there is no evidence on the face of the Notice of Default as to whether the declarant had any personal knowledge concerning any contact made to Plaintiff. (See infra)**

(c) If a mortgagee, trustee, beneficiary, or authorized agent had already filed the notice of default prior to the enactment of this section and did not subsequently file a notice of rescission, then the mortgagee, trustee, beneficiary, or authorized agent shall, as part of the notice of sale filed pursuant to Section 2924f, include a declaration that either:

(1) States that the borrower was contacted to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure.

(2) Lists the efforts made, if any, to contact the borrower in the event no contact was made.

15.   Furthermore *California Civil Code* §2923.5(g) provides that a borrower not contacted by a mortgagee, beneficiary, or authorized agent despite "due diligence" shall mean all of the following:

(1) A mortgagee, beneficiary, or authorized agent shall first attempt to contact a borrower by sending a first-class letter that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.

(2) (A) After the letter has been sent, the mortgagee, beneficiary, or authorized agent shall attempt to contact the borrower by telephone at least three times at different hours and on different days.  Telephone calls shall be made to the primary telephone number on file.
(B) A mortgagee, beneficiary, or authorized agent may attempt to contact a borrower using an automated system to dial borrowers, provided that, if the telephone call is answered, the call is connected to a live representative of the mortgagee, beneficiary, or authorized agent.
(C) A mortgagee, beneficiary, or authorized agent satisfies the telephone contact requirements of this paragraph if it determines, after attempting contact pursuant to this paragraph, that the borrower's primary telephone number and secondary telephone number or numbers on file, if any, have been disconnected.

(3) If the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgagee, beneficiary, or authorized agent shall then send a certified letter, with return receipt requested.

(4) The mortgagee, beneficiary, or authorized agent shall provide a means for the borrower to contact it in a timely manner, including a toll-free telephone number that will provide access to a live representative during business hours.

**The mortgagee, beneficiary, or authorized agent never complied with the provisions of §2923.5(g) of *California Civil Code* in its entirety as proscribed.**

16.   Plaintiff is informed and believes and thereupon alleges that the Notice of Default was invalid and unenforceable due to the intentional and willful violations including but, not limited to failing and/or refusing to mail the Notice of Default within ten business days to Plaintiffs, to post and mail the Notice of Default within one month, to

properly set the sale date, to publish the Notice of Sale twenty days prior to the date set for sale, and to record the Notice of Sale as required by *California Civil Code* §2924.

17.    Defendants did not fully comply with *California Civil Code* §2923.5 and therefore the Notice of Default is VOID. Thus if the property is sold in a non-judicial foreclosure, the procedure is void.

**Invalid Declaration on Notice of Default and/or Notice of Trustee's Sale**

**PENALTY OF PERJURY**

18.    The purpose of permitting a declaration under penalty of perjury, in lieu of a sworn statement, is to help ensure that declarations contain a truthful factual representation and are made in good faith. (In re Marriage of Reese & Guy, 73 Cal. App. 4th 1214, 87 Cal. Rptr. 2d 339 (4th Dist. 1999).

19.    In addition to *California Civil Code* §2923.5, *California Code of Civil Procedure* §2015.5 states:

Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, **declaration**, verification, certificate, oath, or afTRUSTEEavit, in writing of the person making the same, such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, **declaration**, verification, or certificate, in writing of such person which recites that is certified or **declared by him or her to be true under penalty of perjury**, is subscribed by him or her, and (1), if executed within this state, states the date and place of execution; (2) if executed at any place, within or without this state, states the date of execution and that is so certified or declared under the laws of the State of California. The certification or declaration must be in substantially the following form:
(a) If executed within this state:
"I certify (or declare) under penalty of perjury that the foregoing is true and correct":

_____          _____
(Date and Place)

7
COMPLAINT

For our purposes we need not look any farther than the Notice of Default to find the declaration is missing and therefore there is no signature under penalty of perjury; as mandated by new Civil Code §2923.5(c). Therefore, the Notice of Default is VOID.

**LACK OF PERSONAL KNOWLEDGE OF DECLARANT**

20.    An affidavit on behalf of a corporation must show that it was made by an authorized officer or agent, and the officer him or herself must swear to the facts. Furthermore, a person who verified a pleading is required to have personal knowledge or reasonable cause to believe the existence of the facts stated therein.  Here, the Declaration for the Notice of Default by the agent does not state if the agent has personal knowledge and how he obtained this knowledge.

21.    The proper function of an affidavit is to state facts, not conclusions, and affidavit that merely state conclusions rather than facts are insufficient. An affidavit must set forth facts and show Affidavit how the affiant obtained personal knowledge of those facts. The Notice of Default <u>does not</u> have the required agent's personal knowledge of facts and if the Plaintiff borrower was Affidavit contacted in person or by telephone to assess the Plaintiff's financial situation and explore options for the Plaintiff to avoid foreclosure.  Simply put, the declaration was missing all together.

22.    Plaintiff alleges that Defendants, and each of them, willfully, wrongfully and without justification, and without privilege have threatened to commence an invalid

foreclosure sale against the Plaintiff's SUBJECT PROPERTY, thereby, slandering Plaintiff's title thereto.

23.    Furthermore, The California Foreclosure Prevention Act, which became effective June 15, 2009, delays the non-judicial foreclosure process by requiring an addition 90-day delay (beyond the current three-month period) between recording a notice of default and a notice of stay for certain residential properties. The law applies to:

1. Loans recorded between January 1, 2003 and January 1, 2008, inclusive,
2. The borrower occupies the property as his/her principal residence and occupied it at the time the loan became delinquent;
3. A notice of default has been recorded on the property; and
4. The loan is secured by a first lien on residential property that is located in California.

24.    In this case, Plaintiff's property was his principal place of residence and his deed was dated on OCTOBER 20, 2006 Therefore, the California Foreclosure Prevention Action applies and they should be allowed an additional 90 days (plus the three-month period already) after Notice of Default is recorded.

25.    Notice of Default was filed on January 9, 2023 in favor of Defendant LENDER. According to Oregon Secretary of State LENDER was dissolved January 10, 2022. (See Exhibit "C")

26.    Assignment recorded on May 6, 2014 transfers DOT to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE OF INDYMAC RESIDENTIAL ASSET-BACKED TRUST, SERIES 2004-LH1 (See Exhibit "D")

27.    The following Assignment recorded on December 11, 2019 list the Assignee as: DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE OF THE INDYMAC HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST,

9
COMPLAINT

SERIES 2007-H1 (See Exhibit "E") this is invalid transfer. This makes all the following transfers invalid as well.

## II.
### SECOND CAUSE OF ACTION
### FOR FRAUD
### (Against all Defendants)

28.    Plaintiff repeats and re-alleges Paragraphs 1 through 27 as though fully set forth herein.

29.    On or about OCTOBER 20, 2006, Plaintiff obtained a loan through LENDER to finance his home. (See Exhibit "A"). On or about JANUARY 9, 2023, Defendant TRUSTEE purported to execute a Notice of Default.

30.    Plaintiff has recently learned that Defendant TRUSTEE listed on the Notice of Default and Notice of Trustee's Sale are not the legal owners of the Note and Deed of Trust and were not at the time they will issue the notices and commenced the foreclosure process, notwithstanding the fact that the note was not negotiable and did not contain a valid power of sale and also was void due to the missing/invalid Declaration of Due Diligence.

31.    The Note executed by Plaintiff was no longer a negotiable instrument because the assignment was not physically applied to the Note pursuant to the holding of Pribus v. Bush, (1981) 118 Cal.App.3d 1003, 173 Cal.Rptr. 747, although there was sufficient room on the back of the Note to complete the assignment, and as such the foreclosure of Plaintiff's subject property was void.

32.    Notice of Default was filed on January 9, 2023 in favor of Defendant LENDER. According to Oregon Secretary of State LENDER was dissolved January 10, 2022. (See Exhibit "C")

33.    Assignment recorded on May 6, 2014 transfers DOT to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE OF INDYMAC RESIDENTIAL ASSET-BACKED TRUST, SERIES 2004-LH1 (See Exhibit "D")

34.    The following Assignment recorded on December 11, 2019 list the Assignee as: DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE OF INDYMAC RESIDENTIAL ASSET-BACKED TRUST, SERIES 2007-H1 (See Exhibit "E") this is invalid transfer. This makes all the following transfers invalid as well.

35.    In addition, *California Civil Code* §2932.5 governs the Power of sale under an assigned mortgage, and provides that the power of sale can only vest in a person entitled to money payments:

"Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, **the power is part of the security** and vests in any person who **by assignment becomes entitled to payment** of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."

36.    Defendants have no standing to enforce a non-judicial foreclosure. Defendants are strangers to this transaction, and have no authority to go forward with the foreclosure and Trustee's Sale because an assignment was not acknowledge or recorded.

37.    *Uniform Commercial Code* §3-301 states that the "person entitled to enforce an instrument" is either the holder of the instrument or a non-holder in possession of the

11
COMPLAINT

instrument who has the rights of a holder. Furthermore, §3-302 states that a "holder in due course" is not a person who acquired rights of an instrument by legal process or by purchase in an execution, bankruptcy, or creditor's sale or similar proceedings.

38.    Plaintiff executed a Promissory Note (hereinafter the "Note") and a Deed of Trust to LENDER (See Exhibit "A"). Defendant LENDER is the Lender and only party entitled to enforce the Note and any security interest with it.

39.    Defendant TRUSTEE is not listed anywhere in the Deed of Trust or Promissory Note. (See Exhibit "A")

40.    The Riverside Recorder's Office does not contain any evidence of a recorded assignment from LENDER.

41.    As a result, the power of sale may not be exercised by any of the Defendants since there was never an acknowledged and recorded assignment pursuant to *California Civil Code* §2932.5. Furthermore, Defendant TRUSTEE has no lawful security interest in the subject property.

42.    Plaintiff alleges that Defendants, and each of them, falsely misrepresented that the Notice of Default was validly executed, that they intended to induce Plaintiffs into relying on the misrepresentation, that they knew at the time they made these representations to Plaintiffs that they were untrue, and defendants know at the time that they were attempting to foreclose on Plaintiffs' Trust Deeds and notes that they had no right to do so.

43.    Plaintiff alleges that due to their reliance on Defendants representations he has been damaged in an amount that currently exceeds $25,000.00 and additionally costs of moving out of Plaintiffs' property and the costs to relocate back to the subject Property.

44.  Plaintiff alleges Defendants LENDER & TRUSTEE intentionally and fraudulently converted Plaintiffs' right, title and interest to his property, and any equity therein. Defendants' willful deceit was with intent to induce Plaintiff into believing they had authority to start the foreclosure process by recording a false document. (See infra)

45.  Defendants' conduct as set forth above was intentional, oppressive fraudulent and malicious so as to justify an award of punitive damages in an amount sufficient that such conduct will not be repeated.

**Recording a False Document**

46.  The Notice of Default states, "That by reason thereof, the present beneficiary under such deed of trust, has *executed and delivered to said agent, a written Declaration of Default and Demand for same, and has deposited with said agent such Deed of Trust and all documents evidencing obligations secured thereby"*

However, Defendants do not have the original promissory note, nor do they provide any documents evidencing obligations secured thereby.

47.  Furthermore, according to *California Penal Code* §115 in pertinent part:

(a) Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony.
(b) Each instrument which is procured or offered to be filed, registered, or recorded in violation of subdivision (a) shall constitute a separate violation of this section.

In addition, *California Evidence Code* §669 states in pertinent part:

(a) The failure of a person to exercise due care is presumed if:
(1) He violated a statute, ordinance, or regulation of a public entity;

Here, as stated above the Declaration of Due Diligence as required by Section 2923.5 of the California Civil Code is missing and/or improper for the Notice of Default. Therefore, Defendants TRUSTEE, are guilty of a felony for recording the Notice of Default with a false instrument according to California Penal Code §115.

Since Defendants have violated a statute, the failure of them to exercise due care will be presumed.

48.    Furthermore, This defendant did not adhere to the mandates laid out by congress before a foreclosure can be considered duly perfected.  The Notice of Default states:

"That by reason thereof, the present beneficiary under such deed of trust, has *executed and delivered to said agent, a written Declaration of Default and Demand for same, and has deposited with said agent such Deed of Trust and all documents evidencing obligations secured thereby,* and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby."

However, Defendants do not have the Deed of Trust, nor do they provide any documents evidencing obligations secured thereby. For the aforementioned reasons, the Notice of Default will be void as a matter of law and Defendants recorded a false document.

## III.

### THIRD CAUSE OF ACTION
### FOR INTENTIONAL MISREPRESENTATION
#### (Against all Defendants)

49.    Plaintiff repeats and re-alleges Paragraphs 1 through 48 as though fully set forth herein.

50.    Plaintiff is informed and believe that the representation on the Deed of Trust and Notice of Default was a false intentional representation in the following particulars:

[A]    Defendants LENDER knew Defendant TRUSTEE was not authorized to commence the foreclosure process by executing a Notice of Default and it was made for the sole purpose of inducing reliance and confusing Plaintiffs.

[B]   At the time Defendant TRUSTEE executed the Notice of Default they knew the required Declaration of Due Diligence was false and for the sole purpose of inducing reliance and confusing Plaintiffs. Defendants also recorded a document they knew was false.

[C]   Defendant TRUSTEE was not entitled to the payments and authorized to start the foreclosure process since there was never a recorded assignment from.

## IV.

### FOURTH CAUSE OF ACTION
### VIOLATION OF *CALIFORNIA CIVIL CODE* §2923.6
### (As Against All Defendants)

51.   Plaintiff re-alleges and incorporates by reference the above paragraphs 1 through 50 as though set forth fully herein.

52.   Defendants' Pooling and Servicing Agreement (hereinafter "PSA") contains a duty to maximize net present value to its investors and related parties.

53.   *California Civil Code* §2923.6 broadens and extends this PSA duty by providing that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

54.   Pursuant to *California Civil Code* §2923.6(a), a servicer acts in the best interest of all parties if it agrees to or implements a loan modification where the (1) loan is in payment default, and (2) anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

55.  Plaintiff's loan is presently in an uncertain state and The Joint Economic Committee of Congress estimated in June 2007 that the average foreclosure results in $77,935.00 in costs to the homeowner, lender, local government, and neighbors.

56.  Of the $77,935.00 in foreclosure costs, the Joint Economic Committee of Congress estimates that the lender will suffer $50,000.00 in costs in conducting a non-judicial foreclosure on the property, maintaining, rehabilitating, insuring, and reselling the property to a third party. Freddie Mac places this loss higher at $58,759.00.

57.  Pursuant to *California Civil Code* §2823.6, Plaintiffs invoke the remedies embodied in the aforementioned agreement and/or codes with a <u>willingness to execute a modification of their loan</u>. This option was not explored with the Plaintiffs.

58.  Furthermore, according to <u>Anthony E. Dimock v. Emerald Properties, LLC. et al.</u> (81 Cal.App.4th 868, 97 Cal.Rptr.2d 255), Plaintiff was not required to rely upon equity in attacking the deed and therefore he was not required to meet any of the burdens imposed when, as a matter of equity, a party wishes to set aside a voidable deed. (See <u>Little v. CFS Service Corp.</u>, supra, 188 Cal.App.3d at p. 1359.) In particular, Plaintiff is not required to tender any of the amounts due under the note.

59.  Also in <u>Scott v. Security Title Ins. & Guar. Co.</u> (1937) 9 Cal.2d 606, 610-611, the court stated that "It is true that if the sale had been totally void their tender obligation would have been excused." A "void sale" according to 12 Thompson on Real Estate, Thomas Editions §101.0(c)(2)(i) can be set aside even though the property passed into the hands of a bona TRUSTEEe purchaser. Furthermore, the section states that most of the cases in which a sale to a bona TRUSTEEe purchaser was set aside involved *sales by trustees or mortgagees who lacked the power to sell.*

16
COMPLAINT

60.   Plaintiff is suing for a legal remedy and therefore, there is no requirement of tender. In addition the lack of power of sale rendered the sale void which would excuse Plaintiff's tender obligation.

## V.

### FIFTH CAUSE OF ACTION
### VIOLATION OF *CALIFORNIA CIVIL CODE* §1572
### (As to All Defendants)

61.   Plaintiff re-alleges and incorporates by reference the above paragraphs 1 through 60 as though set forth fully herein.

62.   Plaintiff is an unsophisticated customer whose reliance upon Defendants was reasonable and consistent with the Congressional intent and purpose of *California Civil Code* §1572 enacted in 1872 and designed to assist and protect consumers similarly situated as Plaintiff in this action.

63.   Defendants' misrepresentations, failures to disclose, and failure to assign as described above were made with the intent to induce Plaintiff to obligate herself in reliance on the integrity of Defendants and/or Defendants' predecessors.

64.   As an unsophisticated customer, Plaintiffs could not have discovered the true nature of the material facts on their own.

65.   Plaintiff was ignorant of the facts which Defendants misrepresented and failed to disclose and their reliance was a substantial factor in causing her harm.

66.   As a proximate result of Defendants, Plaintiff has suffered damage in an amount to be determined at trial.

67.    The conduct of Defendants as mentioned above was fraudulent within the meaning of *California Civil Code §3294(c)(3)*, and by virtue thereof Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and make an example of the Defendants.

## VI.

### SIXTH CAUSE OF ACTION
### VIOLATION OF *BUSINESS AND PROFESSIONS CODE §17200*
### (As Against All Defendants)

68.    Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 61, inclusive, as though set forth fully herein.

69.    Plaintiff allege that Defendants' practices are likely to mislead the general public, and therefore, constitute a fraudulent business act of practice within the meaning of *Business and Professions Code §17200*. The Defendants' unfair, unlawful, and fraudulent business practices and false and misleading declaration on the Notice of Default present a continuing threat to members of public in that other consumers will be defrauded into assuming this void Notice of Default is in fact valid.  Plaintiffs and other members of the general public have no other adequate remedy of law.

70.    Plaintiff alleges that the employees and/or agents of Defendant TRUSTEE represented that said employees and/or agents had contacted Plaintiff to assess his situation.  Defendants recorded a false document known as the Notice of Default with an invalid Declaration.  Furthermore, there was never an assignment from Defendants LENDER to TRUSTEE.  Therefore, the Notice of Default is VOID as a matter of law.

18
COMPLAINT

71.    The harm to Plaintiff and to members of the general public outweighs the utility of Defendants' policy and practices, consequently, constitute an unlawful business act of practice within the meaning of *Business and Professions Code* §17200.

As a result of the aforementioned acts, Plaintiff has lost money or property and suffered injury in fact. Defendants received and continue to hold Plaintiff's money and other members of the public who fell victim to Defendants' scheme.

VII

### SEVENTH CAUSE OF ACTION

### VIOLATIONS OF FEDERAL TRUTH IN LENDING ACT

**(Against Defendants LENDER)**

72.    Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 71, inclusive, as though set forth fully herein.

73.    Defendants failed to include and disclose certain charges in the finance charge shown on the TIL statement, which charges were imposed on Plaintiffs incident to the extension of credit to the Plaintiffs and were required to be disclosed pursuant to 15 USC sec. 1605 and Regulation Z sec. 226.4, thus resulting in an improper disclosure of finance charges in violation of 15 USC sec. 1601 et seq., Regulation Z sec. 226.18(d). Such undisclosed charges include a sum identified on the Settlement Statement listing the amount financed which is different from the sum listed on the original Note.

74.    By calculating the annual percentage rate ("APR") based upon improperly calculated and disclosed amounts, Defendants are in violation of 15 USC sec. 1601 et seq., Regulation Z sec. 226.18(c), 18(d) and 22.

75.    Defendants' failure to provide the required disclosures provides Plaintiff's with the right to rescind the transaction, and Plaintiffs, through this public Complaint, which is

intended to be construed, for purposes of this claim, as a form Notice of Rescission, hereby elect to rescind the transaction.

The aforementioned acts of Defendants, and each of them, were motivated by oppression, fraud, malice in that Defendants, and each of them, by their respective acts, omissions, nonfeasance, misfeasance and/or malfeasance executed an invalid foreclosure sale of the Plaintiff's Subject Property, in order to deny Plaintiff of his rights of possession and ownership, whereupon, the Foreclosure was defective as discussed above due to the VOID Notice of Default and as such the Property must be restored to Plaintiff or Plaintiff is entitled to the value of thereof.

## VIII.

### EIGHTH CAUSE OF ACTION
### ELDER ABUSE
**(As Against All Defendants)**

76. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 75, inclusive, as though set forth fully herein.

77. This cause of action is brough pursuant to California Welfare & Institutions Code sections 1600 et seq.

78. Plaintiff has requested documents via QWR to lender and Trustee only to be told by Defendants that they do not have requested documents. Defendants have not provided any proof that they actually own the DOT that they are using to illegally foreclose on Plaintiffs home. Plaintiff has gotten the constant run around and been told that they have no need to send her any of requested documentation.

79. By their actions described above, Defendants, and each of them acted with recklessness, oppression, fraud, and malice, And Plaintiff is entitled to an award of

exemplary or punitive damages pursuant to Welfare and Institutions Code Section 15657.5 and Civil Code Section 3294 and treble damages pursuant to Civil Code 3345

**WHEREFORE,** Plaintiff having set forth the claims for relief against Defendants, respectfully prays that this Court grant the following relief against the Defendants:

1. Actual Economic and Non-Economic Damages;

2. For a declaration of the rights and duties of the parties relative to Plaintiff's Home to determine the actual status and validity of the loan, Deed of Trust, and Notice of Default.

3. For a preliminary injunction and permanent injunction enjoining all Defendants, their agents, assigns, and all person acting under, for, or in concert with them, from foreclosing on Plaintiff's Home or from conducting a trustee's sale or causing a trustee's sale to be conducted relative to Plaintiff's Home;

4. Cancellation of any future sale and restitution of the home to the Plaintiffs;

5. For damages as provided by statute;

6. For an Order enjoining Defendants from continuing to violate the statutes alleged herein;

7. For a restraining order preventing Defendants and his, hers, or its agents, employees, officers, attorneys, and representatives from engaging in or performing any of the following acts: (i) offering, or advertising this property for sale and (ii) attempting to transfer title to this property and or (iii) holding any auction therefore;

8. For punitive damages;

21
COMPLAINT

9.    Costs and reasonable attorney's fees pursuant to *California Civil Code* §1717, §1788.30(b), §1788.30(c);

10.    For such other and further relief as the court may deem just and proper.

Dated: 4/16/2023                    By: *Jean Baranowski*

JEAN BARANOWSKI, Plaintiff in Pro Per

22
COMPLAINT

## VERIFICATION

I, JEAN BARANOWSKI, am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, expect as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed in Palm Desert, County of Riverside, State of California.

Dated: 4/16/2023                    By: _Jean Baranowski_
                                         JEAN BARANOWSKI, Declarant

23
COMPLAINT

# EXHIBIT 10

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
Ex Parte Application for temporary restraining order and an order to show cause RE: Preliminary Injunction

06/12/2023
8:30 AM
Department PS1

**CVPS2301882**
**BARANOWSKI vs ABUNDANT INVESTMENTS, LLC**

Honorable Kira L. Klatchko, Judge
D. Elless, Courtroom Assistant
Court Reporter: None

**APPEARANCES:**

JEAN BARANOWSKI is present Telephonically, represented by PRO PER
MAGDALENA KOZINSKA is present Telephonically, representing Abundant Investments, LLC

This matter is being live streamed for public access.
At 09:01 AM, the following proceedings were held:
Ex Parte Application for Temporary Restraining Order and an order to show cause re: Preliminary Injunction is called for hearing.
Court inquires of defense counsel regarding opposition.
Argument presented by Magdalena Kozinska.
Argument presented by Jean Baranowski.
Court makes the following order(s):
Ex Parte Application for Temporary Restraining Order and an order to show cause re: Preliminary Injunction denied.
Court does not have sufficient evidence to grant the Ex Parte Application. The complaint filed on 04/19/2023 does not state a proper cause of action to grant the Ex Parte Application.
10/18/2023 8:30 AM Case Management Conference () in Department PS1 confirmed.
Notice to be given by Magdalena Kozinska.

# EXHIBIT 11

Printed on Aug 18 2023 6:26 pm

# 6:23-bk-12509 - Jean Baranowski

Docket Header Last Updated: 8/15/2023 7:32 am

**PlnDue, Incomplete, DebtEd, DISMISSED**

**U.S. Bankruptcy Court**
**Central District of California (Riverside)**
**Bankruptcy Petition #: 6:23-bk-12509-WJ**

| | |
|---|---|
| | *Date filed:* 06/12/2023 |
| *Assigned to:* Wayne E. Johnson | *Debtor dismissed:* 06/13/2023 |
| Chapter 13 | *341 meeting:* 07/19/2023 |
| Voluntary | |
| Asset | |
| Claims Register | |

*Debtor disposition:* Dismissed for Failure to File Information

| | |
|---|---|
| ***Debtor*** | represented by **Gordon G Bones** |
| **Jean Baranowski** | Bones Law Firm |
| 107 Cachanilla Ct | 5860 Esrig Wy |
| Palm Desert, CA 92260 | Sacramento, CA 95841 |

Case 6:23-bk-13914-WJ   Doc 26-1   Filed 09/05/23   Entered 09/05/23 18:51:18   Desc
Declaration   Page 73 of 209

RIVERSIDE-CA

760-333-7499

SSN / ITIN: xxx-xx-9378

*Trustee*

**Rod Danielson (TR)**

3787 University Avenue

Riverside, CA 92501

(951) 826-8000

*U.S. Trustee*

**United States Trustee (RS)**

3801 University Avenue, Suite 720

Riverside, CA 92501-3200

(951) 276-6990

916-965-6647

Email: gbones@boneslawfirm.com

| Date | Doc # | Description |
|---|---|---|
| 08/09/2023 | **17** | Document Hearing Held - Vacated (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (YG) (Entered: 08/11/2023) |
| 07/11/2023 | **16** | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Danielson (TR), Rod) (Entered: 07/11/2023) |
| 06/28/2023 | 15 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) Confirmation hearing to be held on **8/9/2023 at 02:00 PM** at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (YG) (Entered: 06/28/2023) |
| 06/15/2023 | **14** | BNC Certificate of Notice (RE: related document(s)9 ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Doc (only for ccdn items) (BNC)) No. of Notices: 2. Notice Date 06/15/2023. (Admin.) (Entered: 06/15/2023) |

Case 6:23-bk-13914-WJ Doc 26-1 Filed 09/05/23 Entered 09/05/23 18:51:18 Desc Declaration Page 74 of 209

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 06/14/2023 | 13 | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) No. of Notices: 1. Notice Date 06/14/2023. (Admin.) (Entered: 06/14/2023) |
| 06/14/2023 | 12 | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) No. of Notices: 1. Notice Date 06/14/2023. (Admin.) (Entered: 06/14/2023) |
| 06/14/2023 | 11 | BNC Certificate of Notice (RE: related document(s)3 Meeting (AutoAssign Chapter 13)) No. of Notices: 2. Notice Date 06/14/2023. (Admin.) (Entered: 06/14/2023) |
| 06/14/2023 | 10 | Certificate of Credit Counseling Filed by Debtor Jean Baranowski . (AJ) (Entered: 06/14/2023) |
| 06/13/2023 | 9 | ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Documents - **Debtor** Dismissed.(BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski, 3 Meeting (AutoAssign Chapter 13)) (YG) (Entered: 06/13/2023) |
| 06/13/2023 | 6 | Notice to Filer of Error and/or Deficient Document **Other - Per docket entry no. 4 you added yourself as the attorney of record. At the time of the initial filing of the petition the Debtor filed in pro se. A substitution of attorney needs to be filed so you may be listed as the attorney of record on this case.** (RE: related document(s)4 Certification About a Financial Management Course for Debtor 1 (Official Form 423) filed by Debtor Jean Baranowski) (ET) (Entered: 06/13/2023) |
| 06/13/2023 | 5 | Notice to Filer of Error and/or Deficient Document **Incorrect PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)4 Certification About a Financial Management Course for Debtor 1 (Official Form 423) filed by Debtor Jean Baranowski) (WD) (Entered: 06/13/2023) |
| 06/12/2023 | 4 | Certification About a Financial Management Course for Debtor 1 (Official Form 423) Filed by Debtor Jean Baranowski. (Bones, Gordon) See docket entry no. 5 for corrective actions. Modified on 6/13/2023 (WD). (Entered: 06/12/2023) |
| 06/12/2023 | | Receipt of Chapter 13 Filing Fee - $313.00 by 03. Receipt Number 60152486. (admin) (Entered: 06/12/2023) |
| 06/12/2023 | 3 | Meeting of Creditors with 341(a) meeting to be held on **7/19/2023 at 08:00 AM** at TR 13, VIDEO CONFERENCE. GOTO TRUSTEE WEBSITE FOR INSTRUCTIONS. Confirmation hearing to be held on **8/9/2023 at 02:00 PM** at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. Proofs of Claims due by **8/21/2023**. (WD) (Entered: 06/12/2023) |
| 06/12/2023 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Jean Baranowski . (WD) (Entered: 06/12/2023) |
| 06/12/2023 | 1 | Chapter 13 Voluntary Petition Individual . Fee Amount $313 Filed by Jean Baranowski Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due **6/26/2023**. Schedule A/B: Property (Form 106A/B or 206A/B) due **6/26/2023**. Schedule C: The Property You Claim as Exempt (Form 106C) due **6/26/2023**. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due **6/26/2023**. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due **6/26/2023**. Schedule G: |

| Date Filed | # | Docket Text |
|---|---|---|

Executory Contracts and Unexpired Leases (Form 106G or 206G) due **6/26/2023**. Schedule H: Your Codebtors (Form 106H or 206H) due **6/26/2023**. Schedule I: Your Income (Form 106I) due **6/26/2023**. Schedule J: Your Expenses (Form 106J) due **6/26/2023**. Declaration About an Individual Debtors Schedules (Form 106Dec) due **6/26/2023**. Statement of Financial Affairs (Form 107 or 207) due **6/26/2023**. Chapter 13 Plan (LBR F3015-1) due by **6/26/2023**. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: **6/26/2023**. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: **6/26/2023**. Cert. of Credit Counseling due by **6/26/2023**. Statement of Related Cases (LBR Form F1015-2) due **6/26/2023**. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by **6/26/2023**. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due **6/26/2023**. Incomplete Filings due by **6/26/2023**. (WD) (Entered: 06/12/2023)

Form CACB van162−odcnf
Rev. 06/2017

# United States Bankruptcy Court
## Central District of California

**3420 Twelfth Street, Riverside, CA 92501−3819**

# ORDER AND NOTICE OF DISMISSAL
# FOR FAILURE TO FILE INITIAL PETITION DOCUMENTS

**DEBTOR INFORMATION:**
Jean Baranowski

**BANKRUPTCY NO.** 6:23−bk−12509−WJ

**CHAPTER** 13

**Last four digits of Social−Security or Individual Taxpayer−Identification (ITIN) No(s)., (if any):** xxx−xx−9378
**Employer Tax−Identification (EIN) No(s).(if any):** N/A
**Debtor Dismissal Date:** 6/13/23

**Address:**
107 Cachanilla Ct
Palm Desert, CA 92260

It appearing that a voluntary petition was filed in the above−captioned case without all the documents, signatures, or information required by FRBP 1007 and LBRs 1002−1 and 1007−1(a) to be filed or submitted at the time of the filing of a voluntary petition,

IT IS HEREBY ORDERED THAT:

(1) The case is dismissed.

(2) The automatic stay is vacated.

(3) Any discharge entered in this case is vacated.

(4) the court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law.

FOR THE COURT,

Dated: June 13, 2023

**Wayne E. Johnson**
United States Bankruptcy Judge

# EXHIBIT 12

6:23-bk-13045 - Jean Baranowski (Bankr.C.D.Cal.) | CourtDrive

Printed on Aug 18 2023 6:31 pm

# 6:23-bk-13045 - Jean Baranowski

Docket Header Last Updated: 8/18/2023 6:32 pm

Repeat-cacb, DISMISSED, PlnDue, Incomplete, RepeatPACER

**U.S. Bankruptcy Court**
**Central District of California (Riverside)**
**Bankruptcy Petition #: 6:23-bk-13045-WJ**

*Date filed:* 07/12/2023
*Assigned to:* Wayne E. Johnson
*Debtor dismissed:* 07/24/2023
Chapter 13
*341 meeting:* 08/23/2023
Voluntary
Asset
Claims Register

*Debtor disposition:* Dismissed for Failure to File Information

**Debtor**
**Jean Baranowski**
107 Cachanilla Court
Palm Desert, CA 92260

represented by **Gordon G Bones**
Bones Law Firm
5860 Esrig Wy
Sacramento, CA 95841

Case 6:23-bk-13914-WJ Doc 26-1 Filed 09/05/23 Entered 09/05/23 18:51:18 Desc Declaration Page 79 of 209

RIVERSIDE-CA                                          916-965-6647

SSN / ITIN: xxx-xx-9378                               Email: gbones@boneslawfirm.com

*aka* **Jean Baroness Baranowski**


*Trustee*

**Rod Danielson (TR)**

3787 University Avenue

Riverside, CA 92501

(951) 826-8000


*U.S. Trustee*

**United States Trustee (RS)**

3801 University Avenue, Suite 720

Riverside, CA 92501-3200

(951) 276-6990

Case 6:23-bk-13914-WJ   Doc 26-1   Filed 09/05/23   Entered 09/05/23 18:51:18   Desc
Declaration   Page 80 of 209

| Date | Doc # | Description |
|---|---|---|
| 08/16/2023 | **40** | Order Denying Motions. See order for details (BNC-PDF) (Related Doc # 24 , 29 and 32 ) Signed on 8/16/2023 (YG) (Entered: 08/16/2023) |
| 08/16/2023 | **39** | Memorandum of decision (BNC-PDF) (Related Doc # 24 ) Signed on 8/16/2023 (YG) (Entered: 08/16/2023) |
| 08/10/2023 | **38** | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Danielson (TR), Rod) (Entered: 08/10/2023) |
| 07/31/2023 | **37** | Supplemental *to Debtor's Motion to Extend Time to File Case Opening Documents* Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/31/2023) |
| 07/31/2023 | 36 | Notice to Filer of Error and/or Deficient Document **of Mismatch between filed document and docket event. The PDF is a Supplement not a new motion. THE FILER IS INSTRUCTED TO FILE A NOTICE OF WITHDRAWAL USING WITHDRAWAL DOCKET EVENT AND REFILE THE DOCUMENT USING THE CORRECT DOCKET EVENT** |

| Date Filed | # | Docket Text |
|---|---|---|
| | | THAT MATCHES THE DOCUMENT. (RE: related document(s)35 Extend Deadline to File Schedules and/or Plan (Case Opening Documents - All Chapters) (motion) filed by Debtor Jean Baranowski) (SH) (Entered: 07/31/2023) |
| 07/31/2023 | 35 | Motion to Extend Deadline to File Schedules or Provide Required Information, and/or Plan (Case Opening Documents) Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 07/31/2023) |
| 07/26/2023 | 34 | BNC Certificate of Notice (RE: related document(s)22 ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Doc Within 72 Hrs(BNC)) No. of Notices: 5. Notice Date 07/26/2023. (Admin.) (Entered: 07/26/2023) |
| 07/26/2023 | 33 | Motion to Extend Deadline to File Schedules or Provide Required Information, and/or Plan (Case Opening Documents) Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 07/26/2023) |
| 07/26/2023 | 32 | Supplemental Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/26/2023) |
| 07/25/2023 | 31 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. The pleading is interactive and need to be refiled in flatten format. Please refer to the court's website for instructions on how to flatten a PDF. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)30 Notice of motion/application filed by Debtor Jean Baranowski) (SH) (Entered: 07/25/2023) |
| 07/25/2023 | 30 | Notice of motion/application Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/25/2023) |
| 07/25/2023 | 29 | Errata Filed by Debtor Jean Baranowski (RE: related document(s)24 Motion to vacate dismissal ). (Bones, Gordon) (Entered: 07/25/2023) |
| 07/25/2023 | 28 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. All orders are to be submitted in the Lodged Order Upload (LOU) not in CM/ECF. Please see the court website at cacb.uscourts.gov for instructions. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY. Incorrect Case Number Format. The Riverside Division is 6 not 1, per the case number on the pleading and no judge initials were indicated. THE FILER IS INSTRUCTED TO FILE A NOTICE OF ERRATA WITH THE PROPER CASE NUMBER FORMAT.** (RE: related document(s)25 Motion to vacate order filed by Debtor Jean Baranowski) (SH) (Entered: 07/25/2023) |
| 07/25/2023 | 27 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. Filer is to review Judge Johnson's Self-Calendar for the correct hearing information at www.cacb.uscourts.gov. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION. THIS MATTER WILL NOT BE SET FOR CALENDAR UNTIL CORRECTIONS ARE MADE. Incorrect Case Number Format. The Riverside Division is 6 not 1, per the case number on the pleading and no judge initials were indicated. THE FILER IS INSTRUCTED TO FILE A NOTICE OF ERRATA WITH THE PROPER CASE NUMBER FORMAT.** (RE: related document(s)24 Motion to vacate dismissal filed by Debtor Jean Baranowski) (SH) (Entered: 07/25/2023) |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/25/2023 | 26 | Trustee's Comments on or Objection to Filed by Trustee Rod Danielson (TR) (RE: related document(s)24 Motion to vacate dismissal Filed by Debtor Jean Baranowski filed by Debtor Jean Baranowski). (Danielson (TR), Rod) (Entered: 07/25/2023) |
| 07/24/2023 | 25 | Motion to vacate order Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 07/24/2023) |
| 07/24/2023 | 24 | Motion to vacate dismissal Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 07/24/2023) |
| 07/24/2023 | 23 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) Confirmation hearing to be held on **9/6/2023 at 02:00 PM** at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (SH) (Entered: 07/24/2023) |
| 07/24/2023 | 22 | ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Documents Within 72 Hours - **Debtor** Dismissed.(BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski, 3 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC), Set Case Commencement Deficiency Deadlines (ccdn), 13 Meeting (AutoAssign Chapter 13)) (SH) (Entered: 07/24/2023) |
| 07/19/2023 | 21 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/19/2023) |
| 07/18/2023 | 20 | Request for special notice Filed by Creditor Deutsche Bank National Trust Company. (Wan, Fanny) (Entered: 07/18/2023) |
| 07/17/2023 | 19 | Notice to Filer of Error and/or Deficient Document **Document filed without debtor's holographic signature. Any document requiring the debtor's signature must be holographic. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)18 Statement About Your Social Security Numbers (Official Form 121) filed by Debtor Jean Baranowski) (MY) (Entered: 07/17/2023) |
| 07/17/2023 | 18 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/17/2023) |
| 07/16/2023 | 17 | BNC Certificate of Notice (RE: related document(s)13 Meeting (AutoAssign Chapter 13)) No. of Notices: 5. Notice Date 07/16/2023. (Admin.) (Entered: 07/16/2023) |
| 07/14/2023 | 16 | BNC Certificate of Notice (RE: related document(s)3 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 07/14/2023. (Admin.) (Entered: 07/14/2023) |
| 07/14/2023 | 15 | BNC Certificate of Notice (RE: related document(s)6 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 07/14/2023. (Admin.) (Entered: 07/14/2023) |
| 07/14/2023 | 14 | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) No. of Notices: 1. Notice Date 07/14/2023. (Admin.) (Entered: 07/14/2023) |

Case 6:23-bk-13914-WJ    Doc 26-1    Filed 09/05/23    Entered 09/05/23 18:51:18    Desc
Declaration    Page 82 of 209

| Date Filed | # | Docket Text |
|---|---|---|
| 07/14/2023 | 13 | Meeting of Creditors with 341(a) meeting to be held on **8/23/2023 at 09:00 AM** at TR 13, VIDEO CONFERENCE. GOTO TRUSTEE WEBSITE FOR INSTRUCTIONS. Confirmation hearing to be held on **9/6/2023 at 02:00 PM** at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. Proofs of Claims due by **9/20/2023**. (Scheduled Automatic Assignment shared account) (Entered: 07/14/2023) |
| 07/13/2023 | 12 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) Status hearing to be held on **8/23/2023 at 01:30 PM** at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (YG) (Entered: 07/13/2023) |
| 07/13/2023 | 11 | Notice to Filer of Error and/or Deficient Document **List of Creditors (mailing list) does not match the uploaded creditors .txt file. Creditors are missing from CM/ECF/not yet uploaded; filed pdf document needs to be uploaded via BK - Creditor Maintenance. THE FILER IS INSTRUCTED TO UPLOAD THE LIST OF CREDITORS (MAILING LIST) as txt. file into CM/ECF IMMEDIATELY.** (RE: related document(s)7 Verification of Master Mailing List of Creditors (LBR F1007-1) filed by Debtor Jean Baranowski) (MY) (Entered: 07/13/2023) |
| 07/13/2023 | 10 | Chapter 13 procedures order Re: (BNC-PDF) Signed on 7/13/2023 (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski). (YG) (Entered: 07/13/2023) |
| 07/13/2023 | 9 | Addendum to voluntary petition Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/13/2023) |
| 07/13/2023 | | Notice of Debtor's Prior Filings for debtor Jean Baranowski Case Number 23-12509, Chapter 13 filed in California Central Bankruptcy on 06/12/2023 , Dismissed for Failure to File Information on 06/13/2023.(Admin) (Entered: 07/13/2023) |
| 07/12/2023 | 8 | Verification of Master Mailing List of Creditors (LBR Form F1007-1) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/12/2023) |
| 07/12/2023 | 7 | Verification of Master Mailing List of Creditors (LBR Form F1007-1) *C:\ECF\Baranowski, Jean\CREDITOR.TXT* Filed by Debtor Jean Baranowski (RE: related document(s) Set Case Commencement Deficiency Deadlines (ccdn)). (Bones, Gordon) (Entered: 07/12/2023) |
| 07/12/2023 | 6 | Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (MY) (Entered: 07/12/2023) |
| 07/12/2023 | 5 | Notice to Filer of Error and/or Deficient Document **List of Creditors (mailing list) must be uploaded as creditors .txt file to CM/ECF. THE FILER IS INSTRUCTED TO UPLOAD THE LIST OF CREDITORS (MAILING LIST) TO CM/ECF IMMEDIATELY. Document filed without Debtor's holographic signature. All debtor's signatures must be holographic. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (MY) Modified on 7/12/2023 (MY). (Entered: 07/12/2023) |
| 07/12/2023 | 4 | Notice to Filer of Correction Made/No Action Required: **Incorrect schedules /statements recorded as deficient. Case is also deficient for: Statement About Your Social Security Numbers (Official Form 121) (Individual debtors only) [FRBP 1007(f); LBR 10021] due 07/17/2023; Holographic Signature of Debtor(s) on Petition (Official Form 101 or 201) due 07/17/2023 (use event Addendum to Voluntary Petition); Master Mailing List of Creditors must be uploaded in CM/ECF in text (.txt) format in accordance with the Court Manual due 07/17/2023 Statement of Related Cases (LBR Form F1015-2) due 7/26/2023. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 7/26/2023. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form** |

| Date Filed | # | Docket Text |
|---|---|---|
| | | **F1002-1) due by 7/26/2023. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 7/26/2023. THE PROPER DEFICIENCY HAS BEEN ISSUED.** (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski, Set Case Commencement Deficiency Deadlines (ccdn)) (MY) (Entered: 07/12/2023) |
| 07/12/2023 | | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) Statement of Related Cases (LBR Form F1015-2) due 7/26/2023. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 7/26/2023. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 7/26/2023. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 7/26/2023. (MY) (Entered: 07/12/2023) |
| 07/12/2023 | 3 | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (MY) (Entered: 07/12/2023) |
| 07/12/2023 | 2 | Certificate of Credit Counseling Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 07/12/2023) |
| 07/12/2023 | | Receipt of Voluntary Petition (Chapter 13)( 6:23-bk-13045) [misc,volp13] ( 313.00) Filing Fee. Receipt number A55681261. Fee amount 313.00. (re: Doc# 1) (U.S. Treasury) (Entered: 07/12/2023) |
| 07/12/2023 | 1 | Chapter 13 Voluntary Petition Individual . Fee Amount $313 Filed by Jean Baranowski Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due 07/26/2023. Schedule A/B: Property (Form 106A/B or 206A/B) due 07/26/2023. Schedule C: The Property You Claim as Exempt (Form 106C) due 07/26/2023. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due 07/26/2023. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due 07/26/2023. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due 07/26/2023. Schedule H: Your Codebtors (Form 106H or 206H) due 07/26/2023. Schedule I: Your Income (Form 106I) due 07/26/2023. Schedule J: Your Expenses (Form 106J) due 07/26/2023. Declaration About an Individual Debtors Schedules (Form 106Dec) due 07/26/2023. Statement of Financial Affairs (Form 107 or 207) due 07/26/2023. Chapter 13 Plan (LBR F3015-1) due by 07/26/2023. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: 07/26/2023. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: 07/26/2023. Incomplete Filings due by 07/26/2023. (Bones, Gordon) WARNING: Case is also deficient for: Statement About Your Social Security Numbers (Official Form 121) (Individual debtors only) [FRBP 1007(f); LBR 10021] due 07/17/2023; Holographic Signature of Debtor(s) on Petition (Official Form 101 or 201) due 07/17/2023 (use event Addendum to Voluntary Petition); Master Mailing List of Creditors must be uploaded in CM/ECF in text (.txt) format in accordance with the Court Manual due 07/17/2023 Statement of Related Cases (LBR Form F1015-2) due 7/26/2023. Disclosure of Compensation of Attorney for Debtor (Form 2030) due 7/26/2023. Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 7/26/2023. Verification of Master Mailing List of Creditors (LBR Form F1007-1) due 7/26/2023. See docket entries no.3-5 for corrective actions.Modified on 7/12/2023 (MY). (Entered: 07/12/2023) |

## PACER Service Center

**Receipt:**      08/18/2023 18:32:05

**User:**      User's PACER account

Case 6:23-bk-13914-WJ   Doc 26-1   Filed 09/05/23   Entered 09/05/23 18:51:18   Desc Declaration   Page 84 of 209

6:23-bk-13045 - Jean Baranowski (Bankr.C.D.Cal.) | CourtDrive

**Client:**

| | |
|---|---|
| **Description:** | Docket Report |
| | 6:23-bk-13045-WJ Fil or Ent: filed From: 07/31/2023 To: 08/18/2023 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Pages:** | 1 ($0.10) |

# EXHIBIT 13

JEAN BARANOWSKI
107 CACHNILLA CT
PALM DESERT CA 92260
760-333-7499

PLAINTIFF IN PRO PER

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## IN AND FOR COUNTY OF RIVERSIDE

JEAN BARANOWSKI,

                Plaintiff,

V.

ABUNDANT INVESTMENTS,
LLC;,ZBS LAW, LLP;, and
DOES 1 through 50 inclusive

Defendants.

Case No. CVPS2301882
Unlimited Jurisdiction

***EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS IN SUPPORT THEREOF**

[Declaration re: Ex Parte Notice filed concurrently]

Complaint Filed: April 19,2023
Hearing: July 14, 2023
Time: 8:30 AM
Dept.: PS1

Trial Date: Not Set

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 14, 2023, at 8:30am in Department PS1 the above-entitled court, **Plaintiff,** ("BARANOWSKI" or "Plaintiff") Will be appearing Telephonically to the hearing. Plaintiff is

1

**EX PARTE APPLICATION FOR TRO AND OSC**

elderly and high risk for Covid 19. Plaintiff will and does apply for a temporary restraining order to restrain **Defendants ZBS LAW, LLP and ABUNDANT INVESTMENTS, LLC** (hereinafter collectively, "Defendants") from (1) from Conducting a trustee sale on July 13, 2023 for the real property commonly known as **107 CACHANILLA CT., PALM DESERT, CA 92660; APN 624-400-025** (the "Subject Property"); or (2) from evicting Plaintiff and his family therefrom; and for an order requiring Defendants to show cause why a preliminary injunction should not be issued pending trial in this action, thereby enjoining defendants and their employees, agents, and all persons acting with them or on their behalf, from further selling, attempting to auction, sell, causing to be sold, transferring ownership and/or further encumbering the subject property.

This application is made pursuant to the California *Code of Civil Procedure* §527 and California *Civil Code* § 2924.12(a) on the grounds that Defendants have violated the California Homeowner Bill of Rights [**California *Civil Code* §§ 2920.5, *et seq*.**] ("HBOR") and wrongfully foreclosed on his home, and that he will suffer immediate and irreparable harm if Defendants are not so enjoined. Specifically, if the Subject Property is sold to a third party, it will be difficult if not impossible for Plaintiffs to recover it because said buyer may be protected as a bona fide purchaser for value even if Plaintiff prevails at trial.

This application is based upon the memorandum of points and authorities, the attached Declarations of Plaintiff JEAN BARANOWSKI and the accompanying declaration re: ex parte notice and the Verified Complaint filed concurrently herewith in this matter.

Dated:7/11/2023

By:_____ *Jean Baranowski* _____

JEAN BARANOWSKI, Declarant

2

**EX PARTE APPLICATION FOR TRO AND OSC**

# I.

# <u>INTRODUCTION</u>

1. July 5, 2006 I refinanced the 1st mortgage with Indymac Bank in the amount of $645.000 Secured by the deed of trust against the related Property "MERS" is not the beneficiary of this Loan.

2. October10.2006 a Second lien was made for Baranowski by Indymac without Baranowski knowledge Baranowski did not apply for a second Mortgage the sole purpose for the loan, was to obtain a valid Second lien mortgage to be sold on the secondary mortgage market. EXHIBIT 1

3. Un be known to Baranowski  and without notification or warning a notary came to Baranowski's office with a false invalid 2nd mortgage lien from Indymac coercing and under duress have Baranowski  (a crime) to sign Baranowski told the notary Baranowski did not ask or apply for the 2nd she said you have it take it now. Baranowski is still waiting to this day on the documents Abundant Investment the new holder of the loan should have to verify who signed the application approving Baranowski for this Loan

4. 2007 the loan was re-recorded. Documents were changed and implemented after the fact that the initial first 2nd Mortgage lien issued validated the lenders second mortgage to be sold on the secondary market was compromised and became invalid

5. 2008 the value of Baranowski property went down Indymac went bankrupt Baranowski  was a victim of a failed Indymac Bank. Indymac was taken over by the government.

6. 2009 to 2020 For 13 years this false invalid note was bought and sold on the secondary market, that was when Abundant Investments LLC Mr Lau contacted Baranowski claiming the company owners the note No monthly statements were ever provided to Balanowski

7. I did not respond to Abundant Investments. Who was Abundant Investments? Upon my research I found 19 Abundant Investments throughout the country most registered in the UK. (Suspicious to me). They identified themselves as Abundant Investments Oregon, they (Abundant Investments OR ) harassed me your Honor,  threatened me 74 year old (Elder abuse) with an abrupt foreclosure which they, did if I did not pay this second lien mortgage

8. Abundant Investments claimed Baranowski  owed them $250K principle plus 13 years interest I refused to accept their Loan Modification this is an invalid second lien mortgage

9. I was afraid and fearful of losing my house and having to live on the street. I lived in my home for 20 years and it was going to be my retirement home. For three months I was harassed and bombarded day and night with endless phone calls from scammers since they filed the notice of default for the world to see my house They ruined my life I live in fear all day they ruined my credit turned my life upside down. Abundant Investments LLC forced me

3

**EX PARTE APPLICATION FOR TRO AND OSC**

into Bankruptcy They would not extend or stop the sale. Because of a false foreclosure I will be unable to buy another home

10. Your Honor you said the burden of proof is on Baranowski well I am back to proof this loan is invalid and request a permanent TRO be issued I am not an attorney all I can do is base my facts on proof provided.

## FACTUAL ALLEGATIONS

## SUBJECT PROPERTY

The real property which is the subject of this action (the "Subject Property") is a single-family, owner-occupied/primary residence house located at **107 CACCHNILLA CT. PALM DSESERT, CA 92260; APN 624-400-025** (hereinafter the "Subject Property").in the County of Riverside, State of California, and legally described in the attached documents.

In or around October 2006, Plaintiff the Second Mortgage of the Subject Property was refinanced

## DEED OF TRUST

On or about October 10, 2006, a Deed of Trust ("DOT") was executed in favor of INDYMAC BANK for the Subject Property with a HELOC, Note in the amount of $129,000.00.

## ASSIGNMENT OF DEED OF TRUST

Assignment recorded on May 6, 2014 transfers DOT to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE OF INDYMAC RESIDENTIAL ASSET-BACKED TRUST, SERIES 2004-LH1

## ASSIGNMENT OF DEED OF TRUST

Assignment recorded on December 11, 2019 list the Assignee as: DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE OF SERIES 2007-H1 this is false and invalid transfer. This makes all the following transfers invalid as well.

4

**EX PARTE APPLICATION FOR TRO AND OSC**

## PLAINTIFF'S MOST RECENT EFFORTS TO MODIFY THE SUBJECT LOAN

Defendants have asked Plaintiff to file for loan modifications. However they would never prove they were the legitimate certified copy of the original loan owner of Plaintiffs Note Defendants also wanted the Plaintiff to give them an authorization to speak with their current first mortgage. Plaintiff talked to a hud agent and the lenders servicing company stating said this is highly unusual request and not necessary. Plaintiff was worried as she was finalizing a loan modification with the first mortgage and didn't trust that Defendants wouldn't sabotage here current loan modification. Plaintiff asked Defendants if she could be reviewed if she got a mortgage rating and letter of good standing. Defendants said that she would not be reviewed without authorization to speak to her 1st mortgage.

### III.

### LEGAL STANDARD

The purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. See *Granny Goose Foods, Inc. v. Teamsters* (1974) 415 U.S. 423, 438-39 (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also *Reno Air Racing Ass'n.. Inc. v. McCord* (9th Cir. 2006) 452 F.3d 1126, 1131; *Dunn v. Cate*, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

In general, the showing required for a temporary restraining order and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc*., (9th Cir. 2001)240 F.3d 832, 839 n.7.

Whether preliminary injunctive relief is governed by a multi-factor

**EX PARTE APPLICATION FOR TRO AND OSC**

test: 1) whether there is a likelihood of success on the merits; 2) whether there is a likelihood of irreparable harm to Plaintiffs in the absence of such relief; 3) whether the balance of equities lies in Plaintiff's favor; and 4) whether injunctive relief is in the public interest. *Winter v. NRDC* (2008) 129 S. Ct. 365, 374. The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldridqe*, (9th Cir. 1988).  844 F.2d 668, 674

However, in the Ninth Circuit, these factors are balanced against each other on a sliding scale, such that, for example, the greater the showing on balance of the equities the lesser must be the showing of likelihood of success. The Ninth Circuit had traditionally applied the sliding-scale test such that preliminary relief could be entered where either: a Plaintiff demonstrates a likelihood of success on the merits and the possibility of irreparable injury. *Id*.

## IV.

## CONCLUSION

As set forth in the foregoing reasons set forth in Plaintiffs declaration and proof Plaintiff respectfully requests that the Court issue a temporary restraining order to restrain and enjoin Defendants from taking any action to evict Plaintiff, and from further selling or transferring ownership and/or further encumbering the Subject Property to save Plaintiff from suffering irreparable harm.

Respectfully submitted,

Dated: 7/11/2023
By:_____*Jean Baranowski*_____
JEAN BARANOWSKI, Declarant

6
**EX PARTE APPLICATION FOR TRO AND OSC**

## <u>DECLARATION OF JR BADILLO</u>

**I, Jr Badillo an I DO HEREBY DECLARE AND STATE AS FOLLOWS:**

1.      That I am over the age of eighteen, the following facts are of personal knowledge and if sworn as a witness I can and will truthfully and competently testify thereto alleges as follows:

2.      That I make this declaration from my own personal knowledge and if called to testify I could and would competently so testify.

## <u>NOTICE TO ZBS LAW, LLP</u>

3.      On July 12, 2023, at approximately 4:30 PM I contacted Magdalena Kozinska ESQ. I informed him via voicemail of Plaintiffs intent to proceed with an Ex Parte Application for a Temporary Restraining Order to stop trustee sale set for 7/14/2023 for the real property commonly known as **107 CACHANILLA, PALM DESERT, CA 92260** (the "Subject Property").. I also Emailed her a copy of the TRO

## <u>NOTICE TO ABUNDANT INVESTMENTS, LLC</u>

4.      On July 12, 2023 at approximately 4:30 PM am I contacted Magdalena Kozinska ESQ. I informed him via voicemail of my Plaintiffs intent to proceed with an Ex Parte Application for a Temporary Restraining Order to stop trustee sale set for 6/13/202 for the real property commonly known as **107 CACHANILLA, PALM DESERT, CA 92260** (the "Subject Property").

I declare under penalty of perjury that the foregoing is true and correct under the laws of the State of California.

I executed this Declaration on July 12, 2023, at Riverside, California.



___Jr Badillo_____
Jr Badillo

1

**EX PARTE APPLICATION FOR TRO AND OSC**

## DECLARATION OF JEAN BARANOWSKI

**I, JEAN BARANOWSKI, DO HEREBY DECLARE AND STATE AS FOLLOWS:**

1.    I am the Plaintiff in the above-entitled matter.

2.    I make this declaration based upon my personal knowledge, my review of documents prior to filing this lawsuit  including the title documents recorded with the County of Riverside, City of Palm Desert, State of California related to my home, in support of my ex parte application for a temporary restraining order and OSC Re: Preliminary Injunction to restrain **Defendants ZBS LAW, LLP** and **ABUNDANT INVESTMENTS, LLC** (hereinafter collectively, "Defendants") from (1) from Selling Subject property at TRUSTEE SALE or EVICITING PLAINTIFF for the sale occurring on or about May 11, 2023 for the real property commonly known as **107 CACHANILLA CT, PALM DESERT, CA 9226, APN 624-400-025** (the "Subject Property"); or (2) from evicting me and my family therefrom. If called as a witness I could and would competently testify to the facts set forth herein.

3. Your Honor I am back here today seeking a permanent TRO. This deed Mr Lau is attempting to foreclose on Baranowski is not VALID  If this TRO is not granted it will cause irrefutable harm  to myself house never being able to acquire another home at my age live in the street my credit is runed in addition it causes irrefutable harm to many others in this nation today in the same situation as Baranowski.

FACTS

4. The lenders sole purpose in making this loan to Baranowski was to obtain a VALID 2nd lien mortgage loan for the lender to sell Baranowski's 2nd mortgage lien loan on secondary Market, PROOF EXHIBIT 1
The Conditions: **Unless** this purpose is achieved the lender will sustain a substantial monitory loss.

1

**EX PARTE APPLICATION FOR TRO AND OSC**

5. by 10/2/2006 the purpose was accomplished Baranowskis closing documents and all closing instructions and requirements required were followed thru and approved by the closing agent at closing Title insurance was issued insuring the lenders lien as a valid 2nd lien, according to the rules by the state regulatory authority to be sold on the secondary Market

## ARGUMENT:

6. Tampering with the initial Baranowski valid 2nd mortgage lien Changes implemented after the initial Valid 2nd lienbecame invalid null and void as a matter of fact the initial lien was invalid as not all the documents were included at closing thereby obtaining a false 2nd lien mortgage loan that was bought and sold on the secondary market.

7. Furthermore As a valid 2nd Lien requirement requires all documents **must be** completed and signed by Baranowski including the original Planned Unit Development Rider (that was not include) **PRIOR to closing, escrow closing and funding of the loan** This makes the initial Valid lien IN VALID and cannot be sold on the Secondary Market that were the case for 13 years Even if the instrument states documents after the fact can be implanted that was case the note and deed was re recorded 2007 a new valid lien and title insurance assuring the lenders lien as a valid second mortgage lien accordance with required rules of the state regulatory authority is required before a valid lien can be sold on the secondary market

8. Changes, tapering shred documents, adding, implementing documents after the fact close of 10/20/2006 Baranoski maintains Baranowski's second mortgage lien loan is INVALID null and void non transferrable for Mr Lau to acquire and a loss to the lender

9. Baranowski clearly demonstrates Baranowski will win on the merits and proof set forth herein and irreparable halm that it will cause Baranowski and others

10. In addition I am including my declaration EXHIB 2 filed June 22 related to our hearing of June 12, 2023 outlining Attorney Kozinska misleading the court.

11. Baranowski submitted a Formal method request EXHIBIT 3 as Attorney Kozinska who gave no preference when you asked her what format needed she did not say I requested yet again for the history of my loan documents Abundant Investments as the note holder as you said should have and others previously outlined in various request to no avail. I ask Judge please to make

2

**EX PARTE APPLICATION FOR TRO AND OSC**

it a court order for Attorney Kozinska to comply. I need the documents now to validate reasons as set out in this and precious requests.

12. I will provide up to $10,000 bond as mentioned by You Honor at the last hearing if required.

## II.

## FACTUAL ALLEGATIONS

## SUBJECT PROPERTY

The real property which is the subject of this action (the "Subject Property") is a single-family, owner-occupied/primary residence house located at **107 CACCHNILLA CT. PALM DSESERT, CA 92260; APN 624-400-025** (hereinafter the "Subject Property").in the County of Riverside, State of California, and legally described in the attached documents.

In or around October 2006, Plaintiff refinanced their Subject Property.

## DEED OF TRUST

On or about October 10, 2006, a Deed of Trust ("DOT") favor of INDYMAC BANK was executed for the Subject Property with a HELOC, Note in the amount of $129,000.00.

## ASSIGNMENT OF DEED OF TRUST

Assignment recorded on May 6, 2014 transfers DOT to DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE OF INDYMAC RESIDENTIAL ASSET-BACKED TRUST, SERIES 2004-LH1

## ASSIGNMENT OF DEED OF TRUST

Assignment recorded on December 11, 2019 list the Assignee as: DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE OF INDYM SERIES 2007-H1 this is invalid transfer. This makes all the following transfers invalid as well.

3

**EX PARTE APPLICATION FOR TRO AND OSC**

## PLAINTIFF'S MOST RECENT EFFORTS TO MODIFY THE
## SUBJECT LOAN

Defendants have asked Plaintiff to file for loan modifications. However they would never prove they were the legitimate owner of Plaintiffs Note. Defendants also wanted the Plaintiff to give them an authorization to speak with their current first mortgage. Plaintiff talked to a hud agent and first servicing company they said this is highly unusual request. Plaintiff was worried as she was finalizing a loan modification with the first mortgage and didn't trust that Defendants wouldn't sabotage here current loan modification. Plaintiff asked Defendants if she could be reviewed if she got a mortgage rating and letter of good standing. Defendants said that she would not be reviewed without authorization to speak to her 1st mortgage.

## NOTICE OF TRUSTEE'S SALE

Plaintiff is informed and believes, and based upon such information and belief, thereon alleges, Defendants have a Trustee Sale set for July 13, 2023 at 9:00 AM to sale her property at the Corona CA Superior Courthouse. Plaintiff alleges the note is invalid and the sale should not continue and decides that the recording of the NTS prior to giving her options to discuss the possibilities of the seven loan modification and/or submit a loan modification package is a violation to the California Homeowner's Bill of Rights ("HBOR") as codified in *Civil Code* sections 2920.5, et seq.

## III.
## LEGAL STANDARD

The purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. See *Granny Goose Foods, Inc. v. Teamsters* (1974) 415 U.S. 423, 438-39 (temporary restraining

4

**EX PARTE APPLICATION FOR TRO AND OSC**

orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also *Reno Air Racing Ass'n.. Inc. v. McCord* (9th Cir. 2006) 452 F.3d 1126, 1131; *Dunn v. Cate*, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

In general, the showing required for a temporary restraining order and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc*., (9th Cir. 2001)240 F.3d 832, 839 n.7.

Whether preliminary injunctive relief is governed by a multi-factor test: 1) whether there is a likelihood of success on the merits; 2) whether there is a likelihood of irreparable harm to Plaintiffs in the absence of such relief; 3) whether the balance of equities lies in Plaintiff's favor; and 4) whether injunctive relief is in the public interest. *Winter v. NRDC* (2008) 129 S. Ct. 365, 374. The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldridqe*, (9th Cir. 1988). 844 F.2d 668, 674

However, in the Ninth Circuit, these factors are balanced against each other on a sliding scale, such that, for example, the greater the showing on balance of the equities the lesser must be the showing of likelihood of success. The Ninth Circuit had traditionally applied the sliding-scale test such that preliminary relief could be entered where either: a Plaintiff demonstrates a likelihood of success on the merits and the possibility of irreparable injury. *Id*.

//

//

//

//

5

**EX PARTE APPLICATION FOR TRO AND OSC**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 11th day of July 2023 at Palm Desert, California.


By:_____*Jean Baranowski*_____
    JEAN BARANOWSKI, Declarant

6

**EX PARTE APPLICATION FOR TRO AND OSC**

BORROWER NAME: BARANOWSKI                    LOAN NUMBER: 124347784

# LENDER'S CLOSING INSTRUCTIONS

22. **REVIEW:** Please include three (3) certified copies each of the note and security instrument and provide copies of all other executed documents sent for recording such as a warranty deed, excise affidavit, quit-claim deed, buyer or seller power of attorney, etc. Additionally, for loan transactions where funds are not provided with closing documents (Dry Funding States), all documents must be in our office for review a minimum of two (2) days prior to the day you wish to record.

23. You are responsible for ensuring the borrowers receive a complete set of all *signed* documents. This includes the two (2) copies to each title owner of the Notice of Right to Cancel (if applicable).

24. Settlement Agent must notify IndyMac Bank, F.S.B., in writing, if there are indications that funds to close or the earnest money deposit did not come from Borrower.

**INITIAL CLOSING INSTRUCTIONS : YOU ARE NOT AUTHORIZED TO CLOSE THIS LOAN IF :**

1. We have not received and approved a preliminary commitment for title insurance and an estimated closing statement.
2. You are past the expiration date of our legal documents which is **October 16, 2006**
3. You have not signed a copy of these instructions plus any amendments, and given a copy to the borrowers.
4. There is any change to the original sales contract which we have not approved in writing.
5. We have not received and accepted / approved: a. Security Instruments conformed and certified plus three copies. b. Note plus three certified copies. c. Any other items sent for execution and / or notarization. We will not accept witnessed acknowledgments on notarized items.
6. We have not received and reviewed acceptable evidence of hazard insurance. Our requirements are detailed in the Hazard Insurance Section of these instructions.
7. All conditions of our loan commitment have not been met.
8. If there is a "Lender Credit", closing agent must asterisk on the HUD-1 those fees paid through this credit.
9. The closing fee charged by the closing agent cannot exceed $ **800.00**
   If closing fees increase, a delay in closing will occur. The closing agent is required to notify the lender if fees have changed prior to the closing of the transaction.
10. A transaction becomes known to you on or before the date of closing that involves the borrower(s) or if you have knowledge of a transaction involving the subject property in the last 180 days. Notify the lender, in writing, of the additional transaction to verify that it has been considered in our loan approval decision.
11. If you are notified that a title owner has rescinded this transaction, our authorization to close the loan is revoked, and you must 1) notify IndyMac Bank immediately of the borrower's reported rescission, and 2) return all funds to IndyMac Bank immediately.

**HAZARD INSURANCE:**
A Hazard Insurance binder / certificate / policy must be furnished at the time of closing in the amount not less than the loan amount, or the replacement cost of the structure, whichever is less.
The policy must meet the following requirements :

1. Original policy or facsimile signed by an authorized agent identifying the full, correct borrower(s) names, the property address, the agent's name and address, the premium amount and our loan number.
2. The required coverage amount is determined as follows:
   - If the unpaid principal balance of the Loan is equal to or greater than the value of the improvements, then the minimum coverage amount must be 100% of the value of the improvements.    Improvement Value: $ **755,600.00**
   - If the unpaid principal balance of the Loan is less than the value of the improvements, then the minimum coverage amount must be the greater of the principal balance or 80% of the value of the improvements.
   - The value of the improvements is the total estimated reproduction cost shown on the appraisal or the insurable value of the improvements as established by the insurer. If the policy provides for full replacement cost, then the value of the improvements is not used, and the named coverage amount will be deemed sufficient.
3. Paid receipt for first year premium attached or shown on HUD-1 as paid in closing.
4. Earthquake insurance (if required) use same identifying criteria as for Flood Insurance.
5. Insurer must have rating in Best's insurance guide of at least Class VI or B rating.
6. On condominiums, we must have an individual endorsement meeting the criteria above.
7. Flood Insurance (if required) : Standard policy issued by member of National Flood Insurers Association for not less than our loan amount or the cost of improvements, or the maximum amount available under National Flood Insurance Program, whichever is less. The name(s) of the borrower(s), legal description, street address, city, state, county and zip code of security property on these policies must be identical to those of the loan instruments.
8. Loss Payable Clause to:  **IndyMac Bank, F.S.B. its successors and/or assigns, HELOC Dept**
   **P.O. Box 7119 Pasadena, CA 91109-7219**
9. If a Construction loan the following is required 1) Course of Action Construction Coverage 2) General liability certificate from the contractor which names the contractor as the Insured. The Borrower and Lender must be named as Additional Insured under the contractor's liability policy 3) Worker's compensation certificate naming the contractor as the named Insured. If a Lot Loan, no insurance is required.
10. For refinance transactions, if the expiration date of the insurance policy is not at least 60 days from the closing date of the loan, the hazard premium must be paid for the following year at closing. You must provide acceptable evidence that the insurance policy is paid. If coverage is modified to meet the requirements under the Hazard Insurance section, provide evidence of the premium adjustment and that it has been paid or will be paid at closing.

**TITLE POLICY REQUIREMENTS :**
THE TOTAL CONSIDERATION IN THIS TRANSACTION EXCEPT FOR OUR LOAN PROCEEDS AND APPROVED SECONDARY FINANCING MUST PASS TO YOU IN THE FORM OF CASH. DO NOT PROCEED WITH CLOSING, AND NOTIFY OUR OFFICES IMMEDIATELY, IF YOU HAVE KNOWLEDGE OF A SALE OR TRANSFER OF THE SUBJECT PROPERTY ON OR BEFORE THE DATE OF OUR TRANSACTION, OR IF YOU HAVE KNOWLEDGE OF A CONCURRENT OR SUBSEQUENT TRANSACTION WHICH WOULD TRANSFER THE SUBJECT PROPERTY UPON COMPLETION OF THIS LOAN.
Insured Name, as it is to appears on the final title policy: INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK
Vesting:    JEAN BARANOWSKI A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY

First lien financing has been approved for    **N/A**              Initial Draw Amount: $ **5,000.00**
Secondary (subordinate) lien financing has been approved for    **129,000.00**
1. The lender's purpose in making this loan is to obtain a valid first or second lien mortgage loan suitable for sale in the secondary mortgage market. Unless this purpose is achieved, the Lender will sustain a substantial monetary loss. To avoid such a loss, you must follow these closing instructions and issue a mortgage policy of title insurance insuring the Lender's lien as a valid first or second lien according to the rules and forms promulgated by the state insurance regulatory authority.
2. Except as otherwise specifically provided in these instructions, the Lender is not to incur any expense in this transaction. The total

Electronically FILED by Superior Court of California, County of Riverside on 06/22/2023 05:13:50 PM
Case Number CVPS2301882 0060061890303 Jason B. Galkin, Executive Officer/Clerk of the Court By Chandra Ortiz, Clerk

JEAN BARANOWSKI
107 CACHNILLA CT
PALM DESERT CA 92260
760-333-7499
Email: support@moneywiser.com

# EXHIBIT 2

PLAINTIFF IN PRO PER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVIRSIDE

| | |
|---|---|
| JEAN BARANOWSKI,<br><br>                    Plaintiff,<br><br>    v.<br><br>ABUNDANT INVESTMENTS, LLC;,ZBS<br>LAW, LLP;, and DOES 1 through 50 inclusive<br><br>                    Defendants. | Case No. CVPS2301882<br>Unlimited Jurisdiction<br><br>**PROPOSED ORDER OPPOSITION REQUEST TRO TO BE REVERSED DELCARATIONOF JEAN BARANOWSKI REGARDING EXPARTY HEARING AND RULING FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNTION HEARD ON JUNE 12, 2023**<br><br>Hearing:<br>Date:        June 12 2023<br>Time:        8.30 a.m.<br> Dept.:       PS1<br><br>Date Action filed: April 19, 2023<br>Trial Date:   None Set |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Court heard Plaintiff JEAN BARANOWSKI's Ex Parte

Application for Temporary Restraining Order and Order to Show Cause Re Preliminary

Injunction, on June 12, 2023, at 8:30 a.m., in Department PS1 of the above-captioned Court.

---

1

PROPOSED ORDER OPPOSITION DECLARATION OF JEAN BARANOWSKI

DELCLARATION JEAN BARANOWSKI

Plaintiff  Jean Baranowski, hereby, oppose proposed order DENIED in support of request by defendant to be signed by Honorable Kira Klatchko regarding hearing and ruling of  Plaintifs Ex Parte application for Temporary Restraining Order (TRO) and Order to show cause re preliminary Injunction filed June 15,2023..

Your Honor,Jean Baranowski ("Baranowski") oppose proposed order DENIED not be signed by Your Honor and request the ruling be reversed. Baranowski participated in the oral argument hearing on the matter and oppose Defendants Proposed order not to sign Defendant made false and misleading statements at the hearing Baranowski has proof false and misleading statements were made misleading your Honor (EXHIBIT A)

At the hearing Baranowski argument before Judge Klatchke Baranowski stated not paying this 2nd Zombie Loan is not the issue here, the issue here are the lenders. We should be going after them. Lenders are the cause of why thousands of borrowers like myself are where we are today. They tricked us into taking these 80/20 mortgage packages bundled our seconds in pools and selling it on the open market, setting us up to fail. Not knowing what we were getting into (they never explained it to me I Baranowski did not apply for this loan I was coerced into taking it) they robbed us of our equity 2006 2007 leaving us with an overleveraged house for years.

Baranowski further argued "Don't blame us for not paying, blame the Lenders for putting us in the position MISLEADING us borrowers causing us tremendous harm and financial stress destroying our lives. What they did to us and now what Mr Lau owner of Abundant Investments LLC is doing to me and others is shameful and a disgrace taking advantage of us borrowers for them to get rich quick to tare us down wanting to take our properties we worked so hard for over the years and leave us in the street I am thankful for Attorney General of New York who is going to do everything in power to protect Homeowners in New York and stop these lenders.

Baranowski begged Judge Klatchko please to intervene help us protect us homeowners and families from these predatory abusive practices behavior of Private Investor Abundant Investments LLC viciously coming after me to  foreclose on Baranowski 2nd Zombie Mortgage and grant the Tentative Restraining order (TRO)  Judge Klatchko said she could not DENIED the TRO resulting in Abundant Investments  pursuing the foreclosure  FORCING Baranowski a senior citizen into bankruptcy completely ruining Baranowski's life forever.

Baranowski asked Judge Klatchko. afraid of losing her home and being on the street what the next step would be Judge Klatchke clearly stated  that Attorney Magdalena Kozinski representing Abundant Investments LLC agreed, and would be happy to work with Baranowski and find other resolutions to come up with to resolve this case and open to set aside the sale date. Set next day Jume 13, 2023 at 9.00a.m………

Attorney Kozinski argument, her position was that the case could not be resolved, nothing can be done no. other way other than for Baranowski to provide an application for a Loan Modification misleading Judge Klatcho in going along with her position when many other resolution were available but not considered by her client.

Baranowski emphasized, Baranowski requested proof of documents seeking verification a certified copy of  the original loan, a copy of Baranowski's signed approved loan application for the 2nd Zombie mortgage, accounting records, missing assignments,( Foot note:if assignments are not necessary according to Defendant why were assignments provided for the last three change of title transactions) copies of shredded documents ,all documents, pertaining to this loan bought and

PROPOSED ORDER OPPOSITION DECLARATION OF JEAN BARANOWSKI

sold thru out the years passed on thru the chain of title to Allied Servicing Company. Documents they cannot produce.

Baranowski further argued Baranowski did not get this loan from Abundant investments LLC that Baranowski have the right to obtain these documents Judge Klatchke specifically asked Attorney Kozinska  Quote,"why dont she provide Baranowski with the documents" Judge Klatchke further stated she did not understand why it was so difficult, why Attorney Kozinska would not give it to Baranowski they are simple **documents of the history as her client** Mr Lau owner of Abundant Investments LLC **has the loan he should have it.**

Attorney Kozinska instead argued that she provided Baranowski with ALL documents PARTICULARLY referring to a letter dated 9/25/2020 giving them authority to collect on the note and for Baranowski to apply for a Loan Modification misleading Judge Klatchko to agreeing with her position Those were NOT the documents and all others Baranowski requested.

Furthermore, Misleading, Attorney Kozinska agreed with Judge Klatche at the hearing that she was happy to work with Baranowski to find other resolution to resolve the case and was open to changing the sale date. Misleading Judge Klatche and Baranowski. When Baranowski contacted Attorney Kozinsky about the matter her email response, EXHIBIT B…. Quote, I received your voicemail from this morning and discussed this matter with my client. At this time, my client will not be postponing the foreclosure sale set for tomorrow." June 13, 2023 Forcing Baranowski into bankruptcy.

It is relevant to note, not part of the oral argument part of the hearing, Abundant Investors LLC is a registered Debt Buyer advertising as Abundant Investments LLC  Loan Solutions for Homeowners EXHIBIT C…. MISLEADING Homeowners like Baranowski and others with its false advertising luring us homeowners into foreclosure, Loan Modification or sale of the note whatever strategy best profit them leaving us homeless.

Furthermore the 2014 Assigned of Deed of Trust to Deusche Bank National Trust of the Indymac Residential Asset Backed Trust series 2004-LH1has been forward to the United States Justice Department Washington DC for review.

CONCLUSION: These Misleading oral argument statement by Attorney Kozinska are sufficient grounds for the Honarable Kira Klatchko not to sign the proposed order Denied and have Baranowski Ex Parte Application for a Temporary Restraining Order and Order to show cause Re Preliminary Injunction  on June 12,2023.be reversed

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 21st  day of June, 2023 at Palm Desert, California.

By:_____*Jean Baranowski*_____

JEAN BARANOWSKI, Declarant

3

PROPOSED ORDER OPPOSITION DECLARATION OF JEAN BARANOWSKI

## **PROOF OF SERVICE**

I am over the age of 18 and not a party to this action. I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 4902 BROCTON , RIVERSIDE CA, 92501

On 6/21/2023 I served the foregoing document(s) described as: DECLARATION OF JEAN BARNANOWSKI  to the following parties:

ZBS LAW, LLP
MAGDALENA D. KOZINSKA ESQ BAR#258403
30 CORPARTE PARK SUITE 450
IRVINE, CA 92606

[x] (By U.S. Mail) I deposited such envelope in the mail at RIVERSIDE, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed in valid in postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 6/21/2023                                  By___*Danny Aranda*_____
                                                                    DANNY ARANDA

---

4

PROPOSED ORDER OPPOSITION DECLARATION OF JEAN BARANOWSKI

# EXHIBIT A

**support <support@moneywiser.com>**                                      6/13/2023 1:59 PM

## FROM JEAN RE: Jean Baranowski v. Abundant Investments, LLC, et al.; RSC Case No. CVPS2301882

To mkozinska@zbslaw.com

---

Magdalena,

You mislead to the Judge, You said as the representative of your client Mr Lau owner of Abundant Investments LLC who has my Zombie 2nd mortgage loan you agreed with the Judge that you were open to working with me

Your email response refusing
"I received your voicemail from this morning and discussed this matter with my client. At this time, my client will not be postponing the foreclosure sale set for tomorrow."

At the hearing I asked the judge for 30 additional days so that I can get the documents I need from your client The judge specifically asked you why dont you give me the documents she did not understand why you would not give it to me they are simple required **documents as your client** Mr Lau owner of Abundant Investments LLC **have the loan he should have it**

I further I maintain you  mislead the Judge Magdalena stating your client sent me the documents to see letter 9/5/2020 those are NOT the documents I am asking for.

Your client forced me into Bankruptcy destroying my life as a senior Citizen (elder abuse) even further.

This now is a Federal matter, we are dealing direct with the United States Government

This could have been avoided but no your client want my house so badly.and your firm keep racking up even more legal fees which will be contested

Let the Federal Government now take over

As a federal matter maybe it will be best for all us homeowners going thru what I am going thru.knowing there are others including myself Mr Lau of Abundant Investments LLC  is attempting to foreclose on right now.


JEAN BARANOWSKI

# EXHIBIT B

**Magdalena Kozinska <mkozinska@zbslaw.com>**                                        6/12/2023 3:31 PM

Jean Baranowski v. Abundant Investments, LLC, et al.; RSC Case No.
CVPS2301882

To support <support@moneywiser.com>

Good Afternoon, Ms. Baranowski,

I received your voicemail from this morning and discussed this matter with my client. At this time, my client will not be postponing the foreclosure sale set for tomorrow.

Kind Regards,

**Magdalena Kozinska, Esq.**
Senior Attorney
**ZBS Law, LLP**
30 Corporate Park, Suite 450
Irvine, CA 92606
P: 714-848-7920 Ext. 396|F: 714-908-2615
Mail to: mkozinska@zbslaw.com

Providing Legal Services to the Mortgage Services Industry since 1990
*Representation in*: *CA* | *AZ* | *NV* | *WA* | *OR*

 

Notice of Confidentiality & Electronic Privacy Notice:  This e-mail message and its attachments, if any, is inclusive and protected by electronic communications privacy laws and is proprietary in nature to ZBS Law, LLP ("Company"), and is intended solely for the use of the addressee hereof.  Please be advised that this message, and the attachments, if any, may contain information that is confidential, privileged and exempt from disclosure under applicable law. If the reader of this message is not a specified and intended recipient, you are hereby notified and strictly prohibited from reading, retaining, disclosing, reproducing, distributing, disseminating or otherwise using this transmission.  The accidental delivery of this message to any person other than the intended recipient does not waive any rights, privilege or protection.  If you have received this message in error, please promptly notify the "Company" by reply e-mail or telephone and immediately delete this message from your system. You are further advised that this e-mail and any response thereto is the property of the Company and can be accessed and reviewed by the Company at any time.

- image001.png (9 KB)
- image002.png (9 KB)

# EXHIBIT C

**Abundant Investments**

Loan Solutions For Homeowners

This site is for borrowers whose loans we hold, whom we have contacted (sometimes through our servicers). We do not originate, refinance, or issue loans.

**Email:** info(at)abundantinvestmentsllc(dot)com
**Toll free:** 800-343-6740
**Phone:** 541-632-6578
**Fax:** 866-924-9836

Application checklist:

- Completed Universal Borrower Assistance Form (UBAF) download
- IRS tax returns for most recent two years.
- Income documentation for most recent two months
- 2x months most recent bank and and other financial account statements (stocks, money market, securities, retirement accounts…)
- Other hardship documentation as described in UBAF.
- Most recent first mortgage statement.
- Pictures of each interior room and each exterior side of the property (or recent appraisal).
- Homeowner's insurance declarations page.
- Copy of the first mortgage modification (if any).
- Authorization to talk to other lender(s)
- Letter with any additional information to help us understand your current situation.

This IRS website describes circumstances under which retirement funds may be withdrawn in a hardship distribution.

Your accountant is your best source of information on the specifics of your situation.

State Assistance Programs

Many states have Hardest Hit Funds or other public assistance programs to help homeowners. Contact us or HUD for further information. The United States Department of Housing and Urban Development (HUD) sponsors free housing counseling services. To find a HUD-Approved housing counselor in your area call (800) 569-4287 or visit this website.

We are debt collectors. We may be attempting to collect a debt. Any information you give may be used for that purpose. If you are currently in bankruptcy or have been discharged from bankruptcy, this is not, and should not be construed as an attempt to collect a debt, but as enforcement of a lien against property.

# EXHIBIT 3

## FORMAL REQUEST DOCUMENTS NOTICE

From:
Jean Baranowski PoPer
Support@moneywiser.com

TO:
Magdelena  Kozinska
Attorney for Abundant Investments LLC
mkozinska@zbslaw.com

RE: Baranowski v Abundant Investments, LLC /SCRC Case No. CVPS2301882

Dear Ms. Kozinska
I refer to my email to you of June 1, 2023 and filed with the court June 12,2023, including other previous related request of documents and now again an addition formal request notice for documentation of July,3 2023

 To Abundant Investments LLC  as the note holder  I, Baranowski  request the following documents as evidence to support that Abundant Investments  hold the note with all related legal documents associated with the note giving Abundant Investments the authority to demand payments on this note

 If these long overdue documents are not forthcoming by July 7,2023 the note is invalid and the foreclosure set for July 13, 2023 is illegal.

 Furthermore: The lenders sole purpose in making this loan to Baranowski was to obtain a valid 2nd lien mortgage loan for the lender to sell on secondary Market, Baranowski  considers such type business practice fraudulent. To achieve the purpose the lender required  all Baranowski  closing documents and requirements set forth by  the lender be correct legal completed signed submitted to lenders agent at closing for the lender to obtain a valid legal 2nd lien mortgage loan Changes made after closing the second mortgage lien loan is null and void non transferrable.

1)Baranowski  request **ALL original related documents of this 2nd lien** mortgage loan associated with the history of this note as clearly stated by Judge Klatchko that your client who have the note should have it

2) Documents dated and signed by Baranowski at the initial application stage of the loan process prior to lenders approval of the loan
 a) Signed documents by Baranowski when, where and how the 2nd lien mortgage was initially introduced to Baranowski

3) All Documents signed and dated by Baranowski  for all information required by the lender from Baranowski during the initial signed loan application approval decision process, to see if Baranowski  is a viable candidate to afford and receive a 2nd mortgage

4) Certified copy of the original Note signed and notarized by a power of attorney agent representing the note holder

(Page 2)

Page (2)  FORMAL REQUEST DUCUMENT NOTICE

5) Signature documentation: Signed initials verification request by the lender the appropriate initials on the original documents are that of Baranowski

6) Request. Signed verification document from the lender that the Heloc note agreement was the actual modified agreement that no changes were made subsequently. Same applies no additional documents Exhibits etc were added or changed after the closing during the transferees of this loan

7) Documentations request: that Abundant investments legally acquired this note thru the legal chain of custody from the inception of the loan 2006, when the note was charged off 2011, sold to an investor passed thru where assignments were, were not recorded sold to each  lender over the years to when Abundant Investments acquired the 2007 pool bundle from Aspen Properties they have been doing business with for years. Abundant Investments the note holder should have the history of the note as clearly stated by Judge Klatchko.

8) Destroyed documents request: Verification document from the lender that no documents can be destroyed after closing if so resulting in the second mortgage lien being invalid

9) Request monthly statements since loan acquired by the note holder 2020 to date and past payments made by Baraowski  that the lender  the note holder should have the history of the note as clearly stated by Judge Klatchko

10) Other documents request
Second request : Abundant Investments must provide  the following:
a) Legal documentation of conversion move from Oregon to Washington prior to Abundant Investments Oregon FOREIGN ENTITY LLC being dissolved 1/22/2022
b) 4/2023 Sandor William Lau personally registered  Abundant Investments LLC Oregon again as FOREIGN ENTITY  Request verification  Mr. Lau does not personally own the note but that Abundant Investments is the sole owner of the note .


JEAN BARANOWSKI

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
Ex Parte Hearing re: for Temporary Restraining Order and an Order to Show Cause Re: Preliminary
Injunction  by JEAN BARANOWSKI

07/14/2023
8:30 AM
Department PS1

**CVPS2301882**
**BARANOWSKI vs ABUNDANT INVESTMENTS, LLC**

Honorable Kira L. Klatchko, Judge
D. Elless, Courtroom Assistant
Court Reporter: None

**APPEARANCES:**
No Appearances

After review of the ex parte application and supporting declarations filed by JEAN BARANOWSKI, the
ex parte application for Temporary Restraining Order and an Order to Show Cause Re: Preliminary
Injunction is denied.
The application is moot because the sale at issue has been postponed. Further, to the extent this
application repeats arguments already addressed by the court when it denied Ms. Baranowski's last
request to postpone the sale, it is an improper motion for reconsideration.
Ex Parte Hearing re: for Temporary Restraining Order and an Order to Show Cause Re: Preliminary
Injunction by JEAN BARANOWSKI is ordered vacated (future hearing/trial).
Notice to be given by Clerk to JEAN BARANOWSKI, MAGDALENA KOZINSKA.
Minute entry completed.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

**Case Number:**   CVPS2301882

**Case Name:**   BARANOWSKI vs ABUNDANT INVESTMENTS, LLC

MAGDALENA KOZINSKA
30 Corporate Park #450
Irvine, CA 92606

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing Case Number CVPS2301882 Minute Order dated: 07/14/2023 on this date by depositing said copy as stated above.

Dated: 07/14/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of Court

by: _O. Elless_
D. Elless, Deputy Clerk

PR-CERTM
(Rev. 01/05/18)

# EXHIBIT 14

Form CACB van162−odcnf
Rev. 06/2017

## United States Bankruptcy Court
## Central District of California

**3420 Twelfth Street, Riverside, CA 92501−3819**

# ORDER AND NOTICE OF DISMISSAL
# FOR FAILURE TO FILE INITIAL PETITION DOCUMENTS

**DEBTOR INFORMATION:**
Jean Baranowski
aka Jean Baroness Baranowski

**BANKRUPTCY NO.** 6:23−bk−13045−WJ

**CHAPTER** 13

**Last four digits of Social−Security or Individual Taxpayer−Identification (ITIN) No(s)., (if any):** xxx−xx−9378
**Employer Tax−Identification (EIN) No(s).(if any):** N/A
**Debtor Dismissal Date:** 7/24/23

**Address:**
107 Cachanilla Court
Palm Desert, CA 92260

It appearing that a voluntary petition was filed in the above−captioned case without all the documents, signatures, or information required by FRBP 1007 and LBRs 1002−1 and 1007−1(a) to be filed or submitted at the time of the filing of a voluntary petition,

IT IS HEREBY ORDERED THAT:

(1)  The case is dismissed.

(2)  The automatic stay is vacated.

(3)  Any discharge entered in this case is vacated.

(4)  the court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law.

Dated: July 24, 2023

FOR THE COURT,

**Wayne E. Johnson**
United States Bankruptcy Judge

# EXHIBIT 15

FILED & ENTERED

AUG 16 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch      DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JEAN BARANOWSKI,<br><br>    Debtor. | Case No.: 6:23-bk-13045-WJ<br><br>CHAPTER 13<br><br>**MEMORANDUM OF DECISION** |

On June 12, 2023, Jean Baranowski filed her first incomplete chapter 13 bankruptcy case (6:23-bk-12509-WJ). The Court dismissed that case because the debtor failed to obtain credit counseling prior to filing the case.

The debtor then filed this second incomplete chapter 13 bankruptcy case (6:23-bk-13045-WJ) ("Second Case") on July 12, 2023. The clerk issued a deficiency notice on July 12, 2023 informing the debtor that the balance of case initiation documents were due by July 26, 2023 [docket #1-1]. Additionally, the clerk's office also issued a 72-hour deficiency notice because the debtor failed to file a statement of social security number or upload the creditors matrix. The clerk of the Court instructed the debtor to cure this deficiency by July 17, 2023 [docket #3]. The debtor did not file a social security statement with a holographic signature by the deadline. Therefore, pursuant to its standard operating procedure, the clerk of the Court dismissed this case on July 24th for this deficiency [docket #22].

The debtor then filed the following series of motions and pleadings in this Second Case (collectively, the "Motions"):

1. Motion to vacate the dismissal filed on July 24th as docket #24.

2. Proposed Order on motion to vacate the dismissal of July 24, 2023 [Proposed] filed on July 24th as docket #25.

3. Amended and correct motion to vacate the dismissal filed on July 25th as docket #29.

4. Notice of motion for hearing without a hearing filed on July 25th as docket #30.

5. Supplement to amended and corrected motion to vacate the dismissal filed on July 26th as docket #32.

6. Debtor's motion to extend time to file case opening documents filed on July 26th as docket #33 ("Motion to Extend").

7. Supplement to debtor's motion to extend time to file case opening documents filed on July 31st as docket #35.

8. Supplement to debtor's motion to extend time to file case opening documents filed on July 31st as docket #37.

- 2 -

Then, while the Motions were pending, the debtor filed a third incomplete chapter 13 bankruptcy case (6:23-bk-13624-WJ) ("Third Case") on August 14, 2023. As a result, the Motions shall be denied for three reasons.

First, and most importantly, the Motions are now moot and are denied on that basis. The debtor has proceeded with filing the Third Case and she cannot have two bankruptcy cases simultaneously.

Second, with one exception, the debtor did not serve any of these pleadings on anyone. Only the Motion to Extend has a proof of service. None of the other Motions include a proof of service. Thus, the debtor sought ex parte relief which, of course, is unfair and heavily disfavored.

Absent highly unusual circumstances, ex parte relief is inappropriate. Ex parte applications are solely for extraordinary relief and are rarely granted. Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 489 (C.D. Cal. 1995). Such applications are "inherently unfair, and they pose a threat to the administration of justice. They debilitate the adversary system." Id. at 490. An ex parte motion forces the Court to hypothesize regarding what creditors or other opposing parties would have argued had they been given the chance.

With respect to the one motion that included a proof of service (the Motion to Extend), the proof of service is defective. Specifically, paragraph 1 of the proof of service of the Motion to Extend was not completed correctly. Paragraph 1 of the proof of service states that the party completing the proof of service "checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mailing Notice List to receive NEF transmission at the e-mail addresses stated below:". Unfortunately, it does not appear that this step occurred in this case because the moving party did not list the names or titles of any persons or e-mail addresses in paragraph 1.

Rule 9013-3(d)(2)(A) of the Local Bankruptcy Rules addresses this issue. As set forth in that rule, a moving party should state in paragraph 1 of the proof of service all names, titles and e-mail addresses listed on the Electronic Mail Notice List. That list can be found by taking the following steps in CM/ECF: (1) select "Utilities", (2) select "Mailings", (3) select "Mailing Info for a Case", (4) input the correct case number and then (5) copy all information in the first

- 3 -

paragraph of CM/ECF into paragraph 1 of the proof of service. The moving party should then add the required titles as described in L.B.R. 9013-3(d)(2)(A).

Finally, motions to vacate an order of a federal court – such as a dismissal order – are typically not granted. The request is an "extraordinary remedy and is granted only in exceptional circumstances." The debtor should review the decision of the Court issued on November 20, 2017 in the case of In re Juan Rodriguez and Maria Castillo, case 6:16-bk-15016-WJ. The decision and related order are on the docket as document numbers 52 and 53. Those documents deal with legal issues directly applicable to the relief requested by the Motions in this case.

Similarly, the debtor should review the decision of the Court issued on September 24, 2019 in the case of In re Almaz Mirach, case 6:13-bk-25291-WJ. The decision and the related order are on the docket as document numbers 93 and 94. Those documents deal with legal issues directly applicable to the relief requested in this case.

Accordingly, for all these reasons the Court shall enter a separate order denying the Motions.

IT IS SO ORDERED.

###

Date: August 16, 2023

Wayne Johnson
United States Bankruptcy Judge

- 4 -

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| In re: | Case No.: 6:23-bk-13045-WJ |
|---|---|
| JEAN BARANOWSKI, | CHAPTER 13 |
| Debtor. | **ORDER DENYING MOTIONS** |

On July 12, 2023, the debtor filed this incomplete chapter 13 bankruptcy case. After the clerk of the Court dismissed this case, the debtor then filed the following series of motions and pleadings in this case (collectively, the "Motions"):

1.     Motion to vacate the dismissal filed on July 24th as docket #24.

2.     Proposed Order on motion to vacate the dismissal of July 24, 2023 [Proposed] filed on July 24th as docket #25.

3.     Amended and correct motion to vacate the dismissal filed on July 25th as docket #29.

4.     Notice of motion for hearing without a hearing filed on July 25th as docket #30.

5.     Supplement to amended and corrected motion to vacate the dismissal filed on July 26th as docket #32.

- 1 -

6. Debtor's motion to extend time to file case opening documents filed on July 26th as docket #33.

7. Supplement to debtor's motion to extend time to file case opening documents filed on July 31st as docket #35.

8. Supplement to debtor's motion to extend time to file case opening documents filed on July 31st as docket #37.

Earlier today, the Court issued a memorandum of decision addressing the Motions and the Court hereby ORDERS:

1. For the reasons set forth in the memorandum of decision, all of the Motions are denied.

IT IS SO ORDERED.

### 

Date: August 16, 2023

Wayne Johnson
United States Bankruptcy Judge

- 2 -

# EXHIBIT 16

Printed on Sep 5 2023 11:29 am

# 6:23-bk-13624 - Jean Baranowski

Docket Header Last Updated: 9/5/2023 10:46 am

**Repeat-cacb, Incomplete, RepeatPACER, DISMISSED, Pln13F**

**U.S. Bankruptcy Court**
**Central District of California (Riverside)**
**Bankruptcy Petition #: 6:23-bk-13624-WJ**

*Date filed:*  08/14/2023
*Debtor dismissed:*  08/21/2023

*Assigned to:* Wayne E. Johnson
Chapter 13
Voluntary
Asset

Claims Register

*Debtor disposition:*  Dismissed for Failure to File Information

**Debtor**
**Jean Baranowski**
78365 Highway 111 123
La Quinta, CA 92253

represented by **Gordon G Bones**
Bones Law Firm
5860 Esrig Wy
Sacramento, CA 95841

RIVERSIDE-CA

760-333-7499

SSN / ITIN: xxx-xx-9378

*aka* **Jean Baroness Baranonski**

916-965-6647

Email: gbones@boneslawfirm.com

*U.S. Trustee*

**United States Trustee (RS)**

3801 University Avenue, Suite 720

Riverside, CA 92501-3200

(951) 276-6990

| Date | No. | Description |
|---|---|---|
| 09/03/2023 | **43** | BNC Certificate of Notice - PDF Document. (RE: related document(s)41 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/03/2023. (Admin.) (Entered: 09/03/2023) |
| 09/03/2023 | **42** | BNC Certificate of Notice - PDF Document. (RE: related document(s)40 Memorandum of decision (BNC-PDF)) No. of Notices: 1. Notice Date 09/03/2023. (Admin.) (Entered: 09/03/2023) |
| 09/01/2023 | **41** | Order Denying Motions. See order for details (BNC-PDF) (Related Doc # 22 ) Signed on 9/1/2023 (YG) (Entered: 09/01/2023) |
| 09/01/2023 | **40** | Memorandum of decison (BNC-PDF) (Related Doc # 22 ) Signed on 9/1/2023 (YG) (Entered: 09/01/2023) |
| 08/29/2023 | **39** | Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J-2: Expenses for Separate Household of Debtor 2 (Joint Debtor) (Official Form 106J-2) Filed by Debtor Jean Baranowski. (Bones, Gordon) - WARNING: Schedule J is reflected in PDF of docket entry no. 39 not Schedule J-2. Modified on 8/29/2023 (ET). (Entered: 08/29/2023) |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/29/2023 | 38 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)30 Summary of Assets and Liabilities (Official Form 106Sum or 206Sum) filed by Debtor Jean Baranowski, Schedule A/B: Property (Official Form 106A/B or 206A/B), Schedule C: The Property You Claimed as Exempt (Official Form 106C), Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D), Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 106F or 206F), Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G or 206G), Schedule H: Your Codebtors (Official Form 106H or 206H), Schedule I: Your Income (Official Form 106I), Schedule J-2: Expenses for Separate Household of Debtor 2 (Joint Debtor) (Official Form 106J-2)) (ET) (Entered: 08/29/2023) |
| 08/29/2023 | | ***Statistics Reporting*** Motion for Valuation of Security (CM27). (RE: related document(s) 36 ) Chapter 13 Plan (LBR F3015-1) (AUTU) (Entered: 08/29/2023) |
| 08/28/2023 | 37 | Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/28/2023) |
| 08/28/2023 | 36 | Chapter 13 Plan (LBR F3015-1). Property value is listed at an amount EQUAL to or GREATER THAN the Secured Amount Claimed: 1 included. Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/28/2023) |
| 08/28/2023 | 35 | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/28/2023) |
| 08/28/2023 | 34 | Statement of Related Cases (LBR Form 1015-2.1) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/28/2023) |
| 08/28/2023 | 33 | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 5 Years, Disposable Income Is Determined (Official Form 122C-1) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/28/2023) |
| 08/28/2023 | 32 | Declaration About an Individual Debtor's Schedules (Official Form 106Dec) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/28/2023) |
| 08/28/2023 | 31 | Disclosure of Compensation of Attorney for Debtor (Official Form 2030) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/28/2023) |
| 08/28/2023 | 30 | Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J-2: Expenses for Separate Household of Debtor 2 (Joint Debtor) (Official Form 106J-2) Filed by Debtor Jean Baranowski. (Bones, Gordon) - WARNING: See docket entry no. 38 for corrective action. Modified on 8/29/2023 (ET). (Entered: 08/28/2023) |
| 08/28/2023 | 29 | Trustee's Comments on or Objection to Filed by Trustee Rod Danielson (RE: related document(s)25 Motion to Amend (related document(s)22 Motion to vacate dismissal , 23 Motion to vacate dismissal *REVISED FOR CAPTION ERROR ON DOCUMENT 22*) *Amended Motion to Vacate the Dismissal of August 21, 2023* Filed by Debtor Jean Baranowski |

| Date Filed | # | Docket Text |
|---|---|---|
| | | filed by Debtor Jean Baranowski). (Danielson (TR), Rod) (Entered: 08/28/2023) |
| 08/25/2023 | 28 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)26 Notice of Motion For Order Without a Hearing (LBR 9013-1(p) or (q)) filed by Debtor Jean Baranowski) (YG) (Entered: 08/25/2023) |
| 08/25/2023 | **26** | Notice of Motion For Order Without a Hearing (LBR 9013-1(p) or (q)) Filed by Debtor Jean Baranowski (RE: related document(s)25 Motion to Amend (related document(s)22 Motion to vacate dismissal , 23 Motion to vacate dismissal *REVISED FOR CAPTION ERROR ON DOCUMENT 22*) *Amended Motion to Vacate the Dismissal of August 21, 2023* Filed by Debtor Jean Baranowski). (Bones, Gordon) (Entered: 08/25/2023) |
| 08/25/2023 | **25** | Motion to Amend (related document(s)22 Motion to vacate dismissal , 23 Motion to vacate dismissal *REVISED FOR CAPTION ERROR ON DOCUMENT 22*) *Amended Motion to Vacate the Dismissal of August 21, 2023* Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 08/25/2023) |
| 08/25/2023 | | Receipt of Amended List of Creditors (Fee)( 6:23-bk-13624-WJ) [misc,amdcm] ( 32.00) Filing Fee. Receipt number A55849927. Fee amount 32.00. (re: Doc# 24) (U.S. Treasury) (Entered: 08/25/2023) |
| 08/25/2023 | **24** | Amendment to List of Creditors. Fee Amount $32 Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/25/2023) |
| 08/24/2023 | **23** | Motion to vacate dismissal *REVISED FOR CAPTION ERROR ON DOCUMENT 22* Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 08/24/2023) |
| 08/24/2023 | **22** | Motion to vacate dismissal Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 08/24/2023) |
| 08/23/2023 | **27** | Document Hearing Held - Vacated (RE: related document(s)4 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Jean Baranowski) (YG) (Entered: 08/25/2023) |
| 08/23/2023 | **21** | BNC Certificate of Notice (RE: related document(s)20 ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Doc Within 72 Hrs(BNC)) No. of Notices: 1. Notice Date 08/23/2023. (Admin.) (Entered: 08/23/2023) |
| 08/21/2023 | **20** | ORDER and Notice of Dismissal of Case for Failure to File Initial Petition Documents Within 72 Hours - **Debtor** Dismissed.(BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski, 4 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Jean Baranowski, 10 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) (YG) (Entered: 08/21/2023) |
| 08/21/2023 | **19** | Request for special notice Filed by Creditor Deutsche Bank National Trust Company. (Wan, Fanny) (Entered: 08/21/2023) |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/18/2023 | 18 | BNC Certificate of Notice - PDF Document. (RE: related document(s)14 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 08/18/2023. (Admin.) (Entered: 08/18/2023) |
| 08/17/2023 | 17 | BNC Certificate of Notice (RE: related document(s)10 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 08/17/2023. (Admin.) (Entered: 08/17/2023) |
| 08/17/2023 | 16 | BNC Certificate of Notice (RE: related document(s)9 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 08/17/2023. (Admin.) (Entered: 08/17/2023) |
| 08/17/2023 | 15 | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) No. of Notices: 1. Notice Date 08/17/2023. (Admin.) (Entered: 08/17/2023) |
| 08/16/2023 |  | Hearing Rescheduled/Continued (Other) (BK Case - BNC Option) (RE: related document(s) 1 VOLUNTARY PETITION (CHAPTER 13) filed by Jean Baranowski) Status Hearing to be held on **12/18/2023 at 01:30 PM** 3420 Twelfth Street Courtroom 304 Riverside, CA 92501 for 1 , (YG) (Entered: 08/16/2023) |
| 08/16/2023 | 14 | Scheduling order. See order for details Re: (BNC-PDF) (Related Doc # 1 ) Signed on 8/16/2023 (YG) (Entered: 08/16/2023) |
| 08/16/2023 | 13 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) Confirmation hearing to be held on **10/4/2023 at 02:00 PM** at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (YG) (Entered: 08/16/2023) |
| 08/15/2023 | 12 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) Status hearing to be held on **9/20/2023 at 02:30 PM** at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (YG) (Entered: 08/15/2023) |
| 08/15/2023 | 11 | Chapter 13 procedures order Re: (BNC-PDF) Signed on 8/15/2023 (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski). (YG) (Entered: 08/15/2023) |
| 08/15/2023 | 10 | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (ET) (Entered: 08/15/2023) |
| 08/15/2023 | 9 | Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (ET) (Entered: 08/15/2023) |
| 08/15/2023 | 8 | Notice to Filer of Correction Made/No Action Required: **Incorrect schedules /statements not recorded as deficient. THE PROPER DEFICIENCY HAS BEEN ISSUED.** (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (ET) (Entered: 08/15/2023) |
| 08/15/2023 | 7 | Notice to Filer of Correction Made/No Action Required: **Debtor(s) mailing address was entered in the system instead of the street address. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (ET) (Entered: 08/15/2023) |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/15/2023 | 6 | Notice to Filer of Correction Made/No Action Required: **Incorrect/incomplete debtor(s) name and/or alias entered. THE COURT HAS CORRECTED THIS INFORMATION. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE**. (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (ET) (Entered: 08/15/2023) |
| 08/15/2023 | 5 | Hearing Set (RE: related document(s)4 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Jean Baranowski) The Hearing date is set for **8/23/2023 at 02:30 PM** at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (YG) (Entered: 08/15/2023) |
| 08/15/2023 | | Receipt of Motion for Relief - Imposing a Stay or Continuing the Automatic Stay( 6:23-bk-13624) [motion,nmis] ( 188.00) Filing Fee. Receipt number A55807830. Fee amount 188.00. (re: Doc# 4) (U.S. Treasury) (Entered: 08/15/2023) |
| 08/15/2023 | | Notice of Debtor's Prior Filings for debtor Jean Baranowski Case Number 23-13045, Chapter 13 filed in California Central Bankruptcy on 07/12/2023 , Dismissed for Failure to File Information on 07/24/2023; Case Number 23-12509, Chapter 13 filed in California Central Bankruptcy on 06/12/2023 , Dismissed for Failure to File Information on 06/13/2023.(Admin) (Entered: 08/15/2023) |
| 08/14/2023 | **4** | Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 107 Cachanilla Ct Palm Desert CA 92260 . Fee Amount $188, Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 08/14/2023) |
| 08/14/2023 | **3** | List of Creditors (Master Mailing List of Creditors) *Matrix Format* Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/14/2023) |
| 08/14/2023 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/14/2023) |
| 08/14/2023 | | Receipt of Voluntary Petition (Chapter 13)( 6:23-bk-13624) [misc,volp13] ( 313.00) Filing Fee. Receipt number C55806425. Fee amount 313.00. (re: Doc# 1) (U.S. Treasury) (Entered: 08/14/2023) |
| 08/14/2023 | **1** | Chapter 13 Voluntary Petition Individual . Fee Amount $313 Filed by Jean Baranowski Summary of Assets and Liabilities (Form 106Sum or 206Sum ) due **08/28/2023**. Schedule A/B: Property (Form 106A/B or 206A/B) due **08/28/2023**. Schedule C: The Property You Claim as Exempt (Form 106C) due **08/28/2023**. Schedule D: Creditors Who Have Claims Secured by Property (Form 106D or 206D) due **08/28/2023**. Schedule E/F: Creditors Who Have Unsecured Claims (Form 106E/F or 206E/F) due **08/28/2023**. Schedule G: Executory Contracts and Unexpired Leases (Form 106G or 206G) due **08/28/2023**. Schedule H: Your Codebtors (Form 106H or 206H) due **08/28/2023**. Schedule I: Your Income (Form 106I) due **08/28/2023**. Schedule J: Your Expenses (Form 106J) due **08/28/2023**. Declaration About an Individual Debtors Schedules (Form 106Dec) due **08/28/2023**. Statement of Financial Affairs (Form 107 or 207) due **08/28/2023**. Chapter 13 Plan (LBR F3015-1) due by **08/28/2023**. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form 122C-1) Due: **08/28/2023**. Chapter 13 Calculation of Your Disposable Income (Form 122C-2) Due: **08/28/2023**. Incomplete Filings due by **08/28/2023**. (Bones, Gordon) WARNING: See docket entries 6,7 & 8 for corrective action. CASE ALSO DEFICIENT FOR Master Mailing List of Creditors must be uploaded in CM/ECF in text (.txt) format in accordance with the Court Manual due **8/18/2023**. See Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours , docket entry no. 10. CASE ALSO DEFICIENT FOR Certificate of Credit Counseling due 0**08/28/2023**, Statement of Related Cases due **08/28/2023**, Disclosure of Compensation of Attorney for Debtor due 08-28-2023, Declaration by Debtor(s) as to Whether Income was Received From an Employer within 60 Days of the Petition Date due **08/28/2023** and Verification of Master Mailing List of Creditors due **08/28/2023**. See Case Commencement Deficiency Notice, docket entry no. 9. Modified on 8/15/2023 (ET). (Entered: 08/14/2023) |

# EXHIBIT 17

Form CACB van162−odcnf
Rev. 06/2017

## United States Bankruptcy Court
## Central District of California

**3420 Twelfth Street, Riverside, CA 92501−3819**

# ORDER AND NOTICE OF DISMISSAL
# FOR FAILURE TO FILE INITIAL PETITION DOCUMENTS

**DEBTOR INFORMATION:**
Jean Baranowski
aka Jean Baroness Baranonski

**BANKRUPTCY NO.**  6:23−bk−13624−WJ

**CHAPTER**  13

**Last four digits of Social−Security or Individual Taxpayer−Identification (ITIN) No(s)., (if any):**  xxx−xx−9378
**Employer Tax−Identification (EIN) No(s).(if any):**  N/A
**Debtor Dismissal Date:** 8/21/23

**Address:**
78365 Highway 111 123
La Quinta, CA 92253

It appearing that a voluntary petition was filed in the above−captioned case without all the documents, signatures, or information required by FRBP 1007 and LBRs 1002−1 and 1007−1(a) to be filed or submitted at the time of the filing of a voluntary petition,

IT IS HEREBY ORDERED THAT:

(1)  The case is dismissed.

(2)  The automatic stay is vacated.

(3)  Any discharge entered in this case is vacated.

(4)  the court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law.

FOR THE COURT,

Dated: August 21, 2023

**Wayne E. Johnson**
United States Bankruptcy Judge

Form van162−odcnf Rev. 06/2017

**20 − 10 / YG**

# EXHIBIT 18

FILED & ENTERED

SEP 01 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

In re:

JEAN BARANOWSKI,

        Debtor.

Case No.: 6:23-bk-13624-WJ

CHAPTER 13

**MEMORANDUM OF DECISION**

On June 12, 2023, Jean Baranowski filed her first incomplete chapter 13 bankruptcy case (6:23-bk-12509-WJ). The Court dismissed that case because the debtor failed to obtain credit counseling prior to filing the case.

The debtor then filed a second incomplete chapter 13 bankruptcy case on July 12, 2023 (6:23-bk-13045-WJ). The Court dismissed that second case for the reasons set forth in the memorandum of decision issued on August 16, 2023 [docket #39].

The debtor then filed this third chapter 13 bankruptcy case two days earlier on August 14, 2023 (6:23-bk-13624-WJ) ("Third Case"). The clerk issued a deficiency notice on August 14, 2023, informing the debtor that the balance of case initiation documents were due by August 28, 2023 [docket #1-1]. Additionally, the clerk's office also issued a 72-hour deficiency notice because the debtor failed to submit the creditors matrix. The clerk of the Court instructed the

- 1 -

debtor to cure this deficiency by August 18, 2023 [docket #10]. The debtor did not do so. Therefore, pursuant to its standard operating procedure, the clerk of the Court dismissed this case on August 21st for this deficiency [docket #20].

The debtor then filed the following series of motions and pleadings in this Third Case (collectively, the "Motions"):

1.    Motion to vacate the dismissal filed on August 24th as docket #23.

2.    Amended motion to vacate the dismissal filed on August 24th as docket #22.

3.    Amended motion to vacate the dismissal filed on August 25th as docket #25.

4.    Notice of motion filed on August 25th as docket #26.

Then, while the Motions were pending, the debtor filed two more chapter 13 cases: a fourth chapter 13 bankruptcy case (6:23-bk-13914-WJ) on August 30, 2023 at 7:44 a.m. ("Fourth Case") and a fifth chapter 13 bankruptcy case (6:23-bk-13915-WJ) on August 30, 2023 at 8:00 a.m. ("Fifth Case"). The Fifth Case was closed later in the day as a duplicate filing. The Fourth Case remains open and pending.

As a result, the Motions shall be denied for three reasons.

First, and most importantly, the Motions are now moot and are denied on that basis. The debtor has proceeded with filing the Fourth Case and she cannot have two bankruptcy cases simultaneously.

Second, with one exception, the debtor did not serve any of the pleadings on anyone. Only the Notice of Motion has a proof of service. None of the other Motions include a proof of service. Thus, the debtor sought ex parte relief which, of course, is unfair and heavily disfavored.

Absent highly unusual circumstances, ex parte relief is inappropriate. Ex parte applications are solely for extraordinary relief and are rarely granted. Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 489 (C.D. Cal. 1995). Such applications are "inherently unfair, and they pose a threat to the administration of justice. They debilitate the adversary system." Id. at 490. An ex parte motion forces the Court to hypothesize regarding what creditors or other opposing parties would have argued had they been given the chance.

- 2 -

Finally, motions to vacate an order of a federal court – such as a dismissal order – are typically not granted. The request is an "extraordinary remedy and is granted only in exceptional circumstances." The debtor should review the decision of the Court issued on November 20, 2017 in the case of <u>In re Juan Rodriguez and Maria Castillo</u>, case 6:16-bk-15016-WJ. The decision and related order are on the docket as document numbers 52 and 53. Those documents deal with legal issues directly applicable to the relief requested by the Motions in this case.

Similarly, the debtor should review the decision of the Court issued on September 24, 2019 in the case of <u>In re Almaz Mirach</u>, case 6:13-bk-25291-WJ. The decision and the related order are on the docket as document numbers 93 and 94. Those documents deal with legal issues directly applicable to the relief requested in this case.

Accordingly, for all these reasons the Court shall enter a separate order denying the Motions.

IT IS SO ORDERED.

###

Date: September 1, 2023

Wayne Johnson
United States Bankruptcy Judge

- 3 -

FILED & ENTERED

SEP 01 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch     DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:23-bk-13624-WJ |
| JEAN BARANOWSKI, | CHAPTER 13 |
| Debtor. | **ORDER DENYING MOTIONS** |

On August 14, 2023, the debtor filed this incomplete chapter 13 bankruptcy case.  After the clerk of the Court dismissed this case, the debtor then filed the following series of motions and pleadings in this case (collectively, the "Motions"):

1.    Motion to vacate the dismissal filed on August 24th as docket #23.

2.    Amended motion to vacate the dismissal filed on August 24th as docket #22.

3.    Amended motion to vacate the dismissal filed on August 25th as docket #25.

4.    Notice of motion filed on August 25th as docket #26.

Earlier today, the Court issued a memorandum of decision addressing the Motions and the Court hereby ORDERS:

1.     For the reasons set forth in the memorandum of decision, all of the Motions are denied.

IT IS SO ORDERED.

###

Date: September 1, 2023

Wayne Johnson
United States Bankruptcy Judge

# EXHIBIT 19

Fill in this information to identify your case and this filing:

| | |
|---|---|
| Debtor 1 | **Jean Baranowski** |
| | First Name / Middle Name / Last Name |
| Debtor 2 (Spouse, if filing) | First Name / Middle Name / Last Name |

United States Bankruptcy Court for the: **CENTRAL DISTRICT OF CALIFORNIA**

Case number _____

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

■ Yes. Where is the property?

1.1

**107 Cachanilla Court**
Street address, if available, or other description

**Palm Desert      CA      92260-0000**
City          State     ZIP Code

**Riverside**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$975,000.00** | **$975,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Equitable interest**

☐ Check if this is community property (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here............................................=>

**$975,000.00**

**Part 2:  Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases*.

Official Form 106A/B                    Schedule A/B: Property                    page 1

| Debtor 1 | Jean Baranowski | Case number *(if known)* |
|---|---|---|

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

■ Yes

| 3.1 | Make: | **BMW** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*. |
|---|---|---|---|---|

Model: _____

Year: **2001**

Approximate mileage: **100,000**

Other information:

Owns-

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

| | Current value of the entire property? | Current value of the portion you own? |
|---|---|---|
| | $2,000.00 | $2,000.00 |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No

☐ Yes

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here..........................................................................=>

| | $2,000.00 |
|---|---|

**Part 3:  Describe Your Personal and Household Items**

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| | |
|---|---|
| Couch | $150.00 |
| Arm Chair | $150.00 |
| Side Tables | $75.00 |
| TV | $300.00 |
| Chairs | $200.00 |
| Dining room table | $125.00 |
| Bed | $150.00 |
| Desk | $100.00 |
| Bedroom Furniture | $200.00 |

| Official Form 106A/B | Schedule A/B: Property | page 2 |
|---|---|---|

Debtor 1    __Jean Baranowski_____    Case number *(if known)* _____

### 7. Electronics
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No

■ Yes. Describe.....

| Computer and Printer | $300.00 |

### 8. Collectibles of value
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No

☐ Yes. Describe.....

### 9. Equipment for sports and hobbies
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No

☐ Yes. Describe.....

### 10. Firearms
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

■ No

☐ Yes. Describe.....

### 11. Clothes
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No

■ Yes. Describe.....

| Clothing | $300.00 |

### 12. Jewelry
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

■ No

☐ Yes. Describe.....

### 13. Non-farm animals
*Examples:* Dogs, cats, birds, horses

■ No

☐ Yes. Describe.....

### 14. Any other personal and household items you did not already list, including any health aids you did not list

■ No

☐ Yes. Give specific information.....

### 15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here .............................................................................

| $2,050.00 |

---

**Part 4:    Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

### 16. Cash
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

■ No

☐ Yes.......................................................................................

Official Form 106A/B                          Schedule A/B: Property                                        page 3

Debtor 1    **Jean Baranowski**                                                      Case number *(if known)* _____

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar
    institutions. If you have multiple accounts with the same institution, list each.

    ☐ No
    ■ Yes.......................                                   Institution name:

    | | | | |
    |---|---|---|---|
    | 17.1. | **Checking** | **Wells Fargo Bank** | $100.00 |
    | 17.2. | **Checking** | **U.S. Bank** | $100.00 |

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

    ■ No
    ☐ Yes.................       Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

    ■ No
    ☐ Yes. Give specific information about them...................
                   Name of entity:                                    % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

    ■ No
    ☐ Yes. Give specific information about them
                   Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

    ■ No
    ☐ Yes. List each account separately.
                   Type of account:            Institution name:

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

    ■ No
    ☐ Yes. .....................       Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

    ■ No
    ☐ Yes.............       Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

    ■ No
    ☐ Yes.............       Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

    ■ No
    ☐ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

    ■ No
    ☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

    ■ No

Official Form 106A/B                          Schedule A/B: Property                                    page 4

Debtor 1    **Jean Baranowski**                                Case number *(if known)* _____

☐ Yes. Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**28. Tax refunds owed to you**

■ No

☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

_____

**29. Family support**

*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No

☐ Yes. Give specific information......

**30. Other amounts someone owes you**

*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

■ No

☐ Yes. Give specific information..

**31. Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

■ No

☐ Yes. Name the insurance company of each policy and list its value.

                      Company name:                      Beneficiary:                    Surrender or refund value:

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No

☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

■ No

☐ Yes. Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

■ No

☐ Yes. Describe each claim.........

**35. Any financial assets you did not already list**

■ No

☐ Yes. Give specific information..

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.....................................................................................................**

           **$200.00**

| **Part 5:** | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

**37. Do you own or have any legal or equitable interest in any business-related property?**

■ No. Go to Part 6.

☐ Yes. Go to line 38.

Debtor 1    **Jean Baranowski** _____    Case number *(if known)* _____

<table>
<tr><td>**Part 6:**</td><td>**Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**<br>If you own or have an interest in farmland, list it in Part 1.</td></tr>
</table>

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

   ■ No. Go to Part 7.

   ☐ Yes. Go to line 47.

<table>
<tr><td>**Part 7:**</td><td>**Describe All Property You Own or Have an Interest in That You Did Not List Above**</td></tr>
</table>

53. **Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership

   ■ No

   ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ....................................    $0.00

<table>
<tr><td>**Part 8:**</td><td>**List the Totals of Each Part of this Form**</td></tr>
</table>

| | | |
|---|---:|---:|
| 55. **Part 1: Total real estate, line 2** ................................................................................................ | | $975,000.00 |
| 56. **Part 2: Total vehicles, line 5** | $2,000.00 | |
| 57. **Part 3: Total personal and household items, line 15** | $2,050.00 | |
| 58. **Part 4: Total financial assets, line 36** | $200.00 | |
| 59. **Part 5: Total business-related property, line 45** | $0.00 | |
| 60. **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | |
| 61. **Part 7: Total other property not listed, line 54** | + $0.00 | |
| 62. **Total personal property.** Add lines 56 through 61... | $4,250.00 | Copy personal property total  $4,250.00 |
| 63. **Total of all property on Schedule A/B.** Add line 55 + line 62 | | $979,250.00 |

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| **Debtor 1** | **Jean** | | **Baranowski** |
| | First Name | Middle Name | Last Name |
| **Debtor 2** | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number
(if known) _____

☐ Check if this is an
amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property                12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

| Part 1: | List All Secured Claims |
|---|---|

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| | | Amount of claim | Value of collateral | Unsecured |
| | | Do not deduct the | that supports this | portion |
| | | value of collateral. | claim | If any |

| 2.1 | **Abundant Investments,llc** | Describe the property that secures the claim: | $115,000.00 | $975,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**107 Cachanilla Court Palm Desert, CA 92260  Riverside County**

**100 N Howard Ste R
Spokane, WA 99201**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

■ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

■ Other (including a right to offset)   **2021 purchase from a string of lenders including Indymac**

Date debt was incurred _____   Last 4 digits of account number   **8934** _____

Debtor 1   **Jean Baranowski**

     First Name       Middle Name       Last Name

Case number *(if known)* _____

| | | | |
|---|---|---|---|
| **2.2** **P H H** | Describe the property that secures the claim: | $570,000.00 | $975,000.00 | $0.00 |

**2.2** **P H H**
Creditor's Name

P.O. Box 5452
Mount Laurel, NJ
08054-5452

Number, Street, City, State & Zip Code

Describe the property that secures the claim:

107 Cachanilla Court
Palm Desert, CA  92260

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
   community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)  **Debtor is current on the debt, so remains outside of
bankruptcy**

Date debt was incurred   **2011**      Last 4 digits of account number  **5981**

| | |
|---|---|
| Add the dollar value of your entries in Column A on this page. Write that number here: | $685,000.00 |
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $685,000.00 |

| **Part 2:** | **List Others to Be Notified for a Debt That You Already Listed** |
|---|---|

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Official Form 106D    Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**    page 2 of 2

Fill in this information to identify your case:

Debtor 1       __Jean Baranowski_____
              First Name        Middle Name        Last Name

Debtor 2      _____
(Spouse if, filing)  First Name   Middle Name        Last Name

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number   _____
(if known)

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

| Part 1: | List All of Your PRIORITY Unsecured Claims |
| --- | --- |

1. **Do any creditors have priority unsecured claims against you?**

   ☐ No. Go to Part 2.

   ■ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

(For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

|  |  | Total claim | Priority amount | Nonpriority amount |
| --- | --- | --- | --- | --- |

**2.1** **Franchise Tax Board**
Priority Creditor's Name
**9646 Butterfield Way**
**Sacramento, CA 95827**
Number Street City State Zip Code

Last 4 digits of account number _____   **$35,000.00**   **$0.00**   **$35,000.00**

When was the debt incurred?   **Various**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
■ Disputed

**Type of PRIORITY unsecured claim:**
☐ Domestic support obligations
■ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

**2.2** **IRS**
Priority Creditor's Name

**Cincinnati, OH 45999-0039**
Number Street City State Zip Code

Last 4 digits of account number _____   **$80,250.00**   **$0.00**   **$80,250.00**

When was the debt incurred?   **Various**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**
☐ Domestic support obligations
■ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

Official Form 106 E/F        Schedule E/F: Creditors Who Have Unsecured Claims        Page 1 of 4
41100

Debtor 1   **Jean Baranowski** _____   Case number (if known) _____

## Part 2:   List All of Your NONPRIORITY Unsecured Claims

3.   **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

■ Yes.

4.   **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

|  |  |  |  | Total claim |
|---|---|---|---|---|

**4.1** | **Capitol One**
Nonpriority Creditor's Name
**Attn: Bankruptcy**
**P.O. Box 30285**
**Salt Lake City, UT 84130**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
**Is the claim subject to offset?**
■ No
☐ Yes

**Total claim     $6,463.00**

Last 4 digits of account number _____

When was the debt incurred?     **2021** _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card debt** _____

---

**4.2** | **Home Depot**
Nonpriority Creditor's Name
**2455 Paces Ferry Road SE**
**Atlanta, GA 30339**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
**Is the claim subject to offset?**
■ No
☐ Yes

**$8,400.00**

Last 4 digits of account number _____

When was the debt incurred?     **2021** _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Credit Card Debt** _____

Debtor 1   **Jean Baranowski** _____   Case number (if known) _____

| | | | |
|---|---|---|---|

**4.3**   **Internal Revenue Service** _____   Last 4 digits of account number _____   $0.00
Nonpriority Creditor's Name
**PO Box 7346**
**Philadelphia, PA 19101-7346**   When was the debt incurred?   **Various times**
Number Street City State Zip Code

**Who incurred the debt?** Check one.   As of the date you file, the claim is: Check all that apply

■ Debtor 1 only   ☐ Contingent

☐ Debtor 2 only   ☐ Unliquidated

☐ Debtor 1 and Debtor 2 only   ☐ Disputed

☐ At least one of the debtors and another   **Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community   ☐ Student loans
debt**
**Is the claim subject to offset?**   ☐ Obligations arising out of a separation agreement or divorce that you did not
report as priority claims

■ No   ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes   ■ Other. Specify _____

---

**4.4**   **Lowe** _____   Last 4 digits of account number   **1414**   $3,210.00
Nonpriority Creditor's Name
**P.O. Box 669824**
**Dallas, TX 75266**   When was the debt incurred?   **2021**
Number Street City State Zip Code

**Who incurred the debt?** Check one.   As of the date you file, the claim is: Check all that apply

■ Debtor 1 only   ☐ Contingent

☐ Debtor 2 only   ☐ Unliquidated

☐ Debtor 1 and Debtor 2 only   ☐ Disputed

☐ At least one of the debtors and another   **Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community   ☐ Student loans
debt**
**Is the claim subject to offset?**   ☐ Obligations arising out of a separation agreement or divorce that you did not
report as priority claims

■ No   ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes   ■ Other. Specify   **Credit Card debt**

---

**Part 3:**   **List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency
is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you
have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be
notified for any debts in Parts 1 or 2, do not fill out or submit this page.

**Part 4:**   **Add the Amounts for Each Type of Unsecured Claim**

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each
type of unsecured claim.

| | | | | Total Claim |
|---|---|---|---|---|
| | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| **Total claims from Part 1** | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 115,250.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 115,250.00 |
| | | | | Total Claim |
| | 6f. | **Student loans** | 6f. | $ 0.00 |
| **Total claims from Part 2** | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount | 6i. | $ 18,073.00 |

Official Form 106 E/F   Schedule E/F: Creditors Who Have Unsecured Claims   Page 3 of 4

Debtor 1 __Jean Baranowski_____    Case number (if known) _____

here.

                                                                            _____

6j.    **Total Nonpriority.** Add lines 6f through 6i.                6j.    $              18,073.00

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Jean Baranowski |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ■ Employed   ☐ Not employed | ☐ Employed   ☐ Not employed |
| Occupation | | Clerk | |
| Employer's name | | Storage Solutions Administrative Resourc | |
| Employer's address | | 855 E Warner Rd-Suite 102 Chandler, AZ 85226 | |
| How long employed there? | | 5 | |

### Part 2:   Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 2,539.33 | $ N/A |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ 0.00 | +$ N/A |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ 2,539.33 | $ N/A |

Debtor 1 **Jean Baranowski** _____  Case number (*if known*) _____

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | **Copy line 4 here** | 4. $ 2,539.33 | $ N/A |

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 212.33 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. | Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. | Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. | Other deductions. Specify: _____ | 5h.+ | $ 0.00 + | $ N/A |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.  6. $ 212.33  $ N/A

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.  7. $ 2,327.00  $ N/A

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.  8a. $ 3,160.00  $ N/A

8b. **Interest and dividends**  8b. $ 0.00  $ N/A

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.  8c. $ 0.00  $ N/A

8d. **Unemployment compensation**  8d. $ 0.00  $ N/A

8e. **Social Security**  8e. $ 1,100.00  $ N/A

8f. **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____  8f. $ 0.00  $ N/A

8g. **Pension or retirement income**  8g. $ 0.00  $ N/A

8h. **Other monthly income. Specify:** _____  8h.+ $ 0.00 +  $ N/A

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.  9. $ 4,260.00  $ N/A

10. **Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.  10. $ 6,587.00 + $ N/A = $ 6,587.00

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: _____  11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies  12. $ 6,587.00

Combined monthly income

13. **Do you expect an increase or decrease within the year after you file this form?**

■ No.

☐ Yes. Explain: _____

Fill in this information to identify your case:

Debtor 1    **Jean Baranowski**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No
       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ■ No

   | Do not list Debtor 1 and Debtor 2. | ☐ Yes. Fill out this information for each dependent.............. | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|---|---|
   | Do not state the dependents names. | | _____ | _____ | ☐ No ☐ Yes |
   | | | _____ | _____ | ☐ No ☐ Yes |
   | | | _____ | _____ | ☐ No ☐ Yes |
   | | | _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**   ■ No   ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | | Your expenses |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 2,800.00 |
| | **If not included in line 4:** | | |
| 4a. | Real estate taxes | 4a. $ | 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 900.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 100.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 118.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ | 724.00 |

Debtor 1    **Jean Baranowski**                                        Case number (if known) _____

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 0.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 38.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 0.00 |
| | 6d. | Other. Specify: _____ | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 100.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 100.00 |
| 10. | **Personal care products and services** | | 10. $ | 0.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 0.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 0.00 |
| | 15b. | Health insurance | 15b. $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. $ | 0.00 |
| | 15d. | Other insurance. Specify: _____ | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: _____ | 17c. $ | 0.00 |
| | 17d. | Other. Specify: _____ | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: _____ | | 21. +$ | 0.00 |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 4,880.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b.  The result is your monthly expenses. | $ | 4,880.00 |

| | | | |
|---|---|---|---|
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 6,587.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 4,880.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. $ | 1,707.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes.    | Explain here: |

# EXHIBIT 20

Printed on Sep 5 2023 11:29 am

# 6:23-bk-13914 - Jean Baranowski

*Docket Header Last Updated: 9/5/2023 9:30 am*

**Repeat-cacb, Pln13F, Incomplete, RepeatPACER**

## U.S. Bankruptcy Court
## Central District of California (Riverside)
## Bankruptcy Petition #: 6:23-bk-13914-WJ

| | |
|---|---|
| | *Date filed:*  08/30/2023 |
| *Assigned to:* Wayne E. Johnson | *341 meeting:*  10/04/2023 |
| Chapter 13 | *Deadline for filing claims:*  11/08/2023 |
| Voluntary | *Deadline for filing claims (govt.):*  02/26/2024 |
| Asset | |

**Debtor**                                                  represented by **Gordon G Bones**
**Jean Baranowski**                                         Bones Law Firm
78365 Highway 111 123                                       5860 Esrig Way
La Quinta, CA 92253                                         Sacramento, CA 95841
RIVERSIDE-CA                                                916-965-6647
SSN / ITIN: xxx-xx-9378                                     Email: gbones@boneslawfirm.com
*aka* **Jean Baroness Baranonski**

*Trustee*

**Rod Danielson (TR)**

3787 University Avenue

Riverside, CA 92501

(951) 826-8000


*U.S. Trustee*

**United States Trustee (RS)**

3801 University Avenue, Suite 720

Riverside, CA 92501-3200

(951) 276-6990

| 09/05/2023 | 24 | Request for special notice Filed by Creditor Deutsche Bank National Trust Company. (Wan, Fanny) (Entered: 09/05/2023) |
| 09/01/2023 | 23 | BNC Certificate of Notice (RE: related document(s)17 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 09/01/2023. (Admin.) (Entered: 09/01/2023) |
| 09/01/2023 | 22 | BNC Certificate of Notice (RE: related document(s)10 Meeting (AutoAssign Chapter 13)) No. of Notices: 7. Notice Date 09/01/2023. (Admin.) (Entered: 09/01/2023) |
| 09/01/2023 | 21 | Motion to Continue Hearing On (related documents 13 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay) *Amended Hearing Date* Filed by Debtor Jean Baranowski (Attachments: # 1 Exhibit) (Bones, Gordon) (Entered: 09/01/2023) |
| 08/31/2023 | 20 | Certificate of Credit Counseling Filed by Debtor Jean Baranowski (RE: related document(s)1 Voluntary Petition (Chapter 13)). (Bones, Gordon) (Entered: 08/31/2023) |
| 08/31/2023 |  | Receipt of Amended List of Creditors (Fee)( 6:23-bk-13914-WJ) [misc,amdcm] ( 32.00) Filing Fee. Receipt number A55881985. Fee amount 32.00. (re: Doc# 19) (U.S. Treasury) (Entered: 08/31/2023) |
| 08/31/2023 | 19 | Amendment to List of Creditors. Fee Amount $32 Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/31/2023) |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/31/2023 | | Notice of Debtor's Prior Filings for debtor Jean Baranowski Case Number 23-13045, Chapter 13 filed in California Central Bankruptcy on 07/12/2023 , Dismissed for Failure to File Information on 07/24/2023; Case Number 23-13915, Chapter 13 filed in California Central Bankruptcy on 08/30/2023; Case Number 23-13624, Chapter 13 filed in California Central Bankruptcy on 08/14/2023 , Dismissed for Failure to File Information on 08/21/2023; Case Number 23-12509, Chapter 13 filed in California Central Bankruptcy on 06/12/2023 , Dismissed for Failure to File Information on 06/13/2023.(Admin) (Entered: 08/31/2023) |
| 08/30/2023 | 18 | Notice to Filer of Error and/or Deficient Document **List of Creditors (mailing list) does not match the uploaded creditors .txt file. THE FILER IS INSTRUCTED TO REFILE THE LIST OF CREDITORS (MAILING LIST) WITH CORRECT INFORMATION. Petition was filed as complete, but schedules or statements are deficient. THE FILER IS INSTRUCTED TO FILE THE DEFICIENT DOCUMENTS.** (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (RS) (Entered: 08/30/2023) |
| 08/30/2023 | 17 | Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Jean Baranowski) (RS) (Entered: 08/30/2023) |
| 08/30/2023 | 16 | Hearing Set (RE: related document(s)13 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Jean Baranowski) The Hearing date is set for **9/6/2023 at 02:30 PM** at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (YG) (Entered: 08/30/2023) |
| 08/30/2023 | 15 | Certification About a Financial Management Course for Debtor 1 (Official Form 423) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Incorrect docket event used to file credit counseling certificate.) (Entered: 08/30/2023) |
| 08/30/2023 | | Receipt of Motion for Relief - Imposing a Stay or Continuing the Automatic Stay( 6:23-bk-13914-WJ) [motion,nmis] ( 188.00) Filing Fee. Receipt number A55873493. Fee amount 188.00. (re: Doc# 13) (U.S. Treasury) (Entered: 08/30/2023) |
| 08/30/2023 | 14 | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years, Disposable Income Is Determined (Official Form 122C-1) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 13 | Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 107 Cachanilla Court, Palm Desert, CA 92660 . Fee Amount $188, Filed by Debtor Jean Baranowski (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | | ***Statistics Reporting*** Motion for Valuation of Security (CM27). (RE: related document(s) 11 ) Chapter 13 Plan (LBR F3015-1) (AUTU) (Entered: 08/30/2023) |
| 08/30/2023 | | ***Statistics Reporting*** Motion to Assume Contract/Leases (CM06). (RE: related document(s) 11 ) Chapter 13 Plan (LBR F3015-1) (AUTU) (Entered: 08/30/2023) |
| 08/30/2023 | 12 | Declaration About an Individual Debtor's Schedules (Official Form 106Dec) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 11 | Chapter 13 Plan (LBR F3015-1). Property value is listed at an amount EQUAL to or GREATER THAN the Secured Amount Claimed: 1 included. Assumption of executory contracts and/or unexpired leases: 1 included. Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/30/2023 | 10 | Meeting of Creditors with 341(a) meeting to be held on **10/4/2023 at 09:00 AM** at TR 13, VIDEO CONFERENCE. GOTO TRUSTEE WEBSITE FOR INSTRUCTIONS. Confirmation hearing to be held on **10/25/2023 at 02:00 PM** at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. Proofs of Claims due by **11/8/2023**. (Scheduled Automatic Assignment, shared account) (Entered: 08/30/2023) |
| 08/30/2023 | 9 | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 8 | Verification of Master Mailing List of Creditors (LBR Form F1007-1) Filed by Debtor Jean Baranowski. (List of Creditors does not match Uploaded list of creditors.) (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 7 | Disclosure of Compensation of Attorney for Debtor (Official Form 2030) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 6 | Statement of Related Cases (LBR Form 1015-2.1) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 5 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 4 | Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 3 | Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J: Your Expenses (Official Form 106J) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | 2 | Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D) , Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule I Individual: Your Income (Official Form 106I) , Schedule J: Your Expenses (Official Form 106J) Filed by Debtor Jean Baranowski. (Bones, Gordon) (Entered: 08/30/2023) |
| 08/30/2023 | | Receipt of Voluntary Petition (Chapter 13)( 6:23-bk-13914) [misc,volp13] ( 313.00) Filing Fee. Receipt number A55873058. Fee amount 313.00. (re: Doc# 1) (U.S. Treasury) (Entered: 08/30/2023) |
| 08/30/2023 | 1 | Chapter 13 Voluntary Petition Individual . Fee Amount $313 Filed by Jean Baranowski (Bones, Gordon) WARNING: See Notice to filer docket entry #18. Case is deficient for: Certificate of Credit Counseling due **9/13/2023**. Declaration by Debtor as to whether Income was received from an Employer within 60 days due **09/13/2023**. Incomplete filings due **09/13/2023**. See Case Commencement Deficiency Notice docket entry #17. Modified on 8/30/2023 (RS). (Entered: 08/30/2023) |

# EXHIBIT 21

Fill in this information to identify your case and this filing:

Debtor 1    **Jean Baranowski**
             First Name            Middle Name           Last Name

Debtor 2
(Spouse, if filing)   First Name    Middle Name           Last Name

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number _____

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

■ Yes. Where is the property?

1.1

**107 Cachanilla Court**
Street address, if available, or other description

**Palm Desert**   **CA**   **92260-0000**
City               State    ZIP Code

**Riverside**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $975,000.00 | $975,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Equitable interest**

☐ Check if this is community property (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here............................................=> | $975,000.00

### Part 2:   Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases*.

Debtor 1    Jean Baranowski                                 Case number *(if known)* _____

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| | | | |
|---|---|---|---|
| 3.1 | Make: **BMW** | | |

Who has an interest in the property? Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Model: _____
Year: **2001**
Approximate mileage: **100,000**
Other information:

Owns-

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $2,000.00 | $2,000.00 |

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5 Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here...........................................=>     **$2,000.00**

**Part 3:**   Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| Item | Value |
|---|---|
| Couch | $150.00 |
| Arm Chair | $150.00 |
| Side Tables | $75.00 |
| TV | $300.00 |
| Chairs | $200.00 |
| Dining room table | $125.00 |
| Bed | $150.00 |
| Desk | $100.00 |
| Bedroom Furniture | $200.00 |

Official Form 106A/B              Schedule A/B: Property              page 2

Debtor 1   **Jean Baranowski**                                                      Case number *(if known)* _____

---

7. **Electronics**
    *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

    ☐ No

    ■ Yes. Describe.....

    | Computer and Printer | $300.00 |
    |---|---|

8. **Collectibles of value**
    *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

    ■ No

    ☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
    *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

    ■ No

    ☐ Yes. Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

    ■ No

    ☐ Yes. Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

    ☐ No

    ■ Yes. Describe.....

    | Clothing | $300.00 |
    |---|---|

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

    ■ No

    ☐ Yes. Describe.....

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses

    ■ No

    ☐ Yes. Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**

    ■ No

    ☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ............................................................................

    | $2,050.00 |
    |---|

---

**Part 4:   Describe Your Financial Assets**

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

    ■ No

    ☐ Yes.............................................................

---

Official Form 106A/B                    Schedule A/B: Property                                          page 3

Debtor 1    Jean Baranowski                                                    Case number *(if known)*_____

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

■ Yes........................                          Institution name:

| | 17.1. | **Checking** | **Wells Fargo Bank** | $100.00 |
|---|---|---|---|---|
| | 17.2. | **Checking** | **U.S. Bank** | $100.00 |

**18. Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No

☐ Yes..................          Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

■ No

☐ Yes.  Give specific information about them...................
          Name of entity:                                        % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No

☐ Yes. Give specific information about them
          Issuer name:

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

■ No

☐ Yes. List each account separately.
          Type of account:              Institution name:

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No

☐ Yes. ......................          Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No

☐ Yes.............          Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No

☐ Yes.............          Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

■ No

☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**

*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

■ No

☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**

*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

■ No

Official Form 106A/B                          Schedule A/B: Property                                        page 4

Debtor 1 __Jean Baranowski__                                           Case number *(if known)* _____

☐ Yes. Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
■ No
☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
■ No
☐ Yes. Give specific information..

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
■ No
☐ Yes. Name the insurance company of each policy and list its value.
      Company name:                      Beneficiary:                Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
■ No
☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
■ No
☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
■ No
☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
■ No
☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**...................................................................................................................... | **$200.00**

**Part 5:** Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. Do you own or have any legal or equitable interest in any business-related property?
■ No. Go to Part 6.
☐ Yes. Go to line 38.

Debtor 1    **Jean Baranowski**                                                    Case number *(if known)*

---

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|

If you own or have an interest in farmland, list it in Part 1.

---

46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

---

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

---

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ....................................    |  $0.00  |

---

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

---

55. **Part 1: Total real estate, line 2** ...............................................................................................    **$975,000.00**

56. **Part 2: Total vehicles, line 5**    $2,000.00

57. **Part 3: Total personal and household items, line 15**    $2,050.00

58. **Part 4: Total financial assets, line 36**    $200.00

59. **Part 5: Total business-related property, line 45**    $0.00

60. **Part 6: Total farm- and fishing-related property, line 52**    $0.00

61. **Part 7: Total other property not listed, line 54**    +    $0.00

62. **Total personal property.** Add lines 56 through 61...    $4,250.00    Copy personal property total    $4,250.00

63. **Total of all property on Schedule A/B**. Add line 55 + line 62    |  $979,250.00  |

---

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Jean Baranowski** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

### Part 1: List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A | Column B | Column C |
|---|---|---|---|
| | Amount of claim<br>Do not deduct the<br>value of collateral. | Value of collateral<br>that supports this<br>claim | Unsecured<br>portion<br>If any |

**2.1 Abundant Investments,llc**
Creditor's Name

Describe the property that secures the claim:

| | | |
|---|---|---|
| **107 Cachanilla Court Palm Desert,<br>CA 92260  Riverside County** | | |

Column A: **$115,000.00**  Column B: **$975,000.00**  Column C: **$0.00**

**100 N Howard Ste R**
**Spokane, WA 99201**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
■ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)  **2021 purchase from a string of lenders including Indymac**

Date debt was incurred _____

Last 4 digits of account number  **8934** _____

Debtor 1  **Jean Baranowski**
First Name        Middle Name        Last Name

Case number (if known) _____

| 2.2 | **P H H** | | | |
|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**  $570,000.00   $975,000.00   $0.00

**107 Cachanilla Court**
**Palm Desert, CA 92260**

**P.O. Box 5452**
**Mount Laurel, NJ**
**08054-5452**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Debtor is current on the debt, so remains outside of bankruptcy**

Date debt was incurred   **2011**          Last 4 digits of account number   **5981**

| Add the dollar value of your entries in Column A on this page. Write that number here: | $685,000.00 |
|---|---|
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $685,000.00 |

**Part 2:   List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Jean Baranowski** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number
(if known)

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:  List All of Your PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims against you?

☐ No. Go to Part 2.

■ Yes.

2. List all of your priority unsecured claims. If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

(For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | | | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|---|---|---|

**2.1**

**Franchise Tax Board**
Priority Creditor's Name
**9646 Butterfield Way
Sacramento, CA 95827**
Number Street City State Zip Code

Last 4 digits of account number _____

Total claim: **$35,000.00**  Priority amount: **$0.00**  Nonpriority amount: **$35,000.00**

When was the debt incurred? **Various**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
■ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations
■ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

**2.2**

**IRS**
Priority Creditor's Name

**Cincinnati, OH 45999-0039**
Number Street City State Zip Code

Last 4 digits of account number _____

Total claim: **$80,250.00**  Priority amount: **$0.00**  Nonpriority amount: **$80,250.00**

When was the debt incurred? **Various**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations
■ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

Official Form 106 E/F          Schedule E/F: Creditors Who Have Unsecured Claims          Page 1 of 4

41100

Debtor 1 __Jean Baranowski__     Case number (if known) _____

## Part 2:   List All of Your NONPRIORITY Unsecured Claims

3. Do any creditors have nonpriority unsecured claims against you?

   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ☑ Yes.

4. List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

|  |  | Total claim |
|---|---|---|
| **4.1** **Capitol One**<br>Nonpriority Creditor's Name<br>**Attn: Bankruptcy**<br>**P.O. Box 30285**<br>**Salt Lake City, UT 84130**<br>Number Street City State Zip Code | Last 4 digits of account number _____<br><br>When was the debt incurred?   **2021** | **$6,463.00** |

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify   **Credit Card debt**

---

|  |  | Total claim |
|---|---|---|
| **4.2** **Home Depot**<br>Nonpriority Creditor's Name<br>**2455 Paces Ferry Road SE**<br>**Atlanta, GA 30339**<br>Number Street City State Zip Code | Last 4 digits of account number _____<br><br>When was the debt incurred?   **2021** | **$8,400.00** |

**Who incurred the debt? Check one.**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a  community debt

**Is the claim subject to offset?**

☑ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify   **Credit Card Debt**

Debtor 1 __Jean Baranowski__ Case number (if known) _____

| 4.3 | **Internal Revenue Service** | | $0.00 |

**Internal Revenue Service**
Nonpriority Creditor's Name
**PO Box 7346**
**Philadelphia, PA 19101-7346**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**Last 4 digits of account number** _____

**When was the debt incurred?** **Various times**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

| 4.4 | **Lowe** | | $3,210.00 |

**Lowe**
Nonpriority Creditor's Name
**P.O. Box 669824**
**Dallas, TX 75266**
Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**Last 4 digits of account number** **1414**

**When was the debt incurred?** **2021**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify **Credit Card debt**

---

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | Domestic support obligations | 6a. | $ 0.00 |
| | 6b. | Taxes and certain other debts you owe the government | 6b. | $ 115,250.00 |
| | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $ 0.00 |
| | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | Total Priority. Add lines 6a through 6d. | 6e. | $ 115,250.00 |

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | Student loans | 6f. | $ 0.00 |
| | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $ 0.00 |
| | 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ 0.00 |
| | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount | 6i. | $ 18,073.00 |

Debtor 1 __Jean Baranowski_____    Case number (if known) _____

here.

| 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ | 18,073.00 |

Declaration Page 19 2022

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Jean Baranowski** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | | Clerk | |
| Employer's name | | Storage Solutions<br>Administrative Resourc | |
| Employer's address | | 855 E Warner Rd-Suite 102<br>Chandler, AZ 85226 | |
| How long employed there? | | 5 | |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 2,539.33 | $ N/A |
| 3. **Estimate and list monthly overtime pay.** | 3. | +$ 0.00 | +$ N/A |
| 4. **Calculate gross Income.** Add line 2 + line 3. | 4. | $ 2,539.33 | $ N/A |

Debtor 1    **Jean Baranowski**                                                                                  Case number *(if known)* _____

|  |  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | **Copy line 4 here** | 4. | $ 2,539.33 | $ N/A |

5.  **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 212.33 | $ N/A |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ N/A |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ N/A |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ N/A |
| 5e. | **Insurance** | 5e. | $ 0.00 | $ N/A |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | $ N/A |
| 5g. | **Union dues** | 5g. | $ 0.00 | $ N/A |
| 5h. | **Other deductions.** Specify: _____ | 5h.+ | $ 0.00 + | $ N/A |

6.  **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.     6.   $ 212.33    $ N/A

7.  **Calculate total monthly take-home pay.** Subtract line 6 from line 4.     7.   $ 2,327.00    $ N/A

8.  **List all other income regularly received:**

8a.  **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.     8a.   $ 3,160.00    $ N/A

8b.  **Interest and dividends**     8b.   $ 0.00    $ N/A

8c.  **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.     8c.   $ 0.00    $ N/A

8d.  **Unemployment compensation**     8d.   $ 0.00    $ N/A

8e.  **Social Security**     8e.   $ 1,100.00    $ N/A

8f.  **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____     8f.   $ 0.00    $ N/A

8g.  **Pension or retirement income**     8g.   $ 0.00    $ N/A

8h.  **Other monthly income.** Specify: _____     8h.+   $ 0.00 +    $ N/A

9.  **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.     9.   $ 4,260.00    $ N/A

10. **Calculate monthly income.** Add line 7 + line 9.     10.   $ 6,587.00 + $ N/A = $ 6,587.00
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: _____     11.   +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies     12.   $ 6,587.00
**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain: _____

Official Form 106I                              **Schedule I: Your Income**                              page 2

Fill in this information to identify your case:

Debtor 1     **Jean Baranowski**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. **Is this a joint case?**

   ☑ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

        ☐ No

        ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ☑ No

| Do not list Debtor 1 and Debtor 2. | ☐ Yes. Fill out this information for each dependent.............. | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|---|
| Do not state the dependents names. | | _____ | _____ | ☐ No  ☐ Yes |
| | | _____ | _____ | ☐ No  ☐ Yes |
| | | _____ | _____ | ☐ No  ☐ Yes |
| | | _____ | _____ | ☐ No  ☐ Yes |
| | | _____ | _____ | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**   ☑ No   ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  |  | **Your expenses** |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ 2,800.00 |
| | If not included in line 4: | |
| 4a. | Real estate taxes | 4a. $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ 900.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 100.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ 118.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ 724.00 |

Debtor 1   **Jean Baranowski**                 Case number (if known) _____

6.   **Utilities:**

| | | | |
|---|---|---|---|
| 6a. | Electricity, heat, natural gas | 6a. $ | 0.00 |
| 6b. | Water, sewer, garbage collection | 6b. $ | 38.00 |
| 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 0.00 |
| 6d. | Other. Specify: _____ | 6d. $ | 0.00 |

7.   **Food and housekeeping supplies**          7. $      100.00

8.   **Childcare and children's education costs**       8. $      0.00

9.   **Clothing, laundry, and dry cleaning**         9. $      100.00

10.  **Personal care products and services**       10. $      0.00

11.  **Medical and dental expenses**            11. $      0.00

12.  **Transportation.** Include gas, maintenance, bus or train fare.
Do not include car payments.            12. $      0.00

13.  **Entertainment, clubs, recreation, newspapers, magazines, and books**   13. $      0.00

14.  **Charitable contributions and religious donations**    14. $      0.00

15.  **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

| | | | |
|---|---|---|---|
| 15a. | Life insurance | 15a. $ | 0.00 |
| 15b. | Health insurance | 15b. $ | 0.00 |
| 15c. | Vehicle insurance | 15c. $ | 0.00 |
| 15d. | Other insurance. Specify: _____ | 15d. $ | 0.00 |

16.  **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____      16. $      0.00

17.  **Installment or lease payments:**

| | | | |
|---|---|---|---|
| 17a. | Car payments for Vehicle 1 | 17a. $ | 0.00 |
| 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| 17c. | Other. Specify: _____ | 17c. $ | 0.00 |
| 17d. | Other. Specify: _____ | 17d. $ | 0.00 |

18.  **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).**   18. $      0.00

19.  **Other payments you make to support others who do not live with you.**
Specify: _____      19.   $      0.00

20.  **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.***

| | | | |
|---|---|---|---|
| 20a. | Mortgages on other property | 20a. $ | 0.00 |
| 20b. | Real estate taxes | 20b. $ | 0.00 |
| 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |

21.  **Other:** Specify: _____      21. +$      0.00

22.  **Calculate your monthly expenses**

22a. Add lines 4 through 21.           $      4,880.00

22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2   $

22c. Add line 22a and 22b. The result is your monthly expenses.    $      4,880.00

23.  **Calculate your monthly net income.**

23a. Copy line 12 *(your combined monthly income)* from Schedule I.    23a. $      6,587.00

23b. Copy your monthly expenses from line 22c above.    23b. -$      4,880.00

23c. Subtract your monthly expenses from your monthly income.
The result is your *monthly net income.*    23c. $      1,707.00

24.  **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

  ■ No.

  ☐ Yes.     | Explain here: _____ |

Official Form 106J             **Schedule J: Your Expenses**              page 2

# EXHIBIT 22

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address<br>Gordon G. Bones<br>Bones Law Firm<br>5860 Esrig Way<br>Sacramento, CA 95841<br>916-965-6647<br>147679 CA<br>gbones@boneslawfirm.com<br><br><br>☐ *Debtor appearing without attorney*<br>☒ *Attorney for Debtor* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| | |
|---|---|
| List all names (including trade names) used by Debtor within the last 8 years.<br><br>In re:<br>Jean Baranowski<br>  AKA Jean Bar | CASE NUMBER: 6:23-bk-13624-WJ<br><br>CHAPTER 13 |
| | **CHAPTER 13 PLAN**<br>☒ Original<br>☐ 1st Amended*<br>☐ 2nd Amended*<br>☐ ___ Amended*<br>*list below which sections have been changed:<br><br><br>[FRBP 3015(b); LBR 3015-1] |
| | **11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**<br>**Date:** To Be Scheduled<br>**Time:**<br>**Address:**<br><br><br>**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**<br>**Date:** 10/4/2023<br>**Time:** 02:00 PM<br>**Address:** 3420 Twelfth St.,<br>Riverside, CA 92501<br>Crtrm 304<br>Judge Wayne E. Johnson |
| Debtor(s). | |

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code. "FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## Part 1: PRELIMINARY INFORMATION

**TO DEBTOR (the term "Debtor" includes and refers to both spouses as Debtors in a joint bankruptcy case):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**TO ALL CREDITORS:** This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

*PLEASE NOTE THAT THE PROVISIONS OF THIS PLAN MAY BE MODIFIED BY ORDER OF THE COURT.*

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation. However, the amounts listed on a proof of claim for an allowed secured or priority claim control over any contrary amounts listed in the Plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. *See* FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. *See* LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

**The following matters may be of particular importance to you:**

*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

1.1 **Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3B and/or Section IV (11 U.S.C. § 506(a) and (d)):**
☒ Included  ☐ Not included

1.2 **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):**
☐ Included  ☒ Not included

1.3 **Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:**
☐ Included  ☒ Not included

1.4 **Other Nonstandard Plan provisions, set out in Section IV:**
☒ Included  ☐ Not included

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Regardless of whether this Plan treats a claim as secured or unsecured, any lien securing such claim is not avoided other than as provided by law or order of the court.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## Part 2: PLAN TERMS

Debtor proposes the following Plan terms and makes the following declarations:

### Section I.  PLAN PAYMENT AND LENGTH OF PLAN

A.  Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed.  If the payment due date falls on the 29th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015-1(k)(1)(A)).

Payments by Debtor of:

$1,000.00 _____ per month for months 1 through __6__ totaling $6,000.00 _____.

$1,200.00 _____ per month for months __7__ through _12_ totaling $7,200.00 _____.

$2,500.00 _____ per month for months _13_ through _36_ totaling $60,000.00 _____.

$4,000.00 _____ per month for months _37_ through _60_ totaling $96,000.00 _____.

For a total plan length of _60_ months totaling $169,200 _____.

B.  Nonpriority unsecured claims.

The total amount of estimated non-priority unsecured claims is $98,323.00 _____.

1.  Unless otherwise ordered by the court, after Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are not separately classified (Class 5) will be paid *pro rata* per the option checked below. If both options below are checked, the option providing the largest payment will be effective.

a.  ☐  **"Percentage" plan:** 0 _____% of the total amount of these claims, for an estimated total payment of $_____.

b.  ☐  **"Residual" plan:** The remaining funds, after disbursements have been made to all other creditors provided for in this Plan, estimated to pay a total of $ 162.02 _____ and 0 _____% to claims in Class 5. The amount distributed to Class 5 claims may be less than the amount specified here depending on the amount of secured and priority claims allowed.

2.  Minimum Plan payments.  Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the greater of the following amounts:

a.  the sum of $0.00 _____, representing the liquidation value of the estate in a hypothetical Chapter 7 case under 11 U.S.C. § 1325(a)(4), or

b.  if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of $_____, representing all disposable income payable for 60 months under the means test.

C.  Income tax refunds.  Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan. The Debtor may retain a total of $500 of the sum of the federal and state tax refunds for each tax year. Income tax refunds received by the debtor and turned over to the Chapter 13 Trustee or directly turned over to the Chapter 13 Trustee by the taxing authorities do not decrease the total amount of payments stated in Section I.A., above. The refunds are pledged to the plan in addition to the amounts stated in Section I.A. and can be used by the Chapter 13 Trustee to increase the percentage paid to general unsecured creditors without further order of the Bankruptcy Court.

D.  In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP 3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

E.  Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -none- | | | |
| | | | |
| | | | |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

F.  Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

G.  The Chapter 13 Trustee is authorized to disburse funds after the date Plan confirmation is announced in open court.

H.  Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

I.  Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

J.  If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

K.  Debtor must pay all required ongoing property taxes and insurance premiums for all real and personal property that secures claims paid under the Plan.

## Section II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in this Plan, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

### A. ORDER OF PAYMENT OF CLAIMS:

**1st** If there are Domestic Support Obligations, the order of priority will be:

(a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full;

If there are no Domestic Support Obligations, the order of priority will be:

(a) The Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full.

**2nd** Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims until paid in full except as otherwise provided in this Plan.

**3rd** Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 4                    **F 3015-1.01.CHAPTER13.PLAN**

B.  **CLASSIFICATION AND TREATMENT OF CLAIMS:**

| CLASS 1 |
|---|

**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507**

Class 1 claims will be paid in full pro rata.  Any treatment that proposes to pay claims in Class 1(a) or 1(b) less than in full must be agreed to in writing by the holder of each such claim and specifically addressed in Section IV.D.

Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.

| CATEGORY | | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | TOTAL PAYMENT |
|---|---|---|---|---|
| a. | Administrative Expenses | | | |
| (1) | Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2) | Attorney's Fees | $2,000 | | $2,000 |
| (3) | Chapter 7 Trustee's Fees | | | |
| (4) | Other | | | |
| (5) | Other | | | |
| b. | Other Priority Claims | | | |
| (1) | Internal Revenue Service | $35,000.00 | 0.00% | $35,000.00 |
| (2) | Franchise Tax Board | $0.00 | 0.00% | $0.00 |
| (3) | Domestic Support Obligation | $0.00 | 0.00% | $0.00 |
| (4) | Other | | 0.00% | |
| c. | Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to 11 U.S.C. §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months)<br><br>*(specify creditor name):* | | | |
| -none- | | | 0.00% | 0.00% |
| | | | 0.00% | 0.00% |

☐  See attachment for additional claims in Class 1.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

*Check one.*

☒ None. *If "None" is checked, the rest of this form for Class 2 need not be completed.*

☐ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. Unless otherwise ordered by the court, these payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

The arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| | | | 0.00% | | | ☐ Trustee ☐ Debtor |
| | | | 0.00% | | | ☐ Trustee ☐ Debtor |
| | | | 0.00% | | | ☐ Trustee ☐ Debtor |

☐ See attachment for additional claims in Class 2.

## CLASS 3A

### UNIMPAIRED CLAIMS TO BE PAID DIRECTLY BY DEBTOR

*Check one.*

☒ **None.** *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☐ Debtor will make regular payments, including any preconfirmation payments, directly to the following creditors in accordance with the terms of the applicable contract (Include Creditor Name and Last 4 Digits of Account Number):

_____

_____

_____ .

The claims of these creditors are unimpaired under the plan.

☐ See attachment for additional claims in Class 3A.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| | CLASS 3B |
|---|---|

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE BIFURCATED AND PAID IN FULL DURING THE TERM OF THIS PLAN.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of this form for Class 3B need not be completed.*

☒ Debtor proposes:

**Bifurcation of Claims - Dollar amounts/lien avoidance.** Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, the claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

(a) Bifurcated claims - secured parts: Debtor proposes that, for the purposes of distributions under this Plan, the dollar amount of secured claims in this Class 3B should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

  (i) Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

  (ii) Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

(b) Bifurcated claims - unsecured parts: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| Abundant Investments, LLC | 8934 | $115,000.00 | $115,000.00 | 0.00% | $2,346.94 | $115,000.00 |
| | | | | 0.00% | | |

☐ See attachment for additional claims in Class 3B.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019      Page 7      F 3015-1.01.CHAPTER13.PLAN

## CLASS 3C

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL DURING THE TERM OF THIS PLAN (WITHOUT BIFURCATION), INCLUDING CURE OF ARREARS, IF APPLICABLE.**

*Check all that apply.*

☒ **None.** *If "None" is checked, the rest of this form for Class 3C need not be completed.*

☐ Debtor proposes to treat the claims listed below as fully secured claims on the terms set forth below. These claims will not be bifurcated. The claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

### IMPAIRED CLAIMS PAID THROUGH THE PLAN BY THE TRUSTEE

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
|  |  |  | 0.00% |  |  |

### CURE AND MAINTAIN CLAIMS

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
|  |  | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS |  |
|  |  |  | 0.00% |  |  | ☐ Trustee ☐ Debtor |

☐ See attachment for additional claims in Class 3C.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 3D

### SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

*Check one.*

☒ **None.** *If "None" is checked, the rest of this form for Class 3D need not be completed.*

☐ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor, or

2. Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below. The claim amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | 0.00% | | |
| | | | 0.00% | | |
| | | | 0.00% | | |

☐ See attachment for additional claims in Class 3D.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 4

### OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE
### AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE,
### WHICH ARE PROVIDED FOR UNDER 11 U.S.C. §1322(b)(5)

*Check one.*

☐ None. *If "None" is checked, the rest of this form for Class 4 need not be completed.*

☒ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| --- | --- | --- | --- | --- | --- | --- |
| PHH | 5981 | $0.00 | 0.00% | $0.00 | $0.00 | ☐ Trustee ☒ Debtor |
| | | | 0.00% | | | ☐ Trustee ☐ Debtor |
| | | | 0.00% | | | ☐ Trustee ☐ Debtor |

☐ See attachment for additional claims in Class 4.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| CLASS 5A |
|---|

| **NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED** |
|---|
| Allowed nonpriority unsecured claims not separately classified must be paid pursuant to Section I.B. above. |

## SEPARATE CLASSIFICATION:
*Check all that apply if Debtor proposes any separate classification of nonpriority unsecured claims.*

☒ **None.** *If "None" is checked, the rest of this form for Class 5 need not be completed.*

| CLASS 5B |
|---|

☐ **Maintenance of payments.** Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
| | | 0.00% | | |
| | | 0.00% | | |

| CLASS 5C |
|---|

☐ **Other separately classified nonpriority unsecured claims.**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | INTEREST RATE | ESTIMATED TOTAL AMOUNT OF PAYMENTS |
|---|---|---|---|---|
| | | | 0.00% | |
| | | | 0.00% | |

☐ See attachment for additional claims in Class 5.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019      Page 11      F 3015-1.01.CHAPTER13.PLAN

## CLASS 6

### SURRENDER OF COLLATERAL

*Check one.*

☒ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☐ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above.

| Creditor Name: | Description: |
|---|---|
|  |  |
|  |  |

☐ See attachment for additional claims in Class 6.

## CLASS 7

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any executory contracts or unexpired leases not listed below are deemed rejected.

*Check one.*

☒ **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐ The executory contracts and unexpired leases listed below are treated as specified (*identify the contract or lease at issue and the other party(ies) to the contract or lease*):

**Creditor Name:** _____

**Description:** _____

    ☐ **Rejected**    ☐ **Assumed; cure amount (if any): $_____, to be paid over _____ months**

**Creditor Name:** _____

**Description:** _____

    ☐ **Rejected**    ☐ **Assumed; cure amount (if any): $_____, to be paid over _____ months**

**Payments to be cured within _____ months of filing of the bankruptcy petition. All cure payments will be made through disbursements by the Chapter 13 Trustee.**

☐ See attachment for additional claims in Class 7.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## Section III. PLAN SUMMARY

| | |
|---|---|
| CLASS 1a | $2,000.00 |
| CLASS 1b | $35,000.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $0.00 |
| CLASS 3B | $115,000.00 |
| CLASS 3C | $0.00 |
| CLASS 3D | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5A | $162.02 |
| CLASS 5C | $0.00 |
| CLASS 7 | $0.00 |
| SUB-TOTAL | $152,162.02 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $16,737.98 |
| TOTAL PAYMENT | $168,900.00 |

## Section IV. NON-STANDARD PLAN PROVISIONS

☐ **None.** *If "None" is checked, the rest of Section IV need not be completed.*

**Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan. Any nonstandard Plan provision that does not comply with these requirements is _ineffective_.** A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

**The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.**

☐ A. Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)]. Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A**.

☐ B. Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)]. Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral (e.g., 2nd lien on 123 Main St.):** _____

_____

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral (e.g., 2nd lien on 123 Main St.):** _____

_____

☐ See attachment for any additional liens and security interests to be avoided by separate 11 U.S.C. § 522(f) motion.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

☒ C. **Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien.** Debtor proposes to modify the following secured claims and liens in this Plan <u>without</u> a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN.CONFRM and all related exhibits as instructed in that form. Note: Not all Judges will grant motions to value and/or avoid liens through this Plan. Please consult the specific Judge's Instructions/Procedures on the court's website for more information.**

---

### DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN

**TO CREDITOR LIENHOLDER/SERVICER** Abundant Investments, LLC

☒ Real property collateral (street address and/or legal description or document recording number, including county of recording):
107 Cachanilla Court Palm Desert, CA 92260 Riverside County

*(attach page with legal description of property or document recording number as appropriate).*

☐ Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):

☐ 11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐ 11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

(*check all that apply and see LBR Form F 4003-2.4.ORDER.AFTERDISCH*):

☐ (1) discharge under 11 U.S.C. § 1328, or

☐ (2) Upon completion of all Plan payments.

Value of collateral: ............................................................................................ $975,000.00
Liens reducing equity (to which subject lien can attach):
$570,000.00 + $_____ + $_____ = $570,000.00 )
Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)): ...............($405,000.00 )

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (*Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.*)**

Amount of remaining secured claim (negative results should be listed as $-0-): .........$0.00

*Note:* See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

---

☐ See attachment(s) for additional request(s) to modify secured claims and liens by this Plan.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                     Page 14                          **F 3015-1.01.CHAPTER13.PLAN**

☐ **D. Other Non-Standard Plan Provisions (use *attachment, if necessary*):**

## V. REVESTING OF PROPERTY

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.

Date: 08/25/2023

_____ Gordon G. Bones
Attorney for Debtor

_____ Jean Baranowski
Debtor 1

_____
Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT A to Chapter 13 Plan/Confirmation Order
### (11 U.S.C. §§ 506: valuation/lien avoidance by separate motion(s))

☒ **None.** *If "None" is checked, the rest of this Attachment A need not be completed.*

**1. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 2nd Lien on 123 Main St.): _____
_____.

**2. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 3rd Lien on 123 Main St.): _____
_____.

**3. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 4th Lien on 123 Main St.): _____
_____.

**4. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 2nd Lien on 456 Broadway): _____
_____.

**5. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 3rd Lien on 456 Broadway): _____
_____.

**6. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 4th Lien on 456 Broadway): _____
_____.

**7. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 2nd Lien on 789 Crest Ave.): _____
_____.

**8. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 3rd Lien on 789 Crest Ave.): _____
_____.

**9. Creditor Lienholder/Servicer:** _____.
    **Subject Lien** (*e.g.,* 4th Lien on 789 Crest Ave.): _____
_____.

*(Attach additional pages for more liens/provisions.)*

**CERTIFICATION:** I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on (*date*) _____

Printed Name Gordon G. Bones _____ Signature: _____

☒ Attorney for Debtor or ☐ Debtor appearing without attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                    Page 16                  F 3015-1.01.CHAPTER13.PLAN

# EXHIBIT 23

12ALLIED SERVICING CORPORATION
3019 N ARGONNE RD SPOKANE VALLEY WA 99212
TOLL FREE 1-877-893-0240 FAX 1-509-893-8889

Payoff Quote

August 10, 2023

Loan #:
Borrower:     Jean Baranowski
Property:     107 Cachanilla Ct, Palm Desert CA 92260

STATEMENT OF DEMAND

| | |
|---|---|
| Principal Balance | $115,902.45 |
| Interest at 7.500% from 11/15/2009-01/14/2016 | $ 53,632.67 |
| Interest at 7.750% from 1/15/2016-12/14/2016 | $ 8,244.16 |
| Interest at 8.000% from 12/15/2016-4/14/2017 | $ 3,073.80 |
| Interest at 8.250% from 4/15/2017-6/14/2017 | $ 1,598.02 |
| Interest at 8.500% from 6/15/2017-12/14/2017 | $ 4,939.35 |
| Interest at 8.750% from 12/15/2017-4/14/2018 | $ 3,361.96 |
| Interest at 9.000% from 4/15/2018-6/14/2018 | $ 1,743.30 |
| Interest at 9.250% from 6/15/2018-10/14/2018 | $ 3,583.45 |
| Interest at 9.500% from 10/15/2018-1/14/2019 | $ 2,775.31 |
| Interest at 9.750% from 1/15/2019-8/14/2019 | $ 6,563.57 |
| Interest at 9.500% from 8/15/2019-10/14/2019 | $ 1,840.15 |
| Interest at 9.250% from 10/15/2019-11/14/2019 | $ 910.55 |
| Interest at 9.000% from 11/15/2019-3/14/2020 | $ 3,458.02 |
| Interest at 7.500% from 3/15/2020-4/14/2022 | $ 18,123.65 |
| Interest at 7.750% from 4/15/2022-5/14/2022 | $ 738.28 |
| Interest at 8.250% from 5/15/2022-6/14/2022 | $ 812.11 |
| Interest at 9.000% from 6/15/2022-8/14/2022 | $ 1,743.30 |
| Interest at 9.750% from 8/15/2022-10/14/2022 | $ 1,888.57 |
| Interest at 10.500% from 10/15/2022-11/14/2022 | $ 1,033.60 |
| Interest at 11.250% from 11/15/2022-12/14/2022 | $ 1,071.70 |
| Interest at 11.750% from 12/15/2022-02/14/2023 | $ 2,313.29 |
| Interest at 12.000% from 2/15/2023-4/14/2023 | $ 2,248.19 |
| Interest at 12.250% from 4/15/2023-5/14/2023 | $ 1,166.96 |
| Interest at 12.500% from 5/15/2023-8/14/2023 | $ 3,651.72 |
| Interest at 12.750% from 8/15/2023-8/31/2023 | $ 647.78 |

After 8/31/2023 add $40.49 per diem

| | |
|---|---|
| Late Charges | $ 9,497.03 |

After 8/30/2023 add $36.22

| | |
|---|---|
| Prior Servicer Advances | $ 150.92 |
| Notice of Demand Fee | $ 100.00 |
| Foreclosure Fees & Costs | $ 22,053.68 |
| Reconveyance Fees | $ 230.00 |
| LESS: Suspense Funds | $ -0- |
| If payoff is received by 8/31/2023 BALANCE DUE | $278,867.54 |

**Please update and verify all figures prior to disbursing funds**
**Payoff funds must be made either by Cashier's Check, Wire or Money Order**
**Include a copy of this quote with any remittance**

If a personal check is received for payoff, there will be a 14-day delay before any document preparation or refund is processed.

This quote may be updated prior to expiration for $15.00. After expiration, the fee for a new quote (where allowable by law) will apply.

Any impound balance will be refunded after payment in full. This balance may NOT be used to reduce the overall balance due from the borrower, due to possible pending disbursements.

If the payoff funds received are insufficient, we will not release documents until the shortage is

paid.  The remitter will receive a new quote (fees apply) within 24 hours of our receipt of the short payoff.

If you are participating in our ACH program, DO NOT stop payment on any withdrawals scheduled within this demand period.  Any overage will be refunded to you.

Issuance of this statement does not suspend the contract requirements to make the mortgage payments when due.  We are to be at no expense in connection with this transaction and reserve the right to amend our payoff statement at any time.

FULFILLMENT DOCUMENTS WILL BE ISSUED TO THE BORROWER UNLESS OTHER WRITTEN INSTRUCTION IS RECEIVED.

# EXHIBIT 24

**WFG** National Title Insurance Company®
a Williston Financial Group company

**TRUSTEE'S SALE GUARANTEE**

SUBJECT TO THE EXCLUSIONS FROM COVERAGE AND THE CONDITIONS ATTACHED HERETO AND
MADE A PART OF THIS GUARANTEE

**WFG NATIONAL TITLE INSURANCE COMPANY**
a South Carolina corporation, herein called the Company

GUARANTEES

the Assured named in Schedule A of this Guarantee

against loss or damage not exceeding the liability amount stated in Schedule A sustained by the Assured by reason
of any incorrectness in the assurances set forth in  Paragraph 3 of Schedule A.

**In Witness Whereof**, WFG NATIONAL TITLE INSURANCE COMPANY has caused this guarantee to be signed
and sealed by its duly authorized officers as of Date of Guarantee shown in Schedule A.

**WFG NATIONAL TITLE INSURANCE COMPANY**

By: _____
President

ATTEST: _____
Secretary

WFG Form No. 3174406
CLTA Guarantee Form No. 22 (06-05-14) – Trustee's Sale Guarantee
Revised 1-07-2017

## TRUSTEE'S SALE GUARANTEE

## SCHEDULE A

| | |
|---|---|
| Guarantee No.: | Liability:   **$118,000.00** |
| File No.: | |
| Your No.: | |
| Date of Guarantee:   **December 13, 2022** | Fee:   **$390.00** |

1.  Name of Assured:

    **ZBS Law, LLP and Deutsche Bank National Trust Company as Trustee of the Indymac Residential Asset-Backed Trust, Series 2004-LH1, its Successors and Assign**

2.  The estate or interest in the Land that is the subject of this Guarantee is:

    **Fee Simple**

3.  Assurances:

    According to the Public Records as of the Date of Guarantee,

    a.  Title to the estate or interest is vested in:

        **Jean Baranowski, a married woman as her separate property**

    b.  Title to the estate or interest is subject to defects, liens or encumbrances shown in Schedule B which are not necessarily shown in the order of their priority.

    c.  The Land referred to in this Guarantee is situated in the State of California, County of Riverside, and is described as follows:

        **See Exhibit "A" attached hereto and made a part hereof**

    d.  Relative to the Mortgage shown in Paragraph 9 of Schedule B:

        i.  For the purposes of California Civil Code §§ 2924b (b) and (d), the address of the trustor or mortgagor as shown in the Mortgage is:

            **Jean Baranowski
            107 Cachanilla
            Palm Desert, CA 92260**

            **Jean Baranowski
            107 Cachanilla Court
            Palm Desert, California 92260**

        ii.  The names and addresses of all persons who have recorded requests for a copy of notice of default and for a copy of notice of sale as provided by California Civil Code §§ 2924b (a), (b) and (d) are:

            **Epsten Grinnell & Howell APC
            10200 Willow Creek Road, Suite 100
            San Diego, CA 92131**

        iii.  The names and addresses of all additional persons who are entitled to receive a copy of notice of default and a copy of notice of sale as provided by California Civil Code §§ 2924b (c) (1), (2) and (3) are:

            **Jean Baranowski
            P.O. Box 1274
            Palm Springs, California, 92263**

            **Affects:  Vesting**

            **Jean Baranowski
            78-365 Hwy 111 Ste 123
            La Quinta, CA 92253-2071**

            **Affects:  Vesting**

WFG Form No. 3174406
CLTA Guarantee Form No. 22 (06-05-14) – Trustee's Sale Guarantee
Revised 1-07-2017

**Jean Baranowski**
**78365 Highway 111 #123**
**La Quinta, CA 92253**

**Affects:  Vesting**

**Lantana Homeowners Association**
**c/o Jennifer L. James, Esq.**
**Epsten Grinnell & Howell, APC**
**44-875 Deep Canyon Road, Suite 3**
**Palm Desert, CA 92260**

**Affects:  Item 10**

**Lantana Homeowners Association**
**c/o Debora M. Zumwalt, Esq.**
**Epsten Grinnell & Howell, APC**
**44-875 Deep Canyon Road, Suite 3**
**Palm Desert, CA 92260**

**Affects:  Item 10**

**Lantana Homeowners Association**
**c/o Jennifer L. James, Esq.**
**Epsten Grinnell & Howell, APC**
**74830 Highway 111, Suite 100**
**Indian Wells, CA 92210**

**Affects:  Item 10**

**Lantana Homeowners Association**
**c/o David E. Bruce, Esq.**
**Epsten Grinnell & Howell, APC**
**74830 Highway 111, Suite 100**
**Indian Wells, CA 92210**

**Affects:  Item 12**

**Lantana Homeowners Association**
**c/o Dea C. Franck, Esq.**
**Epsten Grinnell & Howell, APC**
**74830 Highway 111, Suite 100**
**Indian Wells, CA 92210**

**Affects:  Item 12**

**Lantana Homeowners Association**
**c/o Debora M. Zumwalt, Esq.**
**Epsten Grinnell & Howell, APC**
**10200 Willow Creek Road #100**
**San Diego, CA 92131**

**Affects:  Item 12**

**Capital One Bank (U.S.A.), N.A.**
**c/o Patenaude & Felix, A.P.C.**
**4545 Murphy Canyon Road Third Floor**
**San Diego, CA 92123**

**Affects:  Item 13**

**Capital One Bank (U.S.A.), N.A.**
**c/o Law Offices of Patenaude & Felix, A.P.C.**
**Michael R. Boulanger, (#226294) / Michael D. Kahn, (#236898) / Stephanie J. Boone, (#160182) / Jeffrey W. Speights (#265206) / Jessicia F. Flynn, (#270304)**

WFG Form No. 3174406
CLTA Guarantee Form No. 22 (06-05-14) – Trustee's Sale Guarantee
Revised 1-07-2017

**4545 Murphy Canyon Road 3rd Floor**
**San Diego, CA 92123**

**Affects:  Item 13**

iv.  The names and addresses of all associations defined in California Civil Code §§ 4080 or 6528 that have recorded a request for notice that are entitled to receive a copy of any trustee's deed upon sale as provided by California Civil Code § 2924b (f) are:

**Lantana HOA**
**c/o Monarch Management Group**
**Attn:  Collection Department**
**Post Office Box 13710**
**Palm Desert, CA 92255-3710**

**Affects:  Item 11**

v.  The names and addresses of all state taxing agencies that are entitled to receive a copy of notice of sale as provided by California Civil Code § 2924b (c) (3) are:

**State of California**
**Franchise Tax Board**
**Sacramento CA 95812-2952**

**Affects:  Items 14, 16 & 17**

**State of California**
**Franchise Tax Board**
**Special Procedures Section**
**PO Box 2952**
**Sacramento CA 95812-2952**

**Affects:  Items 14, 16 & 17**

vi.  The address of the Internal Revenue Service to which a copy of notice of sale is to be mailed as provided by California Civil Code § 2924b (c) (4) is:

**Internal Revenue Service**
**IRS Advisory Group**
**24000 Avila Rd., MS 5905**
**Laguna Niguel, CA 92677**

**Internal Revenue Service**
**Advisory Consolidated Receipts**
**7940 Kentucky Drive**
**Stop 2850F**
**Florence, KY 41042**

vii.  The name of each city in which the Land is located is:

**Palm Desert**

If not in a city, each public notice district in which the land is located is:

**Not Applicable**

viii.  The name of a newspaper of general circulation for the publication of a notice of sale as required by California Civil Code § 2924f (b) (1) is:

**Desert-Post Weekly**
**Published:  Thursday**

**TRUSTEE'S SALE GUARANTEE**

**SCHEDULE B**

1.  General and Special City and/or County taxes, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2022 - 2023:

    | | |
    |---|---|
    | 1st Installment: | $3,904.35, due November 1, 2022, Delinquent |
    | Penalty: | $390.43, due after December 10, 2022 |
    | 2nd Installment: | $3,904.36, due February 1, 2023, Open |
    | Parcel No.: | 624-400-025 |
    | Code Area: | 018-312 |

2.  Assessments, if any, for Community Facility Districts affecting said land which may exist by virtue of assessment map or notices filed by said districts. Said assessments are collected with the County Taxes.

3.  The lien of supplemental taxes, if any, assessed pursuant to the provisions of Chapter 3.5 (commencing with Section 75) of the Revenue and Taxation Code of the State of California.

4.  Said land disclosed herein is also known by the County Tax Assessor as the following parcel number(s):

    624-400-025

5.  Any easements, servitudes, or senior encumbrances appearing in the Public Records.

6.  Covenants, conditions, or restrictions, if any, appearing in the Public Records; but omitting, except to the extent permitted by any applicable federal or state law, covenants or restrictions, if any, based on race, color, religion, sex, familial status, national origin, handicap, sexual orientation, marital status, ancestry, source of income, disability, medical condition, or other unlawful basis.

7.  Any lease, grant, exception, or reservation of mineral rights appearing in the Public Records.

8.  Deed of Trust to secure an indebtedness in the amount shown below, and any other obligations secured thereby:

    | | |
    |---|---|
    | Amount: | $645,000.00 |
    | Dated: | July 5, 2006 |
    | Trustor: | Jean Baranowski, a married woman as her separate property |
    | Trustee: | First American Title Insurance Co. |
    | Beneficiary: | Mortgage Electronic Registration Systems, Inc., solely as nominee for the Lender |
    | Lender: | IndyMac Bank, FSB, a Federally Chartered Savings Bank |
    | Recorded: | July 14, 2006 |
    | Instrument No.: | 2006-0515643, of Official Records |

    The beneficial interest under said Deed of Trust was:
    Assigned to:           Deutsche Bank National Trust Company, as Trustee for IndyMac INDX Mortgage Loan Trust 2006-FLX1, Mortgage Pass-Through Certificates Series 2006-FLX1
    By:           Mortgage Electronic Registration Systems, Inc., as nominee for IndyMac Bank, FSB, a Federally Chartered Savings Bank, its successors and assigns
    By Assignment Recorded:           October 10, 2018
    As Instrument No.:           2018-0401195, of Official Records

    A Substitution of Trustee which names Western Progressive, LLC as trustee,
    recorded October 18, 2019, as Instrument No. 2019-0419618, of Official Records.

9.  Deed of Trust (With Future Advance Clause) to secure an indebtedness in the amount shown below, and any other obligations secured thereby:

    | | |
    |---|---|
    | Amount: | $129,000.00 |
    | Dated: | October 10, 2006 |
    | Trustor: | Jean Baranowski, a Married Woman as her Sole and Separate Property |
    | Trustee: | First American Title Insurance Co. |
    | Beneficiary: | |
    | Lender: | Indymac Bank, F.S.B., A Federally Chartered Savings Bank |
    | Recorded: | October 20, 2006 |
    | Instrument No.: | 2006-0774014, of Official Records |

WFG Form No. 3174406
CLTA Guarantee Form No. 22 (06-05-14) – Trustee's Sale Guarantee
Revised 1-07-2017

Said Deed of Trust was Re-Recorded on July 31, 2007 as Instrument No, 2007-0495552, of Official Records.

A Special Request for Notice pursuant to Civil Code 2924b was recorded February 13, 2019 as Instrument No. 2019-0049219, of Official Records.

The beneficial interest under said Deed of Trust was:
Assigned to:                Deutsche Bank National Trust Company as Trustee of the Indymac Residential Asset-Backed Trust, Series 2004-LH1, its Successors and Assigns
By:                Federal Deposit Insurance Corporation as Receiver for Indymac Federal Bank, FSB, as Successor in Interest to Indymac Bank, FSB
By Assignment Recorded:        May 6, 2014
As Instrument No.:        2014-0164852, of Official Records

A purported assignment executed by IndyMac Bank, F.S.B. to Deutsche Bank National Trust Company as Indenture Trustee of the Indymac Home Equity Mortgage Loan Asset-Backed Trust, Series 2007-H1 and recorded December 11, 2019, as Instrument No. 2019-0509694, of Official Records. Said assignment was executed by a person that was not the record holder of the beneficial interest.

A purported assignment executed by Deutsche Bank National Trust Company as Indenture Trustee of the Indymac Home Equity Mortgage Loan Asset-Backed Trust, Series 2007-H1 to Aspen Properties Group, LLC as Trustee of AG3 Revocable Trust and recorded December 11, 2019, as Instrument No. 2019-0509695, of Official Records. Said assignment was executed by a person that was not the record holder of the beneficial interest.

A purported assignment executed by Aspen Properties Group, LLC as Trustee of AG3 Revocable Trust to Abundant Investments LLC and recorded February 2, 2021, as Instrument No. 2021-0067844, of Official Records. Said assignment was executed by a person that was not the record holder of the beneficial interest.

10. A lien due the Lantana Homeowners Association Homeowner's Association for delinquent association dues and assessments as evidenced by a Notice of Delinquent Assessment recorded July 26, 2011, as Instrument No. 2011-0325834, of Official Records, in the amount of $1,771.32, plus nterest and costs.
An Extension of Notice of Delinquent Assessment Recorded July 09, 2012 as Insturment No. 2012-0317276, of Official Records.
An Extension of Notice of Delinquent Assessment Recorded July 23, 2013 as Insturment No. 2013-0355235, of Official Records

11. The matters contained in an instrument entitled Homeowners Association Request for Notice Under Civil Code Section 2924b(f), dated June 21, 2011, by and between Lantana Homeowners Association and Said land and other property, upon the terms and conditions and covenants therein provided and recorded August 8, 2011, as Instrument No. 2011-0347780, of Official Records.

12. A lien due the Lantana Homeowners Association Homeowner's Association for delinquent association dues and assessments as evidenced by a Notice of Delinquent Assessment recorded September 22, 2014, as Instrument No. 2014-0359260, of Official Records, in the amount of $3,250.32, plus interest and costs.
Amendment to Notice of Delinquent Assessment was Recorded on September 18, 2015 as Insturment No. 2015-0416474, of Official Records
Amendment to Notice of Delinquent Assessment was Recorded on September 13, 2016 as Insturment No. 2016-0395147, of Official Records.
Amendment to Notice of Delinquent Assessment was Recorded on September 06, 2017 as Insturment No. 2017-0369125, of Official Records.
Amendment to Notice of Delinquent Assessment was Recorded on January 16, 2019 as Instrument No. 2019-0017112, of Official Records.
Amendment to Notice of Delinquent Assessment was Recorded on September 12, 2019 as Instrument No. 2019-0356230, of Official Records.

13. An Abstract of Judgment recorded June 26, 2017, as Instrument No. 2017-0255988, of Official Records:

Court:                Superior
Case No. :        INC1205250
Entry Date:        July 9, 2013
Debtor:                Jean Baranowski
Creditor:        Capital One Bank, (U.S.A.), N.A.
Amount:                $6,463.68

14. A tax lien for the amount shown, and other amounts due thereunder, in favor of the State of California in the amount of $26,982.02, filed by The Franchise Tax Board of the State of California, Taxpayer Jean Baranowski, Certificate No. 18024252662, recorded February 5, 2018, as Instrument No. 2018-0043689, of Official Records.

15. Notice of Federal Tax Lien against Jean Baranowski in the amount of $80,244.45, and other amounts due thereunder recorded October 31, 2018, as Instrument No. 2018-0429660, of Official Records.

16. A tax lien for the amount shown, and other amounts due thereunder, in favor of the State of California in the amount of $33,971.38, filed by The Franchise Tax Board of the State of California, Taxpayer Jean Baranowski, Certificate No. 19276654431, recorded October 4, 2019, as Instrument No. 2019-0399294, of Official Records.

17. A tax lien for the amount shown, and other amounts due thereunder, in favor of the State of California in the amount of $22,509.07, filed by The Franchise Tax Board of the State of California, Taxpayer Jean Baranowski, Certificate No. 20301676378, recorded October 28, 2020, as Instrument No. 2020-0523394, of Official Records.

18. Any claim arising out of a bankruptcy proceeding that is not disclosed by notice pursuant to U.S.C. § 549 (c).

NOTE: If the property which is the subject of this report or guarantee has been used, is being used, or was acquired with the intent that it be used in connection with a marijuana related enterprise, including but not limited to the cultivation, storage, distribution, transport, manufacture or sale of marijuana and/or products containing marijuana, the federal government (or the state or local government if such use is deemed to be noncompliant with state or local law) may claim a preeminent right to the property automatically effective as of the date of the use which it deems illegal. Nothing in this report or guarantee provides assurances against the exercise of such a governmental forfeiture, regulatory or police power, and further, Company expressly reserves the right to decline to close or insure such a property following the completion of any litigation or foreclosure action conducted on said property. You are advised to consult your legal counsel on whether it is required, advisable, or inadvisable to give notice to the Federal and/or State government in order to address potential forfeiture issues.

WFG Form No. 3174406
CLTA Guarantee Form No. 22 (06-05-14) – Trustee's Sale Guarantee
Revised 1-07-2017

**EXHIBIT "A"**

**LEGAL DESCRIPTION**

Lot 25 of Tract 28590-1, in the City of Palm Desert, County of Riverside, State of California, as per map recorded in Book 297, pages 13 through 15, inclusive of Maps, in the office of the county recorder of said county.

NOTE:   For information purposes only, for which the Company assumes no liability for any inaccuracies or omissions, the purported street address of said land as determined from the latest County Assessor's Roll is:

107 CACHANILLA COURT, Palm Desert, CA  92260

WFG Form No. 3174406
CLTA Guarantee Form No. 22 (06-05-14) – Trustee's Sale Guarantee
Revised 1-07-2017

by a $570,000.00 first position lien in favor of PHH ("PHH Lien") and Creditor's Deed of Trust (Schedule D); 4) that Debtor owes $35,000.00 to the Franchise Tax Board and $80,250.00 to the IRS (Schedules E/F); 5) that Debtor earns $6,587.00 monthly from her job, social security and rental income generated by the Property (Schedule I) and 6) that Debtor has $1,707.00 in disposable monthly income to fund a Plan (Schedule J). True and correct copies of the Schedules A, D, E/F, I & J filed in the Fourth Bankruptcy Action are attached hereto as **Exhibit 21**, collectively.

27.    The Public and Business records reflect that Debtors proposed Chapter 13 Plan filed in the Fourth Bankruptcy Action requires step payments beginning with $1,000.00 months 1-6 and increasing to $1,200.00 months 7-12, $2,500.00 months 13 to 36 and $4,000.00 months 37 to 60 ("Plan"). The proposed Plan proposed to repay $35,000.00 in priority debt to the IRS, to remain "current" on payments to the first position lienholder PHH and to bifurcate Creditor's lien to $115,000.00 to be repaid at 0% over 60 months. A true and correct copy of Debtor's Plan filed in the Fourth Bankruptcy Action is attached hereto as **Exhibit 22**.

28.    From my review of the Business Records, I state that the last payment on the Loan was made in November 2009 and Debtor is currently due for her December 15, 2009 Loan payment.

29.    From my review of the Business Records, I state that, Debtor's unpaid principal balance on the Junior Loan is $115,902.45 and the total debt owed on the Loan as of August 31, 2023 is $278,867.54. A true and correct copy of the Payoff Quote evidencing the payoff amount is attached hereto as **Exhibit 23**.

30.    At no time has Debtor attempted to cure the arrears on the Loan, reinstate the Loan or apply for a loss mitigation options related to the Junior Loan.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that it this was executed on September 5, 2023, at Spokane Valley, Washington.

By: _____

Melissa M. Bolling, Declarant

8

**DECLARATION IN SUPPORT OF OPPOSITION TO DEBTOR'S MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY**